1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  **QUALLS & WORKMAN, LLP**
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4  Facsimile: (415) 788-1028

5  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
6  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7780
8  Facsimile: (202) 742-7776

9  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
10 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
11 Telephone: (202) 742-7783
   Facsimile: (202) 742-7776
12
   *Attorneys for Plaintiff*
13
14 SEYFARTH SHAW LLP
   Samuel T. McAdam (SBN 186084)
15 Alfred L. Sanderson, Jr. (SBN 186071)
   Anthony J. Musante (SBN 252097)
16 400 Capitol Mall, Suite 2350
   Sacramento, California 95814-4428
17 Telephone: (916) 448-0159
   Facsimile: (916) 558-4839
18
   *Attorneys for Defendant*
19 Spherion Atlantic Enterprises, LLC

20              UNITED STATES DISTRICT COURT

21             NORTHERN DISTRICT OF CALIFORNIA

22 VALERIE D. WATSON-SMITH, AND ALL          )  No.  C07-05774
   OTHERS SIMILARLY SITUATED,                )
23                                           )
                Plaintiff,                   )  **JOINT CASE MANAGEMENT**
24                                           )  **STATEMENT**
        vs.                                  )
25                                           )  DATE:        February 22, 2008
   SPHERION PACIFIC WORKFORCE, LLC, and      )  TIME:        1:30 p.m.
26 DOES 1 through 100, inclusive,            )  COURTROOM: 2
                                             )  JUDGE:       Hon. Jeffrey S. White
27              Defendants.                  )
                                             )
28

1       The parties to the above-entitled action submit this Joint Case Management Statement and

2   request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule

3   of Civil Procedure 16 and Civil Local Rule 16-10(b).

4   **JOINT CASE MANAGEMENT STATEMENT**

5       **1.  Jurisdiction And Service**

6       Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 (c) and 28 U.S.C. §

7   1332 (d)(2).  Defendant Spherion Pacific Workforce, LLC (Spherion) filed an Answer to the

8   Complaint on November 14, 2007.

9       **2.  Facts**

10      Plaintiff Valerie Watson-Smith (Watson-Smith) is a current, hourly wage employee of

11  Defendant Spherion.  While employed by Spherion, Watson-Smith contends Defendant failed to

12  pay Watson-Smith and putative class members compensation for work without meal break periods

13  in violation of California Labor Code § 226.7 and applicable Industrial Welfare Commission

14  Orders, reimbursement for work related travel expenses, and overtime wages for overtime hours

15  worked.  Plaintiff contends Spherion maintains employee records depicting when meal period

16  breaks were not taken by hourly employees.

17      On September 27, 2007, Watson-Smith  filed a Class Action Complaint (Complaint).

18      Plaintiff seeks to represent a proposed class of current and former Spherion California

19  employees employed between September 27, 2003, and the present as follows:

20              Class A

21              persons paid on an hourly basis for whom Spherion records depict a meal

22              period not taken who did not receive a compensation payment by Spherion

23              for the lack of said meal period;

24              Class B

25              persons for whom work duties included employee supplied vehicular travel;

26              Class C

27              persons paid on an hourly basis placed by Spherion with Cisco Systems as

28              recruiters.

1      The Complaint sets forth four causes of action. The First Cause Of Action asserts claims

2   based upon Spherion's alleged failure to provide meal period breaks and accurate wage statements

3   as prescribed by California Labor Code section 512 (meal period break requirement) and section

4   226 (itemized statement identifying compensation requirement). The Second Cause Of Action

5   asserts claims based upon Spherion's alleged failure to reimburse work related expenses are

6   required by California Labor Code section 2802. The Third Cause Of Action asserts claims based

7   upon Spherion's alleged failure to pay overtime wages as required by California Labor Code

8   section 1194. The Fourth Cause of Action asserts a claim for restitution as prescribed by

9   California Business and Professions Code section 17200 arising from Spherion's alleged failure to

10   pay compensation for missed meal period breaks, reimbursement for work related expenses, and

11   overtime wages. Plaintiff intends to seek leave to file an Amended Complaint adding an

12   additional cause of action asserting a claim for recovery of penalties arising from Spherion's

13   alleged Labor Code violations as prescribed by the California Labor Code Private Attorney

14   General Action of 2004 (PAGA).

15      Defendant denies that it failed to provide meal breaks to its employees, failed to reimburse

16   work related expenses, or failed to pay earned overtime wages. Defendant also denies that this

17   case is appropriate for class treatment.

