# Qualls & Workman, LLP
ATTORNEYS AT LAW

March 19, 2008

Our File: 3154.00

Honorable Jeffrey S. White
United States District Court
Northern District of California
450 Golden Gate Avenue, 17th Floor
San Francisco, California 94102

Re: Watson-Smith v. Spherion Atlantic Enterprises, LLC
Case Number: 07-05774 JSW ENE

Plaintiff Valerie Watson-Smith and Defendant Spherion Atlantic Enterprises, LLC (Spherion) hereby submit a joint letter brief regarding Plaintiff's request for discovery relief.

**PLAINTIFF'S POSITION:** Plaintiff is a current, hourly employee of Spherion. Spherion is a temporary employment agency, in the business of placing its employees as temporary workers with other businesses. Plaintiff seeks to represent a proposed class of current and former Spherion California employees employed between September 27, 2003, and the present, including: Class A: persons paid on an hourly basis for whom Spherion records depict a meal period not taken who did not receive a compensation payment by Spherion for the lack of said meal period; Class B: persons for whom work duties included incurring expenses for required employee vehicular travel, and cell phone, etc.

The Complaint sets forth two claims relevant here; 1) a claim based on Spherion's alleged failure to provide meal periods to hourly non-exempt California employees prescribed by California Labor Code § 512; and 2) a claim based on Spherion's alleged failure to reimburse work related travel expenses as required by California Labor Code § 2802.

On February 24, 2008, Plaintiff served deposition notices on Spherion pursuant to FRCP 30(b)(6) requesting examination of Spherion personnel on the following topics: 1) Spherion meal period record keeping practices and policies as applied to California hourly employees during the proposed class period; 2) Spherion meal period policies and practices as applied to California hourly employees during the proposed class period; and 3) Spherion expense reimbursement practices and policies as applied to California employees during the proposed class period (alternatively, 30(b)(6) Examinations).

On March 12, 2008, Spherion served Objections to the 30(b)(6) Examinations. On March 13, 2008, counsel for Plaintiff and Spherion met and conferred to discuss Spherion's Objections. Spherion's counsel informed Plaintiff that Spherion would not produce witnesses for the 30(b)(6) Examinations, and would limit examinations to Spherion employees placed with Cisco Systems only because policies and practices as described in the 30(b)(6) examinations varied from one Spherion customer to another. Plaintiff responded that requested discovery is directly related to Plaintiff's claims and those of the putative class, sought to establish facts common to the class meriting class certification, and that claimed practice variations as a defense

to class certification was likewise discoverable. The parties failed to reconcile their differing positions. Plaintiff iterated that she sought discovery of Spherion's practices: she does not seek the practices of Spherion's customers.

A party has the right to discover 'any matter, not privileged, that is relevant to the claim or defense of any party.' FRCP 26(b)(1). Courts broadly construe the scope of discovery. Oppenheimer Fund v. Sanders, 437 U.S. 340 (1978). The Ninth Circuit recognized that discovery is often necessary to determine if a class is maintainable and to define the scope of the class. Doninger v. Pacific Northwest Ball, Inc., 564 F. 2d 1304, 1312 (9th Cir. 1977). A plaintiff may be entitled to pre-certification discovery if discovery is likely to produce substantiation of the class allegations. Mantolete v. Bolger, 767 F. 2d 1416, 1424 (9th Cir. 1985). "Discovery relating to class issues is not always distinguishable from other discovery." Barnhart v. Safeway Stores, Inc., 1992 U.S. Dist. LEXIS 22572 (D. Cal. 1992). "The key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members – an inquiry that may require some discovery on the "merits" and development of the basic issues." Id.

The Court should grant Plaintiff's request for 30(b) (6) Examinations because the discovery requested is relevant to Plaintiff and class member claims, class certification issues, and Spherion's defenses thereto. The subject matter of the requested 30(b) (6) Examinations, i.e., Spherion meal period practices, meal period record keeping practices, and employee expense reimbursement practices, is directly relevant to Plaintiff and putative class meal period and expense reimbursement claims. Spherion, a California employer, is required to provide meal period breaks to non-exempt hourly employees (Cal.Lab.C.§ 512), provide compensation for missed meal breaks (Cal. Lab. C § 226.7), record such meal period breaks (Cal.I.W.C. Order 7-2001 (11)), and reimburse *all* employees for work related expenses (Cal.Lab.C.§ 2802). Plaintiff seeks to represent a class of non-exempt hourly employees for whom *Spherion records depict* a meal period not taken who did not receive a compensation payment by Spherion for the lack of said meal period. *Spherion's* California meal period record practices applied to *Spherion* hourly employees is directly relevant to establish that a class of Spherion California non-exempt hourly employees meets the requirements for class certification. Likewise, as *Spherion's* statutory duty to affirmatively provide meal period breaks applies to *all* California hourly employees, Plaintiff is entitled to conduct discovery to ascertain Spherion's meal period policy as applied to Plaintiff's proposed class to demonstrate facts common to the proposed meal period class. Similarly, as *all* California employees are entitled to reimbursement of employment expenses regardless of classification (Cal.Lab.C.§ 2802; Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal.4th 554 (2007)) discovery of Spherion expense reimbursement policies and practices as applied to Spherion California employees is relevant to establish facts common to the proposed expense reimbursement sub-class. Purported variations do not relieve Spherion of its statutory meal period and expense reimbursement duties. Purported variations are themselves a claim in defense in opposition to class certification and thus also within the scope of permitted discovery. FRCP 26 (b)(1).

