SEYFARTH SHAW LLP
Samuel T. McAdam (SBN 186084)
Alfred L. Sanderson, Jr. (SBN 186071)
Anthony J. Musante (SBN 252097)
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
SPHERION ATLANTIC ENTERPRISES, LLC
(sued herein as SPHERION PACIFIC
WORKFORCE, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH, AND ALL OTHER SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>SPHERION PACIFIC WORKFORCE, LLC, and DOES 1 through 100, inclusive<br><br>Defendant. | Case No. C 07 05774 JSW<br><br>**DEFENDANT SPHERION ATLANTIC ENTERPRISES LLC'S OBJECTIONS TO MAGISTRATE JUDGE BRAZIL'S ORDER FOLLOWING APRIL 1, 2008 HEARING REGARDING DEPOSITIONS NOTICED BY PLAINTIFF UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**<br><br>Complaint Filed: September 27, 2007 |

Pursuant to Federal Rule of Civil Procedure section 72(a) and Northern District Local Rule 72-2, defendant Spherion Atlantic Enterprises, LLC (sued herein as Spherion Pacific Workforce, LLC) ("Spherion") hereby objects to Magistrate Judge Brazil's Order Following April 1, 2008 Hearing Regarding Depositions Noticed By Plaintiff Under Federal Rule of Civil Procedure, Rule ("FRCP") 30(b)(6). Specifically, Judge Brazil's Order was contrary to law and an abuse of Judge Brazil's discretion.

The basis for Spherion's objections to the discovery at issue, and to any attempts to create a state-wide class of "Spherion" employees is that Spherion is a temporary staffing company. Although Spherion does employ individuals that work for Spherion itself, the vast majority of its

employees are placed externally with *other* companies, and thus are subjected to a wide array of potentially different policies and practices on meal periods and expense reimbursement. The 30(b)(6) deposition notices at issue here are hopelessly broad and should be denied.

## I.    **PROCEDURAL BACKGROUND**

This matter was filed in Alameda County Superior Court on September 27, 2007 and removed to this Court. Plaintiff Valerie Watson-Smith was employed by Spherion as a recruiter for Cisco Systems in Milpitas. In other words, Watson-Smith worked with Cisco hiring managers on-site at Cisco's facility to select, recruit and on-board new Cisco employees.

On February 24, 2008, plaintiff served five 30(b)(6) deposition notices, requesting the examination of Spherion personnel on, *inter alia*, the following subjects:

1. Spherion meal record keeping practices and policies as applied to California hourly employees during the proposed class period;

2. Spherion meal period policies and practices as applied to California hourly employees during the proposed class period; and

3. Spherion expense reimbursement practices and policies as applied to California employees during the proposed class period.

Plaintiff also served 30(b)(6) deposition notices to examine Spherion personnel on overtime pay practices and policies, *but only as those practices and policies applied to Spherion employees placed as recruiters at Cisco*. Spherion produced a witness to testify on Spherion's overtime pay policies and practices as they related to Cisco recruiters. That deposition was completed on March 21, 2008. Spherion also advised plaintiff's counsel that it would produce deponents on the other topics, as long as they were limited to Spherion employees placed as recruiters at Cisco.

Spherion objected to the deposition notices at issue here on the grounds they were, *inter alia*, unduly burdensome, premature and overbroad. Pursuant to this Court's standing orders, the parties met and conferred, and submitted a four page letter brief on March 19, 2008, summarizing the parties' relative positions on the topic. A true and correct copy of the letter submitted by the parties is attached hereto as Exhibit "A." On March 20, 2008, this Court

DEFENDANT'S OBJECTIONS TO MAGISTRATE
JUDGE BRAZIL'S ORDER REGARDING 30(b)(6) DEPOSITIONS

SC1 17091575.1

referred the discovery dispute to Magistrate Judge Brazil. A conference was held with Magistrate Judge Brazil on April 1, 2008, after which Judge Brazil ordered the parties to proceed with the depositions noticed by plaintiff. On April 2, 2008, Judge Brazil issued an Order confirming the same. A true and correct copy of Judge Brazil's Order is attached hereto as Exhibit "B."

