1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  **QUALLS & WORKMAN, LLP**
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4  Facsimile: (415) 788-1028

5  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
6  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7780
8  Facsimile:  (202) 742-7776

9  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
10 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
11 Telephone: (202) 742-7783
   Facsimile:  (202) 742-7776

12 *Attorneys for Plaintiff*

13 SEYFARTH SHAW LLP
   Samuel T. McAdam (SBN 186084)
14 Alfred L. Sanderson, Jr. (SBN 186071)
   Anthony J. Musante (SBN 252097)
15 400 Capitol Mall, Suite 2350
   Sacramento, California 95814-4428
16 Telephone: (916) 448-0159
   Facsimile: (916) 558-4839
17

18 Attorneys for Defendant
   Spherion Atlantic Enterprises, LLC, sued herein as
19 Spherion Pacific Workforce, LLC

20                  UNITED STATES DISTRICT COURT

21              NORTHERN DISTRICT OF CALIFORNIA

22 VALERIE D. WATSON-SMITH, AND ALL        )  No.  C07-05774
   OTHERS SIMILARLY SITUATED,              )
23                                         )
                                           )
24            Plaintiff,                   )  **STIPULATION AND PROTECTIVE**
                                           )  **ORDER REGARDING DISCOVERY**
25     vs.                                 )
                                           )
26 SPHERION PACIFIC WORKFORCE, LLC, and    )
   DOES 1 through 100, inclusive,          )
27                                         )
              Defendants.                  )
28 STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY
                            -1-

SC1 17091950.1

1

## STIPULATION

2    The parties, by and through their respective counsel of record, to protect certain

3 confidential discovery produced in this litigation, hereby stipulate as follows:

4    1.    It may be necessary for the parties to this lawsuit to respond to requests for

5 discovery that seek confidential information or documents, which are entitled to protection against

6 improper disclosure to the general public.

7    2.    Each party has or may propound discovery which seeks the production of

8 confidential information or documents as defined by this Stipulation and Order.  This Stipulation,

9 when and as approved by the Court, is intended to govern the production of confidential

10 information and documents pertaining to this litigation.

11    3.    The following definitions shall apply to this Stipulation and Order:

12    a.    "Party" or "parties" shall mean and refer to any party, plaintiff or defendant,

13 in the above-captioned matter.

14    b.    "Confidential information" shall mean and refer to the information and/or

15 documents which the party producing or receiving identifies as "confidential," or the Court orders

16 as confidential.  The term "Confidential" shall be stamped on written documents deemed

17 "confidential."

18    c.    "Documents" shall mean and refer to all written, photographic, or electronic

19 media, including computer print-outs and computer storage devices such as floppy disks,

20 electronic mail, extracts, summaries, attachments, and answers to requests for production.

21

22    d.    "Qualified persons" shall mean and refer to:

23    i.    The parties to this action;

24    ii.    Counsel of record for any party signatory to this Stipulation,

25 including all partners, shareholders, associate attorneys, and office personnel of that counsel's law

26 firm;

27    iii.    Consultants and/or experts retained to testify or assist in the

28 STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

-2-

SCI 17091950.1

1    preparation for trial in this action;

2        iv. Witnesses or deponents in this action and their counsel;

3        v. Service providers used for copying of documents and preparation of

4    exhibits for proceedings in this case; and

5        vi. Court personnel and stenographic reporters engaged in proceedings

6    as are necessarily incident to the preparation for trial and/or trial of this action, including discovery

7    proceedings and depositions.

8      4. All documents, information and things deemed to contain confidential information

9    under paragraph 3(b) above shall be brought within the protection of this Stipulation and Order by

10   stamping the front page or cover sheet of such document "Confidential." Such documents shall be

11   kept confidential and shall not be disclosed, used, or copied, except as set forth hereafter and for

12   purposes directly related to the prosecution or defense of this action, including the settlement

13   thereof, and shall not be used or disclosed for any other purpose.

14     5. Disclosure of confidential documents and information may be made only to

15   "qualified persons" as defined in paragraph 3(d). Each person designated by paragraph 3(d)(i),

16   3(d)(iii), 3(d)(iv) and 3(d)(v) above, to whom confidential documents or information are disclosed,

17   shall be given a copy of this Stipulation and Order and shall sign the Non-Disclosure Agreement

18   attached hereto as Attachment A, which shall be retained by counsel for the respective parties

19   signatory to this Stipulation.

20     6. Any deposition testimony deemed to contain confidential information shall be

21   brought within the protection of this Stipulation and Order by orally designating on the deposition

22   record the protected portion(s).

