Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

SEYFARTH SHAW LLP
Samuel T. McAdam (SBN 186084)
Alfred L. Sanderson, Jr. (SBN 186071)
Anthony J. Musante (SBN 252097)
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
Spherion Atlantic Enterprises, LLC sued herein as
Spherion Pacific Workforce, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>SPHERION PACIFIC WORKFORCE, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C07-05774<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 20, 2008<br>Time: 1:30 p.m.<br>Judge: Jeffrey S. White |

JOINT CASE MANAGEMENT STATEMENT         -1-                    3154\CTCONF\JCMS.DOC

SC1 17094142.1

The parties to the above-entitled action submit this updated Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10(b).

## CASE MANAGEMENT STATEMENT

1. **Jurisdiction And Service**

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 (c) and 28 U.S.C. § 1332 (d)(2). Defendant Spherion Pacific Workforce, LLC (Spherion) filed an Answer to the Complaint on November 14, 2007.

2. **Facts**

Plaintiff Valerie Watson-Smith (Watson-Smith) is a current, hourly wage employee of Defendant Spherion. While employed by Spherion, Watson-Smith contends Defendant failed to pay Watson-Smith and putative class members compensation for work without meal break periods in violation of California Labor Code section 226.7 and applicable Industrial Welfare Commission Orders, reimbursement for work related travel expenses, and overtime wages for overtime hours worked. Plaintiff contends Spherion maintains employee records depicting when meal period breaks were not taken by hourly employees.

On September 27, 2007, Watson-Smith filed a Class Action Complaint (Complaint). Plaintiff seeks to represent a proposed class of current and former Spherion California employees employed between September 27, 2003, and the present as follows:

Class A

persons paid on an hourly basis for whom Spherion records depict a meal period not taken who did not receive a compensation payment by Spherion for the lack of said meal period;

Class B

persons for whom work duties included employee supplied vehicular travel;

Class C

persons paid on an hourly basis placed by Spherion with Cisco Systems as recruiters.

The Complaint sets forth four causes of action. The First Cause Of Action asserts claims based upon Spherion's alleged failure to provide meal period breaks and accurate wage statements as prescribed by California Labor Code section 512 (meal period break requirement) and section 226 (itemized statement identifying compensation requirement). The Second Cause Of Action asserts claims based upon Spherion's alleged failure to reimburse work related expenses are required by California Labor Code section 2802. The Third Cause Of Action asserts claims based upon Spherion's alleged failure to pay overtime wages as required by California Labor Code section 1194. The Fourth Cause of Action asserts a claim for restitution as prescribed by California Business and Professions Code section 17200 arising from Spherion's alleged failure to pay compensation for missed meal period breaks, reimbursement for work related expenses, and overtime wages. Plaintiff intends to seek leave to file an Amended Complaint adding an additional cause of action asserting a claim for recovery of penalties arising from Spherion's alleged Labor Code violations as prescribed by the California Labor Code Private Attorney General Action of 2004 (PAGA).

Defendant denies that it failed to provide meal breaks to its employees, failed to reimburse work related expenses, or failed to pay earned overtime wages.

3. **Legal Issues**

While with any case, numerous legal issues, both foreseeable and unforeseeable, will play a role, the following are the major foreseeable legal issues in this case:

1) Whether this action meets the requirements for a class action, including:

    a) whether there are questions of law or fact common to the class,

    b) whether the claims the Plaintiff are typical of the claims of the class;

c)   whether the plaintiff will fairly and adequately protect the interests of the class; and

d)   whether questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

2)   Whether Defendant failed to reimburse employment related expenses as required by California Labor Code § 2802.

3)   Whether Defendant failed to provide meal breaks as required by California Labor Code §§ 512, 226.7, and applicable I.W.C. Wage Orders.

4)   Whether Defendant failed to pay overtime wages as required by California Labor Code §§ 510, 1194.

5)   Whether Defendant provided accurate itemized statements to its California hourly employees as required by California Labor Code § 226.

6)   Whether an action under the Private Attorney General Act ("PAGA") to recover penalties for aggrieved employees other than a named plaintiff requires class certification. See California Labor Code §§ 2699, 2699.3

4.   **Motions**

By Order dated February 27, 2008 the court has set the following motion deadlines:

Plaintiff's Motion for Class Certification: 10/3/2008, 9:00 a.m.

