Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>SPHERION PACIFIC WORKFORCE, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C07-05774<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: October 3, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2<br>Judge: Honorable Jeffrey S. White |

## I.  STATEMENT OF FACTS

Plaintiff Valerie Watson-Smith (Watson-Smith) is a current, hourly wage employee of Defendant Spherion. While employed by Spherion, Watson-Smith contends Defendant failed to pay Watson-Smith and putative class members compensation for work without meal break periods

in violation of California Labor Code § 226.7 and applicable Industrial Welfare Commission Orders, reimbursement for work related travel expenses, and overtime wages for overtime hours worked. Plaintiff contends Spherion maintains employee records depicting when meal period breaks were not taken by hourly employees.

On September 27, 2007, Watson-Smith filed a Class Action Complaint (Complaint).

The Complaint sets forth a proposed class of current and former Spherion California employees employed between September 27, 2003, and the present defined as follows:

Class A

persons paid on an hourly basis for whom Spherion records depict a meal period not taken who did not receive a compensation payment by Spherion for the lack of said meal period;

Class B

persons for whom work duties included employee supplied vehicular travel;

Class C

persons paid on an hourly basis placed by Spherion with Cisco Systems as recruiters.

The Complaint sets forth four causes of action. The First Cause Of Action asserts claims based upon Spherion's alleged failure to provide meal period breaks and accurate wage statements as prescribed by California Labor Code section 512 (meal period break requirement) and section 226 (itemized statement identifying compensation requirement). The Second Cause Of Action asserts claims based upon Spherion's alleged failure to reimburse work related expenses are required by California Labor Code section 2802. The Third Cause Of Action asserts claims based upon Spherion's alleged failure to pay overtime wages as required by California Labor Code section 1194. The Fourth Cause of Action asserts a claim for restitution as prescribed by California Business and Professions Code section 17200 arising from Spherion's alleged failure to

pay compensation for missed meal period breaks, reimbursement for work related expenses, and overtime wages.

Watson-Smith filed her Complaint on September 27, 2007. The Complaint did not include a cause of action based upon the California Labor Code Private Attorneys General Act of 2004 (PAGA). On November 2, 2007, Watson-Smith sent by certified mail a Notice Of Violations to the California Labor and Workforce Development Agency (LWDA) as required by section 2699.3(a)(1) of the PAGA.[1] On December 10, 2007, the LWDA informed Plaintiff that it did not intend to investigate claims as set forth in the Notice Of Violations.[2]

On April 2, 2008, Magistrate Brazil ordered Defendant Spherion to produce a witness pursuant to Federal Rule of Civil Procedure (FRCP) 30(b)(6) regarding Spherion's meal period policies and practices applied to California hourly employees during the proposed class period and Spherion's meal period and compensation record keeping policies and practices.[3]

On May 30, 2008, Spherion produced Spherion Human Resources Manager Joan Orzo (Orzo) as the designated FRCP 30(6)(b) witness on the subjects of Spherion meal period policies and practices and Spherion meal period and compensation record keeping policies and practices.[4] Orzo testified that approximately 85 percent of Spherion hourly staffing service employees work on customer sites.[5] Orzo testified that Spherion California hourly employees working at customer sites use both paper and electronic timesheets.[6] Orzo testified that Spherion branch staff do not read paper timesheets they process for payroll purposes to determine if the records depict meal periods taken by Spherion hourly employees.[7] Orzo testified that for some Spherion hourly staffing service employees, Spherion supervising personnel also work on site at the customer location.[8] Orzo testified that Spherion employees who work on customer sites without the

---

[1] Declaration Of Daniel H. Qualls Filed In Support Of Plaintiff's Motion For Leave To Amend Complaint (Qualls Decl.) ¶ 2, exhibit (EX) A.
[2] Qualls Decl. ¶ 3, EX B.
[3] Qualls Decl. ¶ 4.
[4] Qualls Decl. ¶ 4, EX. C.
[5] Id.
[6] Id.
[7] Id.
[8] Id.

