1
Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
2
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
3
San Francisco, CA 94111
Telephone: (415) 782-3660
4
Facsimile: (415) 788-1028

5
David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
6
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
7
Washington, D.C. 20009
Telephone: (202) 742-7780
8
Facsimile: (202) 742-7776

9
Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
10
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
11
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

12
*Attorneys for Plaintiff*

13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16
VALERIE D. WATSON-SMITH, AND ALL          )   No.   C07-05774
OTHERS SIMILARLY SITUATED,                )
17                                        )
                Plaintiff,                )   **PLAINTIFF'S REPLY**
18                                        )   **MEMORANDUM OF POINTS AND**
        vs.                               )   **AUTHORITIES IN SUPPORT OF**
19                                        )   **MOTION FOR LEAVE TO FILE**
SPHERION PACIFIC WORKFORCE, LLC, and      )   **FIRST AMENDED COMPLAINT**
20    DOES 1 through 100, inclusive,      )
                                          )   **Date:  October 3, 2008**
21              Defendants.               )   **Time:  9:00 a.m.**
                                          )   **Courtroom: 2**
22 _____ )   **Judge:  Honorable Jeffrey S. White**

23        Plaintiff Valerie Watson-Smith (Plaintiff) respectfully submits this reply memorandum of

24    points and authorities in support of her Motion for Leave to File a First Amended Complaint.

25                           I.       **INTRODUCTION**

26        Plaintiff's motion before this Court seeks leave to amend her complaint to add a cause of

27    action under the California Labor Code Private Attorneys General Act of 2004 (PAGA) and to

28
PLAINTIFF'S REPLY MEMO OF P&A              -1-            3154\MOTFORLEAVE\REPLYP&A.DOC

1   redefine the meal break period class (Class A) set forth in her original complaint. Federal Rule of

2   Civil Procedure 15(a) provides that leave to amend a pleading "should be freely given when

3   justice so requires." The Ninth Circuit instructs that Rule 15 is to be applied with "extreme

4   liberality." Eminence Capital, LLC v. Aspeon, Inc., 326 F.3d 1048, 1052 (9th Cir. 2003). The

5   United States Supreme Court provided the district courts with a list of factors to consider in

6   evaluating whether to grant a party leave to amend its pleading: undue delay, bad faith on the part

7   of the movant, repeated failure to cure deficiencies via previously-allowed amendments, prejudice

8   to the opposing party, or futility of the amendment. Id. at 1051-52 (quoting Foman v. Davis, 371

9   U.S. 178 (1962)). These factors are not of equal weight: the prejudice that may result to the

10   opposing party is the most important consideration. Id. at 1052. Absent prejudice or a strong

11   showing of any of the remaining Foman factors, the district court should rule in favor of

12   amendment. Id.

13       Defendant Spherion Pacific Workforce, LLC's (Defendant or Spherion) Opposition to

14   Plaintiff's Motion does not dispute Plaintiff's proposed amendments on the grounds of prejudice,

15   undue delay, or bad faith. Instead, Defendant focuses its argument on futility alone. Defendant's

16   argument claiming that Plaintiff's proposed class definition does not constitute a certifiable class

17   fails for two reasons: 1) Plaintiff's proposed refinements to the class definition are clearly stated

18   and describe ascertainable subclasses; and 2) Defendant's merits argument lacks proof of futility

19   as a basis for denying Plaintiff leave to amend her complaint.

20                      **II.**    **ARGUMENT**

21       The standard to deny a party leave to amend based on futility is straightforward. "A

22   proposed amendment is futile only if *no* set of facts can be proved under the amendment to the

23   pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton,

24   845 F.2d 209, 214 (9th Cir. 2003) (emphasis added). While Defendant argues this is so,

25   Defendant presents no facts establishing this is so. Defendant fails to prove Plaintiff's proposed

26   refinements to the existing class definition meet the futility standard.