18     **3. Legal Issues**

19      While with any case, numerous legal issues, both foreseeable and unforeseeable, will play

20   a role, the following are the major foreseeable legal issues in this case:

22      1)  Whether this action meets the requirements for a class action, including:

23       a)  whether there are questions of law or fact common to the class,

24       b)  whether the claims the Plaintiff are typical of the claims of the class;

25       c)  whether the plaintiff will fairly and adequately protect the interests

26          of the class; and

27       d)  whether questions of law or fact common to class members

28          predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

1    2)    Whether Defendant failed to reimburse employment related expenses as

2    required by California Labor Code § 2802.

3    3)    Whether Defendant failed to provide meal breaks as required by California

4    Labor Code §§ 512, 226.7, and applicable I.W.C. Wage Orders.

5    4)    Whether Defendant failed to pay overtime wages as required by California

6    Labor Code §§ 510, 1194.

7    4)    Whether Defendant provided accurate itemized statements to its California

8    hourly employees as required by California Labor Code § 226.

9    5)    Whether an action under the Private Attorney General Act ("PAGA") to

10    recover penalties for aggrieved employees other than a named plaintiff requires class certification.

11    *See* California Labor Code §§ 2699, 2699.3

12    **4. Motions**

13    The parties anticipate that a motion for class certification will be filed by Plaintiff on or

14    before October 1, 2008, and a motion for summary judgment will be filed by Defendant on or

15    before January 30, 2009. Defendant anticipates that its motion to decertify the class, if any, will

16    be filed by June 25, 2009.

17    **5. Amendment Of Pleadings**

18    Plaintiff proposes an August 15, 2008, filed date for a motion to amend the Complaint.

19    Defendant proposes a March 29, 2008 deadline to file any such motion.

20    **6. Evidence Preservation**

21    The parties do not anticipate an issue arising in this action regarding the preservation of

22    evidence. The parties agree that to the extent putative class member meal break, payroll, and work

23    report records were maintained by Spherion during the proposed class period, such records will be

24    preserved by Spherion.

25    **7. Disclosures**

26    The parties conducted a Rule 26 Initial Conference on February 12, 2008. The parties

27    provided Rule 26 Initial Disclosures on February 14, 2008.

28

8. **Discovery**

On February 14, 2007, Plaintiff served a First Set Of Interrogatories seeking to determine the identity, number, and period of employment of putative class members. The same day, Plaintiff served a First Inspection Demand requesting production of records depicting Defendant's break policies as applied to the putative class, records depicting the absence of meal period breaks, itemized statements for putative class members, and employment manuals in effect during the class period.

On February 14, 2008, Plaintiff served deposition notices upon Spherion pursuant to FRCP 30(b)(6) seeking to depose Spherion regarding the following topics: 1) Spherion policy and procedures regarding employee expense reimbursement policies;  2)  California meal period break policies; 3)  meal period break record keeping practices and procedures; 4) payment of overtime wage policies; and 5) payment of overtime wages (30(b)(6)) depositions).

Defendant anticipates taking Plaintiff's deposition and propounding written discovery in the coming weeks.

The parties propose the following discovery cut-off deadlines

1.    **Expert disclosure:**

Plaintiff proposes December 12, 2008

Defendant proposes February 10, 2009.

2.    **Expert Rebuttal:**

Plaintiff proposes January 12, 2009

Defendant proposes March 12, 2009.

3.    **Discovery cut-off:**

Plaintiff proposes January 15, 2009.

Defendant proposes March 15, 2009.

1    **9.  Class Actions**

2

3    **1.  The Specific Paragraphs of FRCivP 23 under which the action is maintainable as**

4          **a class action;**

5    Plaintiff contends the class sought to be certified is maintainable as a class pursuant to

6    FRCivP 23(b)(2)(3).

7    **2.  A description of the class or classes in whose behalf the action is brought;**

8    Plaintiff seeks to represent a proposed class of current and former Spherion California

9    employees employed between September 27, 2003, and the present as follows:

10                     Class A

11                     persons paid on an hourly basis for whom Spherion records depict a meal

12                     period not taken who did not receive a compensation payment by Spherion

13                     for the lack of said meal period;

14                     Class B

15                     persons for whom work duties included employee supplied vehicular travel;

16                     Class C

17                     persons paid on an hourly basis placed by Spherion with Cisco Systems as

18                     recruiters.

19    **3.  A proposed date for the Court to consider whether the case can be maintained as**

20          **a class action**

21    Watson-Smith has propounded a First Inspection Demand, Interrogatories, and  Rule

22    30(b)(6) deposition notices for SPHERION authorized agent witnesses relevant to pre-certification

23    issues of ascertainability, numerosity, typicality, and commonality. Watson-Smith anticipates

24    completing pre-certification discovery by September 1, 2008.

25    The parties propose a filing date of October 1, 2008, for a motion for class certification.

26    Plaintiff contends this proposed date may require modification in the event discovery disputes

27    regarding Plaintiff's pre-certification discovery requests are not resolved in a timely manner.