**DEFENDANT'S CONTENTIONS:** Plaintiff has noticed five depositions pursuant to Federal Rule of Civil Procedure section 30(b)(6). Plaintiff's two deposition notices related to Spherion's

overtime policies and practices relate only to the job classification to which plaintiff was assigned - "persons paid on an hourly basis placed by Spherion with Cisco Systems aka Cisco Operations as recruiters in California . . ." These two notices appear narrowly tailored and appropriate for this stage of the litigation, and defendant therefore has agreed to produce a deponent to testify on the topics. That deposition is scheduled to go forward on March 21, 2008.

Plaintiff's other three notices, however, are too broad. Plaintiff seeks to depose individuals who can testify about Spherion's state-wide meal period break policies, meal period record keeping policies, and expense reimbursement policies for hourly employees. Because Spherion is primarily a temporary staffing company that places employees with thousands of outside companies in thousands of different job capacities in California, these categories are excessively overbroad and not subject to common FRCP 30(b)(6) testimony.

Prior to certification of a class action, discovery is generally limited and in the discretion of the court. Kamm v. California City Development Co., 509 F.2d 205, 209-210 (9th Cir. 1975); Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). District Courts have the authority to and often exercise their discretion to impose limitations on pre-class certification discovery. (See Heerwagen v. Clear Channel Communications, 435 F.3d 219, 234 (2nd Cir. 2006) (holding significant limitations on pre-class certification discovery implemented by District Court were not an abuse of discretion); Hill v. Eddie Bauer, 242 F.R.D. 556, 564-565 (limiting pre-class certification discovery to a sample of defendant's documents); Tracy v. Dean Witter Reynolds, 185 F.R.D. 303, 304 (D. Col. 1998) (restricting discovery to one of defendant's 400 offices prior to class certification).

The Ninth Circuit has long required that a plaintiff make a prima facie showing of Federal Rule of Civil Procedure 23 class-action requirements prior to permitting pre-class certification discovery. Doninger v. Pacific Northwest Bell, 564 F.2d 1304, 1312-13 (9th Cir. 1977); Mantolete v. Bolger (9th Cir. 1985) 767 F.2d 1416, 1424; Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). "Although in some cases a District Court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations." Mantolete, supra, 767 F.2d. at 1424. Although plaintiffs are typically permitted to conduct some pre-class certification discovery, courts may prevent "fishing expedition" type discovery and impose reasonable limitations as to scope. Id. "The district judge may reasonably control discovery to keep the suit within manageable bounds, and to prevent fruitless fishing expeditions with little promise of success." Blackie v. Barrack, 524 F.2d 891, 906 (9th Cir. 1975); see also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in "fishing expedition[s].") In determining whether to grant pre-class certification discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for class determination. Kamm v. California City Development Co., 509 F.2d 205, 209-210 (9th Cir.1975). District Courts also should balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties. Tracy, supra, 185 F.R.D. at 305. The discovery should not be "so broad that the discovery efforts present an undue burden to the defendant." Id.

Spherion is a staffing company, which primarily recruits and places temporary employees with other businesses. There are over 600 local Spherion offices located throughout the United States operating as such, and approximately 60 offices in California. There also are eleven branches in California operated by 9 licensees and 2 franchisees.

Spherion places employees with over 9,000 various business clients in California. Working conditions and rules for these employees vary by client. Some require that their own procedures affecting employees be utilized, while others follow Spherion's general policies. Some clients require certain payroll procedures specific to their business, while others follow Spherion's typical processes.

Spherion also employs different categories of employees in California. Plaintiff Watson-Smith was an on-site recruiter for Cisco Systems in Milpitas. This position is but one of thousands in Spherion's operating sphere in California. Indeed, Spherion supplies employees to a broad range of business sectors and job categories from general labor and production work, to office support, to technical, scientific, professional and managerial positions. Some employees perform highly-paid professional services, while others perform more general office support services. Employees may be classified as associates, flex (temporary) staff, professional flex staff, managed services employees, or hourly consultants. The duties and working conditions of these employees vary according to how they are classified and the office where they work. Some employees, such as plaintiff Watson-Smith, are employed more or less on a permanent basis where placed. Spherion's flex staff, on the other hand, work far shorter assignments for many more clients. Spherion's full time associates are not placed with other companies at all, and manage much of the daily administration of Spherion's operations. It is plain that there is not one typical Spherion employee working throughout the state.

Given Spherion's wide-ranging and varied operations in California, plaintiff cannot establish the prima facie showing of Rule 23 class action requirements required to engage in state-wide class discovery on meal periods or expense reimbursement policies/practices. Moreover, it would be an undue burden for defendant to either (1) produce multiple 30(b)(6) deponents to testify about all the various business entities and employee categories, or (2) train a single 30(b)(6) deponent on all of the same issues. As such, the Court should deny plaintiff's request to conduct discovery on state-wide wage claims identified in the disputed 30(b)(6) deposition notices. Defendant is willing to produce a deponent to testify on meal period policies and practices, as well as on expense reimbursement policies, but only if they are limited to Cisco Recruiters.

Hon. Jeffrey S. White
March 18, 2008
Page 5

                                              Respectfully submitted,

Dated: March 19, 2008                    QUALLS & WORMAN, LLP

                                              /s/
                                            Daniel H. Qualls
                                            Attorney For Plaintiff

Dated: March 19, 2008                    SEYFARTH SHAW, LLP

                                            /s/
                                            Alfred L. Sanderson, Jr.
                                            Attorney For Defendant