## II.   ARGUMENT

Magistrate Judges are generally empowered to "hear and determine" any pretrial motion or other matter, except for dispositive motions. 28 U.S.C. §636(b)(1)(A); *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992). Magistrate Judges' rulings on nondispositive motions may be set aside or modified by the district court if found to be "clearly erroneous" or "contrary to law." 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. Proc. 72(a); *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). A Magistrate Judge's legal conclusions are freely reviewable *de novo* to determine whether they are contrary to law. *United States v. McConnel*, 728 F.2d 1195, 1200-1201 (9th Cir. 1984). Discovery rulings are reviewed by the district court under the "abuse of discretion" standard. *Geophysical Systems Corp. v. Raytheon Co.*, 117 F.R.D. 646, 647 (CD Cal. 1987).

Here, Magistrate Judge Brazil's Order is contrary to law because it authorizes plaintiff to engage in extensive and burdensome state-wide putative class discovery without any threshold showing that class certification is probable in this case. Moreover, Judge Brazil abused his discretion by: (1) denying Spherion the opportunity to fully brief the complex factual issues underlying the discovery dispute, and (2) ordering Spherion to provide discovery on topics that exceed the original topics defined by plaintiff.

### A.   Magistrate Judge Brazil Order Requiring Spherion To Produce A 30(b)(6) Deponent to Testify On State-Wide Discovery Issues Is Contrary To Law.

Prior to certification of a class action, discovery is generally limited and in the discretion of the court. *Kamm v. California City Development Co.*, 509 F.2d 205, 209-210 (9th Cir. 1975); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006). District Courts have the

3

1  authority to, and often do exercise their discretion to impose limitations on pre-class certification
2  discovery. *See Heerwagen v. Clear Channel Communications*, 435 F.3d 219, 234 (2nd Cir.
3  2006) (affirming District Court's significant limitations on pre-class certification discovery); *Hill
4  v. Eddie Bauer*, 242 F.R.D. 556, 564-565 (limiting pre-class certification discovery to a sample
5  of defendant's documents); *Tracy v. Dean Witter Reynolds*, 185 F.R.D. 303, 304 (D. Col. 1998)
6  (restricting discovery to one of defendant's 400 offices prior to class certification). The Ninth
7  Circuit has long required that a plaintiff must make a *prima facie* showing of Federal Rule of
8  Civil Procedure 23 class action requirements prior to permitting class-wide discovery. *Doninger
9  v. Pacific Northwest Bell*, 564 F.2d 1304, 1312-13 (9th Cir. 1977); *Mantolete v. Bolger* (9th Cir.
10 1985) 767 F.2d 1416, 1424; *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006).
11 "Although in some cases a District Court should allow discovery to aid the determination of
12 whether a class action is maintainable, the plaintiff bears the burden of advancing a *prima facie*
13 showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to
14 produce substantiation of the class allegations." *Mantolete, supra*, 767 F.2d. at 1424.

15 Although plaintiffs typically are permitted to conduct *some* pre-class certification
16 discovery, courts may and should prevent "fishing expedition" type discovery, and should
17 impose reasonable limitations as to the scope of the discovery. *Id.* "The district judge may
18 reasonably control discovery to keep the suit within manageable bounds, and to prevent fruitless
19 fishing expeditions with little promise of success." *Blackie v. Barrack*, 524 F.2d 891, 906 (9th
20 Cir. 1975); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts
21 need not condone the use of discovery to engage in "fishing expedition[s].") In determining
22 whether to grant pre-class certification discovery, the court must consider its need, the time
23 required, and the probability of discovery resolving any factual issue necessary for class
24 determination. <u>Kamm</u>, *supra* at 209-210. District Courts also should balance the need to promote
25 effective case management, the need to prevent potential abuse, and the need to protect the rights
26 of all parties. *Tracy, supra*, 185 F.R.D. at 305. The discovery should not be "so broad that the
27 discovery efforts present an undue burden to the defendant." *Id.*

28

4

DEFENDANT'S OBJECTIONS TO MAGISTRATE
JUDGE BRAZIL'S ORDER REGARDING 30(b)(6) DEPOSITIONS

SC1 17091575.1

Spherion is a staffing company whose primary business is to recruit and place temporary employees with other businesses. There are over 600 local Spherion offices located throughout the United States operating as such, and approximately 60 offices in California. There also are eleven branches in California operated by 9 licensees and 2 franchisees. Spherion places employees with over 9,000 various business clients in California. Working conditions and rules for Spherion employees in California may vary by client. Different clients in California are subject to different operating contracts. Some may require that their own procedures affecting employees be utilized, while others may follow Spherion's general policies. Some clients may require certain payroll procedures specific to their business, while others may follow Spherion's typical processes.