23     7. The parties have entered into this Stipulation in a good faith effort to avoid

24   potential discovery disputes. Nothing in this Stipulation shall operate as an admission by any

25   party that any particular document is, or is not, admissible in evidence at the trial of this action or

26   subject to discovery by any party or person prior to trial. This Stipulation is not an admission by

27

28   STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

-3-

SCI 17091950.1

any party that documents designated "confidential" by another party are, in fact, confidential in nature.

8.    A claim of confidentiality does not conclusively establish confidentiality. If the party receiving matter designated as "confidential" disputes a claim of confidentiality, the receiving party shall object in writing, state its intent to disclose, and request a release of confidentiality from the designating party. The receiving party shall not disclose any designated matter until ten (10) days following its objection, or, if a motion for a protective order is filed by the designating party within that ten (10) days, until such motion is decided by the Court. Nothing in this Stipulation shall prevent either party from seeking additional protection against discovery of any document or information.

9.    The parties agree that in the event that any material designated as "confidential" is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using confidential material shall maintain its confidentiality during such use.

10.    Inadvertent production of documents or information later determined by a party to be confidential shall not be deemed a waiver of that party's right to later designate such documents or information as confidential. If a party produces documents or information without designating that production "confidential," the producing party may later designate the documents or information confidential, and such documents or information shall be subject to the provisions of this Stipulation and Order from the date they are so designated.

11.    No later than (sixty) 60 days following the conclusion of these proceedings, all documents and all copies of any documents which any party marked "Confidential" shall be returned to that party. To the extent that the document has been altered by an attorney's written notes or other alteration protected by the attorney-client privilege or constituting protected work product, the party in possession of the document shall destroy the document. "Conclusion of these proceedings" refers to the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law.

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY
-4-

SC1 17091950.1

1    12.    This Stipulation may be modified only by Stipulation signed by all signatories

2  hereto or by order of the Court.  Any party or non-party may apply to the Court at any time to seek

3  modification of this Stipulation and Order.  Upon the application of any party or non-party seeking

4  modification of this Stipulation and Order, the burden of showing good cause for continuance of

5  the confidentiality-related protections stipulated and ordered herein shall be on the party seeking

6  to continue such protections.

7    13.    This Stipulation shall be immediately binding upon a party when that party,

8  through counsel, executes this Stipulation.

9

10  DATED: May 20, 2008                    SEYFARTH SHAW LLP

11

12

13                                         By_____

14                                           Alfred L. Sanderson Jr.
                                             Anthony J. Musante
15                                         Attorneys for Defendant SPHERION
                                           ATLANTIC ENTERPRISES, LLC

16

17  DATED: May 14, 2008                    QUALLS AND WORKMAN, LLP

18

19

20                                         By_____
                                             Daniel H. Qualls
21                                         Attorney for Plaintiff Valerie Watson-Smith,
                                           and all others similarly situated.

22

23

24

25

26

27

28  STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

-5-

SC1 17091950.1

**GOOD CAUSE APPEARING IT IS HEREBY ORDERED** as follows:

1.    The parties hereto, as well as their counsel and all parties or entities who are or who become signatory to or otherwise bound by the above stipulation, strictly adhere to and abide by the terms, provisions, obligation, restrictions, and protections set forth in the stipulation, and fully and completely perform all duties and/or obligations imposed therein, as applicable.

2.    The court also expressly retains jurisdiction to elaborate upon this stipulation and protective order, to enforce it, or to amend or supplement it upon appropriate application of a party to these proceedings.

DATED: _____        _____
                                          Jeffrey S. White
                                          United States District Court Judge

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY
-6-

SC1 17091950.1

## EXHIBIT A

## ACKNOWLEDGMENT

1.    I, the undersigned, hereby acknowledge that I have read the Order entered into in the United States District Court, Northern District of California, in the action titled *Valerie Watson-Smith v. Spherion Pacific Workforce, LLC*, Case Number C07-05774 , governing confidential information disclosed in the actions.

2.    I understand the terms of the Order and agree to be bound by such terms.

3.    I understand and agree that any documents, material or information designated or marked Confidential or Highly Confidential shall only be used for purposes of this litigation.

4.    I consent to personal jurisdiction within the State of California with respect to any proceeding commenced to enforce the Order, including proceedings relative to contempt of Court.

Executed this _____ day of _____, 2007, at _____ [city], _____[state].

Print Name:_____

Address: _____

Employer: _____

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY
-7-

SCI 17091950.1