Dispositive Motions: 1/30/2009, 9:00 a.m.

Defendant's Motion for Class Decertification: 4/24/2009, 9:00 a.m.

5.   **Amendment Of Pleadings**

On February 14, 2008, Plaintiff served FRCivP 30(b)(6) deposition notices on the subject of Spherion meal period policies, meal period record keeping practices and policies, and expense reimbursement policies, the second day she was permitted to do so following the Rule 26 Initial

Conference on February 12, 2008. On March 12, 2008, Defendant objected to Plaintiff's FRCivP 30(b)(6) deposition notices on these subjects, and failed to produce the requested witnesses on March 18, 2005. On April 2, 2008, Magistrate Brazil ordered Defendant to produce the requested FRCivP 30(b)(6) witnesses. On April 11, 2008, Defendant filed an Objection to Magistrate Brazil's discovery order. Upon expiration of the time to act upon Defendant's Objection, Defendant proposed the date of May 30, 2008, for examination of the requested FRCivP 30(b)(6) witnesses. Plaintiff conducted the requested deposition examinations on May 30, 2008.

As a result of the information obtained from FRCivP 30(b)(6) witnesses on May 30, 2008, Plaintiff intends to file shortly a motion for leave to amend to modify and refine the proposed class definition. Plaintiff will also request leave at that time to add a PAGA claim.

The court has yet to set a deadline for the amendment of pleadings.

### 6. **Evidence Preservation**

The parties do not anticipate an issue arising in this action regarding the preservation of evidence. The parties agree that to the extent putative class member meal break, payroll, and work report records were maintained by Spherion during the proposed class period, such records will be preserved by Spherion.

### 7. **Disclosures**

The parties conducted a Rule 26 Initial Conference on February 12, 2008. The parties provided Rule 26 Initial Disclosures on February 14, 2008.

### 8. **Discovery**

On February 14, 2008, Plaintiff served a First Set of Interrogatories seeking to determine the identity, number, and period of employment of putative class members. The same day, Plaintiff served a First Inspection Demand requesting production of records depicting Defendant's break policies as applied to the putative class, records depicting the absence of meal period breaks, itemized statements for putative class members, and employment manuals in effect during the class period. Defendant responded to Plaintiff's discovery requests on March 28, 2008.

On February 14, 2008, Plaintiff served deposition notices upon Spherion pursuant to FRCivP 30(b)(6) seeking to depose Spherion regarding the following topics: 1) Spherion policy and procedures regarding employee expense reimbursement policies; 2) California meal period break policies; 3) meal period break record keeping practices and procedures; 4) payment of overtime wage policies; and 5) payment of overtime wages. Plaintiff has conducted the following FRCivP 30(b)(6) depositions:

Plaintiff deposed Jennie Dede on March 21, 2008, on the subject of Spherion's payment of overtime wage policies and payment of overtime wages.

Plaintiff deposed Joanie Orzo on May 30, 2008, on the subject of Spherion's meal period polices, meal period record keeping practices and policies, and employee expense reimbursement policies.

Defendant will take Plaintiff's deposition on June 26, 2008. Defendant propounded and received responses to its written discovery.

By Order dated February 27, 2008, the court has set the following discovery deadlines:

Last Day for Expert Designation: 1/9/2009

Last Day for Rebuttal Expert Designation: 2/9/2009

Close of ALL Discovery: 2/27/2009

9. **Class Actions**

1. The Specific Paragraphs of FRCivP 23 under which the action if maintainable as a class action;

Plaintiff contends the class sought to be certified is maintainable as a class pursuant to FRCivP 23(b)(2)(3).

2. A description of the class or classes in whose behalf the action is brought;

Plaintiff seeks to represent a proposed class of current and former Spherion California employees employed between September 27, 2003, and the present as follows:

Class A

persons paid on an hourly basis for whom Spherion records depict a meal period not taken who did not receive a compensation payment by Spherion for the lack of said meal period;

Class B

persons for whom work duties included employee supplied vehicular travel;

Class C

persons paid on an hourly basis placed by Spherion with Cisco Systems as recruiters.

Plaintiff anticipates the filing of a motion to amend the current class definition based upon discovery conducted on May 30, 2008.