MEMORANDUM OF POINTS & AUTHORITIES        -3-        3154\MOTFORLEAVE\MEMOP&A.DOC

presence of Spherion supervisors, meal periods are scheduled by Spherion clients.[9] Orzo testified that in circumstances where a client does not provide a meal period to a Spherion employee, Spherion does not pay the employee an additional hour of compensation.[10]

## II.  LEGAL ARGUMENT

Federal Rule of Civil Procedure 15 sets forth the rules governing requests to file amended complaints. The court in DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987), explained that Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." The DCD court explained that this liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. Rather, the courts should allow amendments as long as the amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility. See, e.g., Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398-99 (9th Cir.), cert. denied, 479 U.S. 816, 107 S. Ct. 73, 93 L. Ed. 2d 29 (1986); United States v. City of Twin Falls, 806 F.2d 862, 876 (9th Cir. 1986); Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973); and Klamath, 701 F.2d at 1293.

Quoting the Supreme Court, the Ninth Circuit explained that '[t]his court has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986) (quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (citations omitted). Thus "rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" Webb, 655 F.2d at 979 (citing Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960) (per curiam)).

Plaintiff's request to amend the Complaint to add a PAGA cause of action should be granted. The amendment requested is not futile. Plaintiff has complied with the prefiling

---

[9] Id.
[10] Id.

MEMORANDUM OF POINTS & AUTHORITIES        -4-        3154\MOTFORLEAVE\MEMOP&A.DOC

prerequisites for commencement of a PAGA action, and accordingly seeks leave to prosecute a statutorily based PAGA claim as permitted by law. Cal.Lab.C.§2699. Plaintiff's proposed PAGA claim will not cause prejudice to Spherion. The proposed PAGA claim does not give rise to new or difference factual or legal issues because it is entirely derivative of existing wage and hour claims set forth in Plaintiff's current Complaint.[11] Finally, Defendant Spherion does not oppose Plaintiff's request for leave to add a PAGA claim.[12]

Plaintiff's request to amend the Complaint to modify the definition of Class A should be granted. Plaintiff seeks to amend the Complaint to further define the proposed meal period, Class A, as follows:

Subclass 1.

Persons paid on an hourly basis working on a customer site for whom Spherion electronic time records depict a meal period not taken, and who did not receive a compensation payment by Spherion for the lack of a meal period in said pay period.

Subclass 2.

Persons paid on an hourly basis working on a customer site without the presence of a Spherion supervisor for whom Spherion time records depict a meal period not taken, and who did not receive a compensation payment by Spherion for the lack of a meal period in said pay period.

The proposed amendment to the definition of Class A does not cause Spherion prejudice, is not sought in bad faith, and does not constitute an exercise in futility. The testimony of Spherion 30(b)(6) witness Orzo confirmed the existence of electronic and hard copy time records for Spherion temporary hourly employees. Spherion electronic time records do not depict meal periods.[13] Similarly, witness Orzo confirmed that approximately 85 percent of Spherion hourly California employees work on customer sites, and for some of such employees, Spherion supervisory personnel are also present on site.[14] The proposed amendment is requested in good faith. The amendment sought to Class A seeks to more narrowly define Class A in light of these

---

[11] Qualls Decl. ¶ 5.
[12] Qualls Decl., ¶ 7.
[13] Qualls Decl. ¶ 4, EX D.
[14] Qualls Decl. ¶4, EX. C.

workplace circumstances, and eliminate potentially disparate working conditions within a single class as may be claimed by Defendant by formation of two related but distinct subclasses.[15] The amendment will not cause undue prejudice to Spherion, for the amendment sought narrows the scope of the existing proposed class, and is based upon the same facts and legal claims as Class A as currently defined.[16]

### III. CONCLUSION

Accordingly, for the reasons stated, Plaintiff respectfully request her motion for leave to amend be granted.

Dated: July 28, 2008

QUALLS & WORKMAN, LLP

/s/
Daniel H. Qualls
Attorney For Plaintiff

---

[15] Qualls Decl. ¶ 7.
[16] Qualls Decl. ¶ 7.

MEMORANDUM OF POINTS & AUTHORITIES    -6-    3154\MOTFORLEAVE\MEMOP&A.DOC