27

28

1
## A.  Defendant's Claim of Futility is Unsupported by its Cited Authority

2       In its opposition, Defendant states, "if the proposed amendment defines a class that cannot

3    be certified, the amendment is deemed futile." Opp. at 3:19-20.  Defendant relies upon two

4    factually inapposite cases to support this statement.

5       The courts in both Paul v. Winco Foods, Inc., 2007 U.S. Dist. LEXIS 37024 (D. Idaho Feb.

6    16, 2007) and Luedke v. Delta Airlines, Inc., 1993 U.S. Dist. LEXIS 11002 (S.D.N.Y. Aug. 6,

7    1993) were considering motions for leave to amend the complaint in a different stage of

8    proceedings than the instant case.  Both courts had already evaluated and denied those plaintiffs'

9    respective motions for class certification when considering the proposed amendments.  In that

10   specific procedural context, evaluation of the proposed amendments per the requirements of Rule

11   23 was proper because the courts had previously identified flaws in the existing allegations that

12   the amendments were designed to cure.  In contrast, Plaintiff's proposed amendments to the meal

13   period class definition are brought while discovery is ongoing and well before the deadline for

14   filing a motion for class certification.

15      Moreover, Plaintiff's proposed amendments do not pose the same problems that led the

16   Paul and Luedke courts to deny leave to amend.  In Paul, the plaintiffs' proposed amended

17   complaint was "essentially a complete restatement of their previous complaint with the addition of

18   material related to certifying a class" that did not cure the defects the court identified in denying

19   their motion for certification.  2007 U.S. Dist. LEXIS 37024 at *20.  In Luedke, the proposed

20   amendments clearly did not resolve the court's concerns regarding class member identification.

21   1993 U.S. Dist. LEXIS 11002 at *15-17.  Again, Plaintiff has yet to request class certification.

22   Plaintiff's proposed redefinition of Class A into two subclasses, based on evidence produced in

23   discovery, seeks to refine and narrow the proposed meal break period class before certification is

24   requested.

25
## B.  Plaintiff's Motion To Amend Does Not Require A Class Certification Analysis

26      Defendant opposes Plaintiff's Motion on the ground that the proposed amended definition

27   of Class A, with the addition of the subclasses, is not amenable to class treatment.  As Plaintiff has

28

1    brought a motion for leave to file a First Amended Complaint, not for class certification, this

2    analysis is not necessary given that Plaintiff has met the standards of Rule 15(a).  Other district

3    courts have taken the position that arguments like Defendant's are more appropriately addressed in

4    the context of class certification, not in opposition to a motion for leave to amend a complaint.

5    Academy of Ambulatory Foot Surgery v. The American Podiatric Association, 516 F. Supp. 378,

6    383 (S.D.N.Y. May 15, 1981) (court granted plaintiffs leave to amend complaint over defendant's

7    futility argument grounded in class certification).

8        Defendant's reliance upon the holding in Brinker v. Superior Court, 2008 Cal.App. LEXIS

9    1138 (Cal.App.4[th] Dist. July 22, 2008) to establish futility is misplaced for several reasons.  First,

10   Brinker did not hold that meal period claims arising under California law can never be certified as

11   class claims.  Second, while Defendant argues that …plaintiff does not rely on any alleged class-

12   wide policy…' regarding meal periods to support a request for class certification, Defendant fails

13   to offer evidence this is so.[1]  Opp. at 5:9-10. Plaintiff is not required to prove the absence of

14   futility to obtain leave to amend, rather, Defendant must affirmatively prove the absence of any set

15   of facts which could be proven under the amendment sought to constitute a valid claim. This

16   Defendant fails to do.

17        Defendant claims that Plaintiff's proposed subclasses are both non-ascertainable and non-

18   sensical and that these constitute additional grounds on which Plaintiff's amendment is futile.