28    Defendant proposes a deadline of June 25, 2009, for a motion to decertify the class. As

1   with the motion for class certification, this proposed date may require modification depending on
2   the status of pre and post-certification discovery.

3       **10. Related Cases**

4       The parties are not aware of the existence of any related cases to the extent the putative
5   classes are limited to Spherion's Cisco Recruiters.

6       **11. Relief**

7       Plaintiff seeks relief arising from missed meal period breaks on behalf of herself and the
8   class she seeks to represent as follows:

9   A.      Meal Period Claims: 1) an extra hour of compensation for each missed meal
10          period depicted by SPHERION meal period records; 2) a penalty for failure
11          to pay said compensation as prescribed by the PAGA; 3) a penalty for
12          failure to provide a meal period break as prescribed by the PAGA; 4) a
13          penalty for failure to identify said compensation on an itemized statement as
14          prescribed by the PAGA; 5) for punitive damages as appropriate and
15          available under each cause of action; 6) an order enjoining Defendant from
16          pursuing the policies, acts and practices complained of herein; 7) costs of
17          this suit, and attorney's fees as provided by the PAGA; and 8) pre and post-
18          judgment interest.

19  B.      Employee Expense Reimbursement Claims: 1) reimbursement of work
20          related expenses; 2) a penalty for failure to pay said expenses as prescribed
21          by the PAGA; 3) an order enjoining Defendant from pursuing the policies,
22          acts and practices complained of herein; 4) costs of this suit, and attorney's
23          fees as provided by the PAGA; and 5) pre and post-judgment interest.

24  C.      Overtime Wage Claims: 1) unpaid overtime wages; 2) a penalty for failure
25          to pay overtime wages as prescribed by the PAGA; 3) a penalty for failure
26          to identify said compensation on an itemized statement as prescribed by the
27          PAGA; 4) for punitive damages as appropriate and available under each
28          cause of action; 5) an order enjoining Defendant from pursuing the

policies, acts and practices complained of herein; 6) costs of this suit, and

attorney's fees as provided by the PAGA; and; 7) pre and post-judgment

interest.

Defendant has not filed a counterclaim.

**12. Settlement And ADR**

The parties agree to participate in an Early Neutral Evaluation of their dispute.

**13. Consent To Magistrate Judge For All Purposes**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

**14.    Narrowing Of Issues**

The parties do not anticipate motion practice to achieve a narrowing of the issues presented prior to a determination regarding class certification.

**15.    Expedited Schedule**

The parties do not anticipate the need for an expedited schedule of proceedings in this matter. This case is a complex class action and the parties do not believe that it is the type of case that can be handled on an expedited basis.

**16.    Scheduling**

The parties propose the following scheduling dates:

Plaintiff's Motion for Class Certification:          October 1, 2008

Expert Designation:

Plaintiff proposes December 12, 2008.

Defendant proposes February 10, 2009.

Rebuttal Expert Designation:

Plaintiff proposes January 12, 2009.

Defendant proposes March 12, 2009.

Discovery Cut-Off:

Plaintiff proposes January 15, 2009.

Defendant proposes March 15, 2009.

Dispositive Motion Cut-Off:                                          January 30, 2009.

Defendant's Motion for Class Decertification Cut-Off:     June 25, 2009

Trial:

Plaintiff proposes April 10, 2009.

Defendant proposes October 15, 2009.

**17.    Trial**

Plaintiff requested a trial by jury. Plaintiff estimates that between 12 and 15 days will be required to try the action. Defendant is unable to estimate the duration of trial until class definitions are approved and plaintiff presents a trial plan.

**18.    Disclosure Of Non-Party Interested Entities Or Persons**

Defendant filed a Certificate of Interested parties upon removal of this action. In that Certificate, Defendant stated:

"Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed

persons, associations of persons, firms, partnerships, corporations (including parent

corporations) or other entities (i) have a financial interest in the subject matter in

controversy or in a party to the proceeding, or (ii) have a non-financial interest in

that subject matter or in a party that could be substantially affected by the outcome

of this proceeding: Spherion Atlantic Enterprises LLC is a wholly-owned

subsidiary of Spherion Corporation."

Plaintiff has no interested parties.

**19.    OTHER MATTERS**

The parties are not aware of any other matters.

Date: February 15, 2008                    QUALLS & WORKMAN, L.L.P.


                                  By:  _____/s/_____
                                       Daniel H. Qualls
                                       Attorney for Plaintiff Valerie Watson-Smith,
                                       and all others similarly situated


Date: February 15, 2008                    SEYFARTH SHAW, LLP


                                  By:  ____/s/ Samuel T. McAdam_____
                                       Alfred L. Sanderson
                                       Attorney for Defendant Spherion
                                       Atlantic Enterprises, LLC