Spherion employs different categories of employees in California. Plaintiff Watson-Smith was an on-site recruiter for Cisco Systems in Milpitas. This position is but one of thousands in Spherion's operating sphere in California. Indeed, Spherion supplies employees to a broad range of business sectors and job categories from general labor and production work, to office support, to technical, scientific, professional and managerial positions. Some employees, like Watson-Smith, perform highly-paid professional services, while others perform more general office support services. Employees may be classified as associates, flex (temporary) staff, professional flex staff, managed services employees, or hourly consultants. The duties and working conditions of these employees vary according to how they are classified and the office where they work. Some employees, such as plaintiff Watson-Smith, are employed more or less on a permanent basis where placed. Spherion's flex staff, on the other hand, work far shorter assignments for many more clients. Spherion's full time associates are not placed with other companies at all, but instead manage much of the internal administration of Spherion's operations. There is not one "typical" Spherion employee working throughout the state.

Given Spherion's wide-ranging and varied operations in California, plaintiff cannot establish the *prima facie* showing of Rule 23 class action requirements required to engage in state-wide class discovery on meal periods or expense reimbursement policies/practices. *See*

5

DEFENDANT'S OBJECTIONS TO MAGISTRATE
JUDGE BRAZIL'S ORDER REGARDING 30(b)(6) DEPOSITIONS

SC1 17091575.1

*Mantolete, supra.* Moreover, it would be an undue burden for Spherion to either (1) produce multiple 30(b)(6) deponents to testify about all the various business entities and employee categories, or (2) train a single 30(b)(6) deponent on all of the same issues. Because plaintiff failed to provide the Court with any justification for class treatment of such a wide and diverse group of employees, it was contrary to law for Magistrate Judge to grant plaintiff's request to conduct discovery on state-wide wage claims identified in the disputed 30(b)(6) deposition notices.

### B. Magistrate Judge Brazil Abused His Discretion By Not Providing Spherion The Opportunity To Fully Brief The Dispute.

Spherion was allotted two pages of a four page letter brief, without any supporting evidence, to try to establish the breadth, variety and diversity of the state-wide group of employees that is the subject of the deposition notices at issue here. Because of space restrictions, Spherion briefly explained how it would be difficult for one, two or even ten 30(b)(6) deponents to testify generally about meal period and expense reimbursement practices as they related to the state-wide group of employees. *See* Section II(A) *supra.* Because of these limitations on briefing, during the discovery telephone conference with Magistrate Judge Brazil, Spherion requested that the parties be allowed to fully brief, with supporting evidence, their respective positions. Judge Brazil denied Spherion's request.

If allowed to formally brief this discovery dispute in the form of a Motion for Protective Order, Spherion would provide declaration testimony explaining why the subject matters perceived by plaintiff to be readily identifiable and easily explained, are, in fact, not. In addition to the matters already described in section II(A) above, there are other persuasive arguments why the deposition notices are premature, overbroad and burdensome.

Spherion supplies personnel, both exempt and non-exempt, to almost every industry imaginable in California, including retail, healthcare, construction, legal services, manufacturing, pharmaceuticals, commercial and residential real estate, insurance, mortgage and loan, automotive, plumbing, financial services, securities, consumer credit, engineering, waste

collection, education, public utilities, airline, cable and internet, media, business services, packaging and shipping, food services, beverage and wine, bottling, computers and electronics, entertainment and motion picture, transportation, travel and hotel, agriculture, marketing and advertising, telecommunications, publishing, internet, information technology, charitable and religious, military, county and city government, and numerous state agencies. As the Court likely is aware, there are 16 separate Wage Orders promulgated by the California Industrial Welfare Commission that describe terms of conditions of work, including rules on rest and meal periods. Spherion employees work across most, if not all of them.