3. A proposed date for the Court to consider whether the case can be maintained as a class action

By Order dated February 27, 2008 the court has set the following motion deadlines:

Plaintiff's Motion for Class Certification: 10/3/2008, 9:00 a.m.

Plaintiff requests the deadline for filing of a motion for class certification be extended to November 14, 2008, due to Defendant's delay in producing FRCivP 30(b)(6) deposition witnesses and the need for additional time to conduct follow-up pre-certification discovery in response to testimony provided by deposition witnesses on May 30, 2008.

Defendant's Motion for Class Decertification: 4/24/2009, 9:00 a.m.

10. **Related Cases**

The parties are not aware of the existence of any related cases.

11. **Relief**

Plaintiff seeks relief arising from missed meal period breaks on behalf of herself and the class she seeks to represent as follows:

A.  Meal Period Claims: 1) an extra hour of compensation for each missed meal period depicted by SPHERION meal period records; 2) a penalty for failure to pay said compensation as prescribed by the PAGA; 3) a penalty for failure to provide a meal period break as prescribed by the PAGA; 4) a penalty for failure to identify said compensation on an itemized statement as prescribed by the PAGA; 5) for punitive damages as appropriate and available under each cause of action; 6) an order enjoining Defendant from pursuing the policies, acts and practices complained of herein; 7) costs of this suit, and attorney's fees as provided by the PAGA; and 8) pre and post-judgment interest.

B.  Employee Expense Reimbursement Claims: 1) reimbursement of work related expenses; 2) a penalty for failure to pay said expenses as prescribed by the PAGA; 3) an order enjoining Defendant from pursuing the policies, acts and practices complained of herein; 4) costs of this suit, and attorney's fees as provided by the PAGA; and 5) pre and post-judgment interest.

C.  Overtime Wage Claims: 1) unpaid overtime wages; 2) a penalty for failure to pay overtime wages as prescribed by the PAGA; 3) a penalty for failure to identify said compensation on an itemized statement as prescribed by the PAGA; 4) for punitive damages as appropriate and available under each cause of action; 5) an order enjoining Defendant from pursuing the policies, acts and practices complained of herein; 6) costs of this suit, and attorney's fees as provided by the PAGA; and; 7) pre and post-judgment interest.

Defendant has not filed a counterclaim.

12. **Settlement And ADR**

The parties agree to participate in an Early Neutral Evaluation of their dispute. The deadline for completing Early Neutral Evaluation has been continued to November 7, 2008 by joint stipulation of the parties and Order of the Court.

13. **Consent To Magistrate Judge For All Purposes**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

14. **Narrowing Of Issues**

The parties do not anticipate motion practice to achieve a narrowing of the issues presented prior to a determination regarding class certification with the exception of a motion by Plaintiff to file an amended complaint modifying and defining the proposed class.

15. **Expedited Schedule**

The parties do not anticipate the need for an expedited schedule of proceedings in this matter. This case is a complex class action and the parties do not believe that it is the type of case that can be handled on an expedited basis.

16. **Scheduling**

By Order dated February 27, 2008 the court has scheduled motion deadlines and trial dates.

17. **Trial**

By Order dated February 27, 2008 the court has set the following trial deadlines:

Jury Trial Date: 8/10/2009, at 8:30 a.m.

Pretrial Conference: 7/13/2009 at 2:00 p.m.

18. **Disclosure Of Non-Party Interested Entities Or Persons**

Defendant filed a Certificate of Interested parties. It stated:

"Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed corporations have a financial interest in the subject matter in controversy or in a party to the proceeding:

Spherion Corporation.

Spherion Atlantic Enterprises, LLC is a wholly-owned subsidiary of Spherion Corporation, and was formerly known as Spherion Pacific Workforce, LLC.

19. **OTHER MATTERS**

The parties are not aware of any other matters.

| | | |
|---|---|---|
| Date: June 9, 2008 | | QUALLS & WORKMAN, L.L.P. |
| | By: | /s/ |
| | | Daniel H. Qualls |
| | | Attorney for Plaintiff Valerie Watson-Smith, and all others similarly situated |
| Date: June 9, 2008 | | SEYFARTH SHAW, LLP |
| | By: | /s/ |
| | | Alfred L. Sanderson |
| | | Attorney for Defendant Spherion Atlantic, LLC |