19   These contentions are without merit.  Plaintiff's class definitions are clearly stated and define two

20   discrete subclasses of Spherion hourly employees.  Defendant argues that identification of class

21   members would be a "massive, time-consuming undertaking," but offers no evidence to support

22

23

24   [1] In fact, Plaintiff does seek class certification based upon Spherion meal period policies and practices.  Spherion
     provides temporary employees who work at remote client sites.  Spherion does not affirmatively schedule meal
25   periods for such employees, and does not pay an extra hour of compensation when time records of such employees
     depict the absence of a meal period.  Declaration of Daniel H. Qualls Filed In Support of Plaintiff's Motion For Leave
26   To Amend Complaint, ¶ 4, Exhibit C.  Following the FRCP 30(b)(6) deposition examinations ordered by Magistrate
     Brazil, Plaintiff propounded two successive sets of interrogatories and  inspection demands seeking additional
27   discovery regarding such policies and practices.  Defendant again refused to comply with such discovery, which is
     now the subject of a second motion to compel to be heard on September 24, 2008, before Magistrate Brazil.
28

1    this assertion.  Opp. at 6:16-17.  Defendant's claim that the definitions are "non-sensical" is

2    similarly unsupported.  Argument is not evidence.

3         The burden of proving futility rests on the party asserting it.  Defendant asserts futility, but

4    does not cite to any facts as proof that Plaintiff's proposed subclasses are in fact futile. The core of

5    Defendant's opposition is argument that relies only on case law and unsupported conclusions.

6    Yet, the standard for futility is clear: Defendant must show there is no set of facts that may be

7    proved under the amendment that would constitute a valid claim.  Miller, 845 F.2d at 214.  "Fact"

8    is the operative term in this standard.  Recitations of cases and conclusory statements are not facts.

9    Given Defendant cites no facts in support of its position, Defendant has failed to meet its burden

10   of proof of futility.

11        Defendant's contention that Plaintiff's proposed class subclass definitions are futile

12   because they rely on a determination on the merits is incorrect.  The proposed subclasses are

13   defined as follows:

14   Subclass 1
     Persons paid on an hourly basis working on a customer site for whom Spherion electronic
15   time records depict a meal period not taken, and who did not receive a compensation
     payment by Spherion for the lack of a meal period in said pay period.

16   Subclass 2
17   Persons paid on an hourly basis working on a customer site without the presence of a
     Spherion supervisor for whom Spherion time records depict a meal period not taken, and
18   who did not receive a compensation payment by Spherion for the lack of a meal period in
     said pay period.

19   The proposed subclass consists of persons who did not in fact receive a meal period break and

20   were in fact not paid an additional hour of compensation.  The proposed class definition is based

21   upon two basic objective facts which are not tied to a merits determination: the absence of a meal

22   period as depicted on Spherion employee records, and the absence of payment of an additional

23   hour of pay.

24

25

26

27

28

C.  **Plaintiff Meets The Requirement For Granting Leave To Amend Her Complaint**

This Court is readily familiar with the analysis that accompanies Rule 15(a).  Wixon v. Wyndham Resort Development Corp., 2007 U.S. Dist. LEXIS 80862 (N.D.Cal. October 22, 2007).  Plaintiff offers her amendments for a proper purpose.  Indeed, Defendant does not dispute that the amendments are timely, offered in good faith, and will not cause Defendant undue prejudice.  The language of the proposed subclass definitions is clear and identifies two subclasses.  Defendant fails to offer proof that such subclasses cannot be ascertained such that the proposed amendment is futile.

III.  **CONCLUSION**

Accordingly, for the reasons stated, Plaintiff respectfully requests her motion for leave to amend be granted.

DATE:  August 13, 2008

QUALLS & WORKMAN, L.L.P.

By:
Daniel H. Qualls
Attorneys for Plaintiffs

PLAINTIFF'S REPLY MEMO OF P&A                -6-                3154\MOTFORLEAVE\REPLYP&A.DOC