Spherion's clients range from large fortune 500 companies to small local (mom-and-pop) businesses. Spherion's clients also include government agencies, charitable and religious organizations, and non-profit entities. Spherion has contractual agreements with many of its clients that govern the employment and working conditions of the employees placed by Spherion. These contractual agreements often involve multiple parties when, for example, Spherion provides staffing for the customers of a client. Working conditions, rules, and procedures for recruits may vary by client and customer and depend on the nature of the relationship between Spherion, its clients, and the clients' customers. For example, the meal period practices of an assembly line laborer, who likely would be provided lunch with all other employees as the assembly line is shut down, would vary dramatically from the meal period practice as it related to Cisco recruiters, who had the flexibility to take their meal period whenever they wanted to take it.

The above issues are central to this discovery dispute. Spherion should be afforded the opportunity to fully brief these issues with supporting evidence, so the Court fully understands the scope of what plaintiffs are attempting to discover, and can make a fully informed ruling on this dispute.

### C. Magistrate Judge Brazil Abused His Discretion By Requiring Spherion To Address Additional 30(b)(6) Topics Contained In His Order.

Not only did Magistrate Judge Brazil order Spherion to produce 30(b)(6) deponents on the topics sought by plaintiff, Judge Brazil on his own initiative *added* topics on which Spherion is required to produce a witness. In addition to the categories outlined above, Judge Brazil added the following categories, making Spherion's task even more burdensome:

(4) Whether, and under what circumstances, employers to whom Spherion sends employees are required or expected to follow Spherion's policies and practices for hourly, non-exempt California employees about:

   a. granting meal breaks or compensating for missed meals, and

   b. record keeping about meal breaks and compensating for missed meals;

(5) Whether, and under what circumstances, employers to whom Spherion sends employees are required or expected to follow Spherion's policies and practices for employees about reimbursement for travel expenses incurred by California employees for travel required by their employment.

(6) If some of the employers to whom Spherion sends employees are required or expected to follow Spherion's policies and practices with regard to these matters and some are not, the Rule 30(b)(6) witness(es) that Spherion produces must disclose:

   a. the number of employers in each of these two categories since September of 2003 (i.e., the number who have been required or expected to follow Spherion's policies in these areas and the number who have not), and

   b. the approximate number of employees Spherion has sent to the employers in each Category since September of 2003.

In effect, Magistrate Judge Brazil has ordered Spherion to do plaintiff's work for her – to help her define a putative class that to date she has not been able to define. Case law cited above requires just the opposite – before embarking on state-wide class discovery, plaintiff must come forward with some evidence that the case is worthy of class treatment. Perhaps Magistrate Judge Brazil recognized the difficulties in finding common questions across a class of Spherion temporary employees placed with myriad businesses throughout the state and sees this as a method for resolving some of those questions. However, the onus for doing so should be on plaintiff, not defendant. Plaintiff should not be permitted to simply allege a state-wide class and

8

pursue state-wide discovery when no threshold showing of class certification has been made. *See Mantolete, supra.*

Magistrate Judge Brazil's addition of further 30(b)(6) categories was an abuse of discretion and his Order therefore should be vacated.

### III. CONCLUSION

Given the above, Spherion respectfully requests that this Court vacate Magistrate Judge Brazil's Order. Alternatively, Spherion requests that it be permitted to fully brief the complex factual issues briefly summarized above that impact this discovery dispute in the form of a Motion for Protective Order.

DATED: April 11, 2008

SEYFARTH SHAW LLP

By _____
Samuel T. McAdam
Alfred L. Sanderson, Jr.
Anthony J. Musante
Attorneys for Defendant
SPHERION ATLANTIC ENTERPRISES, LLC
(sued herein as SPHERION PACIFIC WORKFORCE, LLC)

# EXHIBIT A

Case 3:07-cv-05774-JSW   Document 27   Filed 04/11/2008   Page 10 of 18

# Qualls & Workman, LLP
ATTORNEYS AT LAW

March 19, 2008

Our File: 3154.00

Honorable Jeffrey S. White
United States District Court
Northern District of California
450 Golden Gate Avenue, 17th Floor
San Francisco, California 94102

Re: Watson-Smith v. Spherion Atlantic Enterprises, LLC
Case Number: 07-05774 JSW ENE

Plaintiff Valerie Watson-Smith and Defendant Spherion Atlantic Enterprises, LLC (Spherion) hereby submit a joint letter brief regarding Plaintiff's request for discovery relief.

**PLAINTIFF'S POSITION:** Plaintiff is a current, hourly employee of Spherion. Spherion is a temporary employment agency, in the business of placing its employees as temporary workers with other businesses. Plaintiff seeks to represent a proposed class of current and former Spherion California employees employed between September 27, 2003, and the present, including: Class A: persons paid on an hourly basis for whom Spherion records depict a meal period not taken who did not receive a compensation payment by Spherion for the lack of said meal period; Class B: persons for whom work duties included incurring expenses for required employee vehicular travel, and cell phone, etc.

The Complaint sets forth two claims relevant here; 1) a claim based on Spherion's alleged failure to provide meal periods to hourly non-exempt California employees prescribed by California Labor Code § 512; and 2) a claim based on Spherion's alleged failure to reimburse work related travel expenses as required by California Labor Code § 2802.

On February 24, 2008, Plaintiff served deposition notices on Spherion pursuant to FRCP 30(b)(6) requesting examination of Spherion personnel on the following topics: 1) Spherion meal period record keeping practices and policies as applied to California hourly employees during the proposed class period; 2) Spherion meal period policies and practices as applied to California hourly employees during the proposed class period; and 3) Spherion expense reimbursement practices and policies as applied to California employees during the proposed class period (alternatively, 30(b)(6) Examinations).

On March 12, 2008, Spherion served Objections to the 30(b)(6) Examinations. On March 13, 2008, counsel for Plaintiff and Spherion met and conferred to discuss Spherion's Objections. Spherion's counsel informed Plaintiff that Spherion would not produce witnesses for the 30(b)(6) Examinations, and would limit examinations to Spherion employees placed with Cisco Systems only because policies and practices as described in the 30(b)(6) examinations varied from one Spherion customer to another. Plaintiff responded that requested discovery is directly related to Plaintiff's claims and those of the putative class, sought to establish facts common to the class meriting class certification, and that claimed practice variations as a defense

Hon. Jeffrey S. White
March 18, 2008
Page 2

to class certification was likewise discoverable. The parties failed to reconcile their differing positions. Plaintiff iterated that she sought discovery of Spherion's practices: she does not seek the practices of Spherion's customers.

A party has the right to discover 'any matter, not privileged, that is relevant to the claim or defense of any party.' FRCP 26(b)(1). Courts broadly construe the scope of discovery. Oppenheimer Fund v. Sanders, 437 U.S. 340 (1978). The Ninth Circuit recognized that discovery is often necessary to determine if a class is maintainable and to define the scope of the class. Doninger v. Pacific Northwest Ball, Inc., 564 F. 2d 1304, 1312 (9th Cir. 1977). A plaintiff may be entitled to pre-certification discovery if discovery is likely to produce substantiation of the class allegations. Mantolete v. Bolger, 767 F. 2d 1416, 1424 (9th Cir. 1985). "Discovery relating to class issues is not always distinguishable from other discovery." Barnhart v. Safeway Stores, Inc., 1992 U.S. Dist. LEXIS 22572 (D. Cal. 1992). "The key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members – an inquiry that may require some discovery on the "merits" and development of the basic issues." Id.

The Court should grant Plaintiff's request for 30(b)(6) Examinations because the discovery requested is relevant to Plaintiff and class member claims, class certification issues, and Spherion's defenses thereto. The subject matter of the requested 30(b)(6) Examinations, i.e., Spherion meal period practices, meal period record keeping practices, and employee expense reimbursement practices, is directly relevant to Plaintiff and putative class meal period and expense reimbursement claims. Spherion, a California employer, is required to provide meal period breaks to non-exempt hourly employees (Cal.Lab.C.§ 512), provide compensation for missed meal breaks (Cal. Lab. C § 226.7), record such meal period breaks (Cal.I.W.C. Order 7-2001 (11)), and reimburse *all* employees for work related expenses (Cal.Lab.C.§ 2802). Plaintiff seeks to represent a class of non-exempt hourly employees for whom *Spherion records depict* a meal period not taken who did not receive a compensation payment by Spherion for the lack of said meal period. *Spherion's* California meal period record practices applied to *Spherion* hourly employees is directly relevant to establish that a class of Spherion California non-exempt hourly employees meets the requirements for class certification. Likewise, as *Spherion's* statutory duty to affirmatively provide meal period breaks applies to all California hourly employees, Plaintiff is entitled to conduct discovery to ascertain Spherion's meal period policy as applied to Plaintiff's proposed class to demonstrate facts common to the proposed meal period class. Similarly, as *all* California employees are entitled to reimbursement of employment expenses regardless of classification (Cal.Lab.C.§ 2802; Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal.4th 554 (2007)) discovery of Spherion expense reimbursement policies and practices as applied to Spherion California employees is relevant to establish facts common to the proposed expense reimbursement sub-class. Purported variations do not relieve Spherion of its statutory meal period and expense reimbursement duties. Purported variations are themselves a claim in defense in opposition to class certification and thus also within the scope of permitted discovery. FRCP 26 (b)(1).

**DEFENDANT'S CONTENTIONS:** Plaintiff has noticed five depositions pursuant to Federal Rule of Civil Procedure section 30(b)(6). Plaintiff's two deposition notices related to Spherion's

2

Hon. Jeffrey S. White
March 18, 2008
Page 3

overtime policies and practices relate only to the job classification to which plaintiff was assigned - "persons paid on an hourly basis placed by Spherion with Cisco Systems aka Cisco Operations as recruiters in California . . ." These two notices appear narrowly tailored and appropriate for this stage of the litigation, and defendant therefore has agreed to produce a deponent to testify on the topics. That deposition is scheduled to go forward on March 21, 2008.

Plaintiff's other three notices, however, are too broad. Plaintiff seeks to depose individuals who can testify about Spherion's state-wide meal period break policies, meal period record keeping policies, and expense reimbursement policies for hourly employees. Because Spherion is primarily a temporary staffing company that places employees with thousands of outside companies in thousands of different job capacities in California, these categories are excessively overbroad and not subject to common FRCP 30(b)(6) testimony.

Prior to certification of a class action, discovery is generally limited and in the discretion of the court. Kamm v. California City Development Co., 509 F.2d 205, 209-210 (9th Cir. 1975); Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). District Courts have the authority to and often exercise their discretion to impose limitations on pre-class certification discovery. (See Heerwagen v. Clear Channel Communications, 435 F.3d 219, 234 (2nd Cir. 2006) (holding significant limitations on pre-class certification discovery implemented by District Court were not an abuse of discretion); Hill v. Eddie Bauer, 242 F.R.D. 556, 564-565 (limiting pre-class certification discovery to a sample of defendant's documents); Tracy v. Dean Witter Reynolds, 185 F.R.D. 303, 304 (D. Col. 1998) (restricting discovery to one of defendant's 400 offices prior to class certification).

The Ninth Circuit has long required that a plaintiff make a prima facie showing of Federal Rule of Civil Procedure 23 class-action requirements prior to permitting pre-class certification discovery. Doninger v. Pacific Northwest Bell, 564 F.2d 1304, 1312-13 (9th Cir. 1977); Mantolete v. Bolger (9th Cir. 1985) 767 F.2d 1416, 1424; Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). "Although in some cases a District Court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations." Mantolete, supra, 767 F.2d. at 1424. Although plaintiffs are typically permitted to conduct some pre-class certification discovery, courts may prevent "fishing expedition" type discovery and impose reasonable limitations as to scope. Id. "The district judge may reasonably control discovery to keep the suit within manageable bounds, and to prevent fruitless fishing expeditions with little promise of success." Blackie v. Barrack, 524 F.2d 891, 906 (9th Cir. 1975); see also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in "fishing expedition[s].") In determining whether to grant pre-class certification discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for class determination. Kamm v. California City Development Co., 509 F.2d 205, 209-210 (9th Cir.1975). District Courts also should balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties. Tracy, supra, 185 F.R.D. at 305. The discovery should not be "so broad that the discovery efforts present an undue burden to the defendant." Id.

3

Hon. Jeffrey S. White
March 18, 2008
Page 4

Spherion is a staffing company, which primarily recruits and places temporary employees with other businesses. There are over 600 local Spherion offices located throughout the United States operating as such, and approximately 60 offices in California. There also are eleven branches in California operated by 9 licensees and 2 franchisees.

Spherion places employees with over 9,000 various business clients in California. Working conditions and rules for these employees vary by client. Some require that their own procedures affecting employees be utilized, while others follow Spherion's general policies. Some clients require certain payroll procedures specific to their business, while others follow Spherion's typical processes.

Spherion also employs different categories of employees in California. Plaintiff Watson-Smith was an on-site recruiter for Cisco Systems in Milpitas. This position is but one of thousands in Spherion's operating sphere in California. Indeed, Spherion supplies employees to a broad range of business sectors and job categories from general labor and production work, to office support, to technical, scientific, professional and managerial positions. Some employees perform highly-paid professional services, while others perform more general office support services. Employees may be classified as associates, flex (temporary) staff, professional flex staff, managed services employees, or hourly consultants. The duties and working conditions of these employees vary according to how they are classified and the office where they work. Some employees, such as plaintiff Watson-Smith, are employed more or less on a permanent basis where placed. Spherion's flex staff, on the other hand, work far shorter assignments for many more clients. Spherion's full time associates are not placed with other companies at all, and manage much of the daily administration of Spherion's operations. It is plain that there is not one typical Spherion employee working throughout the state.

Given Spherion's wide-ranging and varied operations in California, plaintiff cannot establish the prima facie showing of Rule 23 class action requirements required to engage in state-wide class discovery on meal periods or expense reimbursement policies/practices. Moreover, it would be an undue burden for defendant to either (1) produce multiple 30(b)(6) deponents to testify about all the various business entities and employee categories, or (2) train a single 30(b)(6) deponent on all of the same issues. As such, the Court should deny plaintiff's request to conduct discovery on state-wide wage claims identified in the disputed 30(b)(6) deposition notices. Defendant is willing to produce a deponent to testify on meal period policies and practices, as well as on expense reimbursement policies, but only if they are limited to Cisco Recruiters.

Hon. Jeffrey S. White
March 18, 2008
Page 5

Respectfully submitted,

Dated: March 19, 2008                QUALLS & WORMAN, LLP

/s/
Daniel H. Qualls
Attorney For Plaintiff


Dated: March 19, 2008                SEYFARTH SHAW, LLP

/s/
Alfred L. Sanderson, Jr.
Attorney For Defendant

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE WATSON-SMITH and all others similarly situated, | No. C 07-5774 JSW (WDB) |
| Plaintiffs, | ORDER FOLLOWING APRIL 1, 2008, TELEPHONIC HEARING REGARDING DEPOSITIONS NOTICED BY PLAINTIFF UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) |
| v. | |
| SPHERION ATLANTIC ENTERPRISES, | |
| Defendant. | |

On April 1, 2008, the Court heard oral argument in connection with a letter brief filed jointly by counsel for Plaintiff and Defendant about depositions noticed by Plaintiff under Federal Rule of Civil Procedure ("FRCP") 30(b)(6). Having considered the jointly filed letter brief and the arguments of the parties, the Court ruled from the bench and Ordered that Defendant must produce a witness or witnesses who are competent to testify about the following:

(1) Spherion's policies and practices for granting meal breaks, or compensating for missed meal breaks, for its hourly, non-exempt employees in California from September 2003 through the present;

1

  (2) Spherion's policies and practices for record keeping about meal breaks, or compensating for missed meals, for its hourly, non-exempt employees in California from September 2003 to the present;

  (3) Spherion's policies and practices for reimbursement for travel expenses incurred by California employees for travel required by their employment from September 2003 through the present;

  (4) Whether, and under what circumstances, employers to whom Spherion sends employees are required or expected to follow Spherion's policies and practices for hourly, non-exempt California employees about:

    (a) granting meal breaks or compensating for missed meals, and

    (b) record keeping about meal breaks and compensation for missed meals;

  (5) Whether, and under what circumstances, employers to whom Spherion sends employees are required or expected to follow Spherion's policies and practices for employees about reimbursement for travel expenses incurred by California employees for travel required by their employment.

  (6) If some of the employers to whom Spherion sends employees are required or expected to follow Spherion's policies and practices with regard to these matters and some are not, the Rule 30(b)(6) witness(es) that Spherion produces must disclose:

    (a) the number of employers in each of these two categories since September of 2003 (i.e., the number who have been required or expected to follow Spherion's policies in these areas and the number who have not), and

    (b) the approximate number of employees Spherion has sent to the employers in each category since September of 2003.

IT IS SO ORDERED

Dated: April 2, 2008

WAYNE D. BRAZIL
United States Magistrate Judge