Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
Aviva N. Roller, Bar No. 245415
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>SPHERION PACIFIC WORKFORCE, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.  C07-05774<br><br>**PLAINTIFF VALERIE WATSON-SMITH'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S INTERROGATORIES AND INSPECTION DEMANDS;  AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:  September 24, 2008<br>Time: 3:00 p.m.<br>Courtroom: 4, 3rd floor<br>Judge:  Honorable Wayne D. Brazil** |

1

### NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

2

3

4    TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

5    PLEASE TAKE NOTICE that on September 24, 2008 at 3:00 p.m. or as soon thereafter as

6    the matter can be heard in Courtroom 4 of the above-entitled court, located at 1301 Clay Street,

7    Oakland, California, Plaintiff Valerie Watson-Smith (Plaintiff) will move the above-entitled court

8    for an order compelling Defendant Spherion Pacific Workforce LLC, (Spherion) to provide further

9    responses to Plaintiff's Interrogatories and Inspection Demands and overrule objections

10   interposed to said discovery requests as set forth in Defendant's discovery responses.  Good cause

11   exists for the order required, as information sought is within the scope of permitted discovery.

12   Any objections raised by Defendant are without merit.

13       This motion will be based on the Memorandum of Points and Authorities filed herewith,

14   the Declaration of Daniel H. Qualls filed herewith, the complete files and records in this action,

15   and such other argument and documents as may be presented at the hearing on this Motion.

16

17   Dated:  August 19, 2008                          QUALLS & WORKMAN, L.L.P.

18

19                                             By:  _____/S/_____

20                                                   Daniel H. Qualls
                                                     Attorneys for Plaintiff and all others similarly
                                                     situated

21

22

23

24

25

26

27

28

1

2

## I.     STATEMENT OF ISSUES TO BE DECIDED

3     Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff brings this motion to compel for Defendant

4   Spherion's failure to provide full and complete responses to Plaintiff's First, Second and Third Set

5   of Interrogatories, and First, Second and Third Inspection Demands.  Defendant objected to

6   Plaintiff's discovery on the grounds of relevance, that Defendant cannot be forced to disclose the

7   requested information prior to this Court's determination on class certification, that the requested

8   information violates the right to privacy, and that disclosure is too burdensome.

## II.     STATEMENT OF FACTS

9

### A.     Plaintiff's Spherion Employment And Wage Claims

10

11     Plaintiff is a current, hourly employee of Spherion.  Spherion is a temporary employment

12   agency, in the business of placing its employees as temporary workers with other businesses.

13   Plaintiff seeks to represent a proposed class of current and former Spherion California employees

14   employed between September 27, 2003, and the present, including: Class A:  persons paid on an

15   hourly basis for whom Spherion records depict a meal period not taken who did not receive a

16   compensation payment by Spherion for the lack of said meal period; Class C:  persons paid on an

17   hourly basis placed by Spherion with Cisco Systems as recruiters.

18     The Complaint sets forth two claims relevant here; 1) a claim based on Spherion's alleged

19   failure to provide meal periods to hourly non-exempt California employees prescribed by

20   California Labor Code § 512; and 2) an off-the-clock (OTC) overtime wage claim  based on

21   Spherion's alleged failure to pay overtime wages Spherion suffered and permitted with respect to

22   Plaintiff and putative class members.

23

24

25

26

27

28

MEMORANDUM OF POINTS & AUTHORITIES     -3-          3154\MOTOCOMPEL\MEMOP&A.DOC

**B.     Plaintiff's Propounded Interrogatories And Inspection Demands And Defendant's Responses**

**1.     First Set Of Interrogatories**

On February 14, 2008, Plaintiff served her First Set of Interrogatories on Spherion.[1] Spherion served its responses on March 18, 2008. The disputed Interrogatories propounded by Plaintiff with Defendant's responses are set forth as follows:

**INTERROGATORY NO. 4:**

**IDENTIFY ALL PERSONS** employed by **YOU** in California paid on an hourly basis between September 27, 2003, **AND** the present who complained to **YOU REGARDING** the absence of meal period breaks.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that the term "complained" and phrase "absence of meal period" are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it calls for a legal conclusion and for disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects to this interrogatory on the grounds that it is unduly burdendsome, oppressive, overbroad and harassing, as it seeks contact information for thousands of individuals before this case even has been certified as a class action. This interrogatory is an impermissible fishing expedition as it potentially relates thousands of employees at hundreds of locations throughout the state, working for thousands of different clients. Defendant further objects to this interrogatory on the grounds that it is premature in that it seeks information pertaining to the merits of the litigation and is not limited to the issues pertaining to class certification. Defendant further objects to this interrogatory on the grounds that it seeks information protected by the constitutional right to privacy of current and former employees of defendant.

---

[1] Declaration of Daniel H. Qualls In Support Of Plaintiff Valerie Watson-Smith's Motion to Compel Further Responses to Plaintiff's Interrogatories And Inspection Demands, et. al. ("Qualls Decl.") ¶2, EXS A & B.

1    **INTERROGATORY NO. 6:**

2         **IDENTIFY ALL PERSONS** employed by **YOU** in California between September 27,

3    2003 **AND** the present who performed recruiting services for Cisco Systems, Inc.

4    **RESPONSE TO INTERROGATORY NO. 6:**

5         Defendant objects to this interrogatory as vague and ambiguous.  Defendant further objects

6    to this interrogatory to the extent that it calls for a legal conclusion and for disclosure of

7    information protected by the attorney-client privilege and/or the attorney work product doctrine.

8    Defendant further objects to this interrogatory on the grounds that it seeks information protected

9    by the constitutional right to privacy of current and former employees of defendant.

10                    2.      **Second Set Of Interrogatories**

11         On April 14, 2008, Plaintiff served her Second Set of Interrogatories on Spherion.[2]

12    Spherion served its responses on May 15, 2008.  The Interrogatory propounded by Plaintiff with

13    Defendant's response is set forth as follows:

14    **INTERROGATORY NO. 9:**

15         **IDENTIFY** the name **AND CONTACT INFORMATION** of **ALL PERSONS** employed

16    by **YOU** as flexible/temporary staff in California from September 27, 2003, **AND** the present paid

17    on an hourly basis working on a customer site without the presence of Spherion supervisory

18    personnel.

19    **RESPONSE TO INTERROGATORY NO. 9:**

20         Defendant objects to this interrogatory on the grounds that the phrase "flexible/temporary

21    staff" is vague and ambiguous.  Defendant further objects to this interrogatory to the extent that it

22    calls for a legal conclusion and for disclosure of information protected by the attorney-client

23    privilege and/or the attorney work product doctrine.  Defendant further objects to this

24    interrogatory on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as

25    it seeks contact information for thousands of individuals before this case has been certified as a

26

27    _____

[2] Qualls Decl. ¶3, EXS C & D.

28

1  class action.  This interrogatory is an impermissible fishing expedition as it relates thousands of

2  employees at hundreds of locations throughout the state, working for hundreds of different clients.

3  Defendant further objects to this interrogatory on the grounds that it seeks information protected

4  by the constitutional right to privacy of current and former employees of defendant.  Defendant

5  further objects to this interrogatory on the grounds plaintiff is not a suitable class representative

6  for "flexible/temporary staff" and therefore is not entitled to the information requested.

7  **3.    Third Set Of Interrogatories**

8  On June 25, 2008, Plaintiff served her Third Set of Interrogatories on Spherion.[3]  Spherion

9  served its responses on July 17, 2008.  The Interrogatory propounded by Plaintiff with

10  Defendant's response is set forth as follows:

11  **INTERROGATORY NO. 9 (Set Three):**

12  **IDENTIFY** branch personnel working in California from September 1, 2003 to the present

13  who process(ed) timesheets for California hourly temporary employees who worked on **YOUR**

14  client sites.  (To **"IDENTIFY"** a **PERSON** means to state the person's name and business address,

15  and additionally, in the case of a natural person, his home address, e-mail, occupation or job title and

16  employer both presently and at the time to which the interrogatory relates and such other information

17  as should be sufficient to notice the deposition of such person and to serve such person with a

18  subpoena). (The terms **"YOU," "YOUR"** or **"YOURS"** refer to Spherion and, if applicable, the

19  agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and

20  their attorneys and those persons employed by their attorneys

21  **RESPONSE TO INTERROGATORY NO. 9 (Set Three):**

22  Defendant objects to this interrogatory on the grounds that the phrases "branch personnel"

23  and "process(ed) timesheets" are vague and ambiguous.  Defendant further objects to this

24  interrogatory to the extent that it calls for a legal conclusion and for disclosure of information

25  protected by the attorney-client privilege and/or the attorney work product doctrine.  Defendant

26

27

———————————————

[3] Qualls Decl. ¶4, EXS. E&F.

28

1 | further objects to this interrogatory on the grounds that it is unduly burdensome, oppressive,

2 | overbroad and harassing, as it seeks private contact information for a multitude of individuals

3 | before this case has been certified as a class action. Defendant further objects to this interrogatory

4 | on the grounds that it seeks information protected by the constitutional right to privacy of current

5 | and former employees of defendant.

### 4.    First Set Of Inspection Demands

7 | On February 14, 2008, Plaintiff served her First Set of Inspection Demands on Spherion.[4]

8 | Spherion served its responses on March 18, 2008. The disputed Inspection Demands propounded

9 | by Plaintiff with Defendant's responses are set forth as follows:

10 | **INSPECTION DEMAND NO. 7:**

11 | **ALL DOCUMENTS REFERRING, RELATING TO, OR REGARDING** complaints

12 | by persons employed by **YOU** in California between September 27, 2003, **AND** the present

13 | regarding meal period breaks.

14 | **RESPONSE TO INSPECTION DEMAND NO. 7:**

15 | Defendant objects to this demand on the grounds that the phrase "complaints... regarding

16 | meal period breaks" is vague and ambiguous. Defendant further objects to this request on the

17 | grounds it fails to identify the documents sought with a level of specificity to enable defendant to

18 | know the precise documents being sought. Defendant further objects to this request to the extent

19 | that it seeks information protected by the attorney-client privilege and/or the attorney work

20 | product doctrine. Defendant further objects to this request on the grounds that it is unduly

21 | burdensome, oppressive, overbroad and harassing, as it seeks information potentially related to

22 | thousands of individuals employed at hundreds of locations throughout the state, working for

23 | thousands of different clients, before this case even has been certified as a class action. Defendant

24 | further objects to this request on the grounds that it is premature in that it seeks information

25 | pertaining to the merits of the litigation and is not limited to the issues pertaining to class

---

[4] Qualls Decl. ¶5, EXS. G&H.

1    certification. Defendant further objects to this request on the grounds that it seeks information

2    protected by the constitutional right to privacy of current and former employees of defendant.

3    **INSPECTION DEMAND NO. 10:**

4        **ALL DOCUMENTS REFERRING OR RELATING** to Valerie D. Watson-Smith,

5    including weekly recruiter reports and TAM reports.

6    **RESPONSE TO INSPECTION DEMAND NO. 10:**

7        Defendant objects to this demand on the grounds that the phrases "weekly recruiter

8    reports" and "TAM reports" are vague and ambiguous. Defendant further objects to this demand

9    to the extent it is overbroad and burdensome and seeks information not reasonably calculated to

10   lead to the discovery of admissible evidence. Defendant further objects to this request on the

11   grounds it fails to identify the documents sought with a level of specificity to enable defendant to

12   know the precise documents being sought.

13       Notwithstanding the foregoing objections, Defendant replies as follows:  Defendant will

14   produce responsive, non-privileged documents within its possession, custody or control.

15   **INSPECTION DEMAND NO. 12:**

16       **ALL** weekly recruiter reports and TAM reports for recruiters employed by **YOU** between

17   September 23, 2007, AND the present performing recruiting services for Cisco Systems, Inc.

18   **RESPONSE TO INSPECTION DEMAND NO. 12:**

19       Defendant objects to this demand on the grounds that the phrases "weekly recruited

20   reports" and "TAM reports" are vague and ambiguous. Defendant further objects to this demand

21   to the extent that it calls for a legal conclusion and for disclosure of information protected by the

22   attorney-client privilege and/or the attorney work product doctrine. Defendant further objects to

23   this demand to the extent it is overbroad and burdensome and seeks information not reasonably

24   calculated to lead to the discovery of admissible evidence. Defendant further objects to this

25   request on the grounds it fails to identify the documents sought with a level of specificity to enable

26   defendant to know the precise documents being sought. Defendant further objects to this request

27   on the grounds that it is premature in that it seeks information pertaining to the merits of the

28

1  litigation and is not limited to the issues pertaining to class certification. Defendant further objects

2  to this request on the grounds that it seeks information protected by the constitutional right to

3  privacy of current and former employees of defendant.

4           **5.    Second Set Of Inspection Demands**

5           On April 14, 2008, Plaintiff served her Second Set of Inspection Demands on Spherion.[5]

6  Spherion served its responses on May 15, 2008. The disputed Inspection Demands propounded by

7  Plaintiff with Defendant's responses are set forth as follows:

8  **INSPECTION DEMAND NO. 13:**

9           **ALL** staffing agreements between **YOU AND** California customers in effect between

10  September 27, 2007, **AND** the present.

11  **RESPONSE TO INSPECTION DEMAND NO. 13:**

12          Defendant objects to this demand on the grounds that the phrase "staffing agreements" is

13  vague and ambiguous. Defendant further objects to this request on the grounds it fails to identify

14  the documents sought with a level of specificity to enable defendant to know the precise

15  documents being sought. Defendant further objects to this request on the grounds that it is unduly

16  burdensome, oppressive, overbroad and harassing, as it relates to agreements for potentially

17  thousands of different clients. Defendant further objects to this request to the extent that it seeks

18  information protected by the attorney-client privilege and/or the attorney work product doctrine.

19          **6.    Third Set Of Inspection Demands**

20          On June 25, 2008, Plaintiff served her Third Set of Inspection Demands on Spherion.[6]

21  Spherion served its responses on July 17, 2008. The disputed Inspection Demands propounded by

22  Plaintiff with Defendant's responses are set forth as follows:

23  **INSPECTION DEMAND NO. 14:**

24          **ALL** forms/exemplars of manual timesheets for use by California hourly temporary

25  employees who worked on client sites from September 1, 2003, to the present.

26

27  [5] Qualls Decl. ¶6, EXS I&J.
   [6] Qualls Decl. ¶7, EXS K&L.
28

**RESPONSE TO INSPECTION DEMAND NO. 14**

Defendant objects to this demand on the grounds that the phrases "forms/exemplars" and "manual timesheets" are vague and ambiguous. Defendant further objects to this request on the grounds it fails to identify the documents sought with a level of specificity to enable defendant to know the precise documents being sought. Defendant further objects to this request on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as it related to timesheets for potentially thousands of different client sites.

Without waiving the foregoing, defendant responds as follows: Defendant has produced "forms/exemplars" of timesheets used by plaintiff in her role as a Cisco recruiter.

**INSPECTION DEMAND NO. 15:**

All forms/exemplars of electronic timesheets for use by California hourly temporary employees who worked on client sites from September 1, 2003, to the present.

**RESPONSE TO INSPECTION DEMAND NO. 15:**

Defendant objects to this demand on the grounds that the phrases "forms/exemplars" and "electronic timesheets" are vague and ambiguous. Defendant further objects to this request on the grounds it fails to identify the documents sought with a level of specificity to enable defendant to know the precise documents being sought. Defendant further objects to this request on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as it related to timesheets for potentially thousands of different client sites.

Without waiving the foregoing, defendant responds as follows: Defendant has produced "forms/exemplars" of timesheets used by Spherion's Cisco recruiter.

Lead counsel for Plaintiff, Daniel H. Qualls, and lead counsel for Defendant, Alfred L. Sanderson, met and conferred on August 7, and again on August 18, 2008, to discuss disputed discovery. Counsel were unable to resolve the discovery disputes presented here.[7]

---

[7] Qualls Decl. ¶8.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    LEGAL ARGUMENT

A party has the right to discover 'any matter, not privileged, that is relevant to the claim or defense of any party.' FRCP 26(b)(1).  Courts broadly construe the scope of discovery. <u>Oppenheimer Fund v. Sanders</u>, 437 U.S. 340 (1978).  The Ninth Circuit recognized that discovery is often necessary to determine if a class is maintainable and to define the scope of the class. <u>Doninger v. Pacific Northwest Ball, Inc.</u>, 564 F. 2d 1304, 1312 (9th Cir. 1977).  A plaintiff may be entitled to pre-certification discovery if discovery is likely to produce substantiation of the class allegations.  <u>Mantolete v. Bolger</u>, 767 F. 2d 1416, 1424 (9th Cir. 1985).  "Discovery relating to class issues is not always distinguishable from other discovery." <u>Barnhart v. Safeway Stores, Inc.</u>, 1992 U.S. Dist. LEXIS 22572 (D. Cal. 1992). "The key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members – an inquiry that may require some discovery on the "merits" and development of the basic issues." <u>Id</u>.

### A.    <u>Defendant Should Be Ordered To Provide Putative Class Member Contact Information</u>

#### 1.    <u>Subclass A and  Subclass C Class Member Contact Information Should Be Ordered Produced</u>

Plaintiff was employed by Spherion as a temporary employee assigned to work at multiple customer worksites in California from 2005 to 2008. In her Complaint, Plaintiff contends she, and putative class members she seeks to represent, failed to receive meal periods and worked overtime hours but did not receive overtime pay from Spherion.  Plaintiff seeks to represent a class of Spherion California hourly employees who, like herself, did not receive meal periods (Subclass A) and worked overtime hours on site at Cisco as a recruiter during the proposed class period without overtime pay (Subclass C).

Plaintiff's First Set of Interrogatories, number 6, requests the names and contact information for members of the overtime pay class (Subclass C).  Plaintiffs Second Set of

1    Interrogatories, number 9, requests names and contact information for members of the meal period

2    claim class (Subclass A).

3        Defendant's failed to provide the requested contact information in response to

4    interrogatory number 6. When Plaintiff met and conferred with Defendant to obtain the requested

5    contact information. Defendant stated it would not provide the requested information without

6    prior written notice to putative class members affording the right to object to release of contact

7    information.[8] Plaintiff did not agree to this limitation, as it is not prescribed by federal procedure

8    and would entail an undue discovery delay, particularly in light of the November 11, 2008, class

9    certification motion filing deadline.[9]

10        Defendant failed to provide requested contact information for Subclass A, and met and

11    confer efforts to obtain this information failed, as Defendant refused to provide such information

12    under any conditions.

13        Federal courts have long allowed for the disclosure of names and contact information of

14    putative class members. <u>Gulf Oil Co. v. Bernard</u>, 452 U.S 89, 101 S.Ct 2193, 68 L.Ed.2d 693

15    (1981); <u>Putnam v. Eli Lilly & Co</u>. 508 F.Supp.2d 812, 814 (C.D. Cal. 2007); <u>Jimenez v. Domino's</u>

16    <u>Pizza, LLC</u>, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. 2006), <u>Wiegele v. Fedex Ground Package</u>

17    <u>Sys.</u>, 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. 2007). Spherion's objection to disclosure of putative

18    class member contact information on the grounds that Plaintiff improperly seeks information

19    regarding liability and damages prior to class certification is without merit. Class certification is

20    not a preliminary requirement to the release of putative class members' contact information. In

21    <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165 (1989), the Supreme Court upheld a discovery

22    order requiring the defendant to provide the names and addresses of potential parties prior to

23    authorization to proceed as a representative action or class certification. <u>Id</u>. at 170. "[T]he

24    Supreme Court did not require a class certification prior to production of the list. It first ruled that

25    production of the list of co-workers was proper." <u>Bailey v. Ameriquest Mortg. Co.</u>, 2002 U.S.

26

27    [8] Qualls. Decl. ¶9
      [9] Qualls Decl. <u>Id</u>.

28

1   Dist. LEXIS 1363 (D. Minn. 2002) ("The District Court was correct to permit discovery of the

2   names and addresses of the discharged employees.").

3          The operative facts and reasoning in Gulf Oil Co., Hoffman-La Roche, Inc., Putnam,

4   Jimenez, and Wiegele, are applicable here. As in such cases, Plaintiff seeks contact information

5   pertaining to all putative class members as Plaintiff seeks to certify a statewide class of Spherion

6   hourly employees.

7          Defendant's insistence upon a Belaire type notice procedure with respect to Subclass C, as

8   required by Interrogatory No. 6, should be rejected on several grounds.  First, privacy concerns

9   can be properly addressed by a protective order limiting dissemination of contact information to

10  Plaintiff's counsel, her investigators and experts. Putnam v. Eli Lilly & Co. 508 F.Supp.2d 812,

11  814 (C.D. Cal. 2007), Jimenez v. Domino's Pizza, 2006 U.S.Dist. LEXIS 55510, at pg. 8 (C.D.

12  Cal. 2006).; Weigele v. Fedex Ground Package Sys., 2007 U.S.Dist LEXIS 9444 (S.D.Cal. 2007).

13  Second, a Belaire notice will cause significant prejudice to Plaintiff.  A Belaire notice entails a

14  three step process typically requiring 6 weeks or more to complete before contact information is

15  provided to the requesting plaintiff.[10]  The Court has set a class certification filing motion deadline

16  of November 11, 2008.  Adoption of a Belaire notice procedure will effectively preclude use of

17  putative class member contact information in support of Plaintiff's request for class certification.

18         Accordingly, Plaintiff respectfully requests an order of the Court directing Defendant to

19  provide contact information for putative class members by September 30, 2008.

20

21              **2.    Contact Information For Putative Class Members Who Complained
                         Regarding The Lack Of Meal Periods Should Be Ordered Produced**

22

23         Plaintiff failed to receive meal periods during her employment by Spherion.  Plaintiff

24  contends that Spherion failed to provide her, and the class members she seeks to represent, meal

25  periods as required by California law.  Cal.Lab.C.§ 512.

26

27  [10] See, Order Re: Privacy Notice/Letter To Putative Class Members, *Wallace Ralston v. US-Reports, Inc.,* Alameda
    County  Superior Court Case No. RG07328773,Qualls Decl. ¶10, EX M.

28

1    Plaintiff's First Set Of Interrogatories, Interrogatory number 4, requests Spherion to

2  identify persons employed by Spherion on an hourly basis during the proposed class period who

3  complained to Spherion regarding the lack of meal period breaks.  Spherion failed to provide the

4  requested contact information.  The information sought is within the scope of permitted discovery.

5  Information sought is relevant to the issue of Spherion's meal period policies and practices,

6  Spherion's actions to provide meal periods as required by California law, and Spherion's policy

7  and practices regarding payment of an hour of compensation for the absence of a meal period.

8  Cal.Lab.C.§ 226.7.  Information sought is also relevant to pre-certification issues of commonality

9  and typicality, as contact information sought will enable Plaintiff to obtain further information

10  relevant to the issue of commonality and typicality of meal period claims presented.

**B.    Defendant Should Be Ordered To Produce Cisco-Based Recruiter Weekly**
11       **Work Reports/TAM Reports**

12

13    In <u>Lindow v. United States of America</u>, 738 F.2d 1057, 1060-61 (9th Cir. 1984), the court

14  explained the circumstance in which an employer is obligated to pay OTC overtime wages.

15    "An employer must pay overtime when he 'suffers' or 'permits' an employee to work in

16  excess of 40 hours. 29 U.S.C. §§ 203(g), 207(a). We have interpreted the words 'suffer' or 'permit'

17  to mean 'with the knowledge of the employer.' (citation omitted) [W]e have more recently held

18  that 'an employer who knows or should have known that an employee is or was working overtime'

19  is obligated to pay overtime. (citation omitted) 'An employer who is armed with this knowledge

20  cannot stand idly by and allow an employee to perform overtime work without proper

21  compensation, even if the employee does not make a claim for the overtime

22  compensation.' (citation omitted)." <u>Id.</u>

23    While at Cisco, Plaintiff was required to processed new employee requisition requests

24  from Cisco management, commonly known as 'requisitions' or 'recs.'  Plaintiff reported her 'rec'

25  count on a weekly basis.  Such reports were known as weekly 'rec' reports, or TAM reports.

26  Plaintiff's 'rec' count ranged between 40 to 60 'recs' per week, sometimes more, the same as class

27  member Cisco-based recruiters Plaintiff seeks to represent.  It is Plaintiff's contention that her

28

1  'rec' count, and those of the class of Cisco-based recruiters, required Plaintiff and putative class

2  members to work overtime hours for which they were not paid.  As such 'rec' counts were

3  reported to Spherion on a weekly basis by Plaintiff and putative class members, it is Plaintiff's

4  contention that such reports constitute common evidence of Spherion's knowledge of overtime

5  work performed by Plaintiff and putative class members.  Such common evidence, Plaintiff

6  contends, satisfies the suffer on permit requirement for payment of OTC overtime wages.

7          Plaintiff's First Inspection Demand, Request No. 10, seeks production of Plaintiff's weekly

8  'rec' reports.  Defendant failed to produce the requested records.  Meet and confer efforts to

9  resolve this dispute failed.  The requested records fall within the scope of permitted discovery and

10  should be ordered produced.

11          Plaintiff's First Inspection Demand, Request No. 12, seeks production of all  weekly 'rec'

12  reports for putative class members.  Defendant failed to produce the requested records.  Meet and

13  confer efforts to resolve this dispute also failed. .The requested records fall within the scope of

14  permitted discovery and should also be ordered produced.

15  **C.      Contact Information For Spherion Time Record Imput Processors Should**
    **Be Ordered Produced**

16

17          On April 2, 2008, the Court ordered Spherion to produce a witness competent to testify,

18  pursuant to Federal Rule of Civil Procedure (FRCP) 30 (b)(6), regarding Spherion's policies and

19  practices for granting meal periods for hourly employees during the proposed class period.[11]  On

20  May 30, 2008, Spherion produced such witness, Spherion manager Joan Orzo (Orzo).  Orzo

21  testified that branch employees who process the timesheets for Spherion temporary employees

22  working at customer sites review such timesheets to ensure meal periods are provided

23  employees.[12]  Plaintiff contests such policy or practice by Spherion.  During Plaintiff's tenure as a

24  Spherion temporary employee, Plaintiff contends she, and the putative class members she seeks to

25

26

27  [11] Qualls Decl. ¶11
    [12]  Qualls Decl. ¶11, EX N.

28

1   represent, routinely submitted timesheets depicting the absence of a meal period without response
2   of any kind from Spherion branch personnel.

3        As a consequence, Plaintiff propounded a Third Set of Interrogatories, Interrogatory
4   number 9, which requests the names and contact information of Spherion branch personnel
5   responsible for imputing temporary employee timesheets during the proposed class period.
6   Defendant failed to provide the information requested. The witness information requested by
7   Interrogatory number 9 is within the scope of permitted discovery and should be provided by
8   Spherion. Spherion branch personnel who process temporary employee time records will possess
9   information regarding Spherion's meal period policies and practices, and the extent to which
10  Spherion provides such meal periods as claimed by Orzo by monitoring client site employee
11  timesheets to confirm such meal periods are in fact provided. Information sought is also relevant
12  to the issue of commonality and typicality of Plaintiff's work experience with respect to meal
13  periods and that of putative class members. Spherion should be ordered to provide the witness
    information sought.

14

15  **D.    Time Sheet Exemplars Used By Spherion During The Proposed Class Period**
    **Should Be Ordered Produced**
16

17       California employees must maintain records of non-exempt employee meal periods. 8 Cal.
18  Code Regs §11070, Sub 7(A) (3); IWC Wage Order 2001-7(7)(3).

19       According to Spherion 30(b)(6) witness Orzo, Spherion monitors timesheets submitted by
20  hourly temporary employees working at customer sites to determine if meal periods are provided
21  by Spherion customers. Plaintiff contests this assertion.

22       In response to Orzo's deposition testimony, Plaintiff's Third Set of Inspection Demands,
23  Request numbers 14 and 15, request production of exemplars of hard copy paper timesheets
24  (Request number 14) and electronic timesheets (Request number 15). Defendant failed to produce
25  the requested timesheet exemplars. Rather, Defendant produced Plaintiff's electronic timesheets
26  used by Plaintiff during her job placement with Cisco only.

27

28

3154\MOTOCOMPEL\MEMOP&A.DOC

1    Exemplar records requested are within the scope of permitted discovery and should be
2    ordered produced.  The form of timesheets prepared by temporary employees, and the extent to
3    which Spherion in fact systematically monitors such timesheets, is relevant to the issue of
4    Spherion's meal period practices and policies.  Such records are also relevant to the issue of
5    whether Plaintiff's submission of time records was typical of those submitted by putative class
6    members, and whether Spherion's monitoring practices and policies varied by the type of time
7    record, and are applied equally to Plaintiff and class members.  In addition, discovery of the form
8    of timesheets submitted by putative class members should be permitted, as it bears upon the issue
9    of the extent to which differences in timesheet formatting and content impact the existence of
10   common issues of fact and law regarding meal period compliance by Spherion.

11   **E.    Defendant Should Be Ordered To Produce Staffing Agreement
            Exemplars In Use By Spherion During The Proposed Class Period**
12

13   Spherion is in the business of providing temporary employees to work on-site at Spherion
14   customer worksites in California.  The relationship created between Spherion and its customers is
15   therefore contractual.  As the purpose of such relationship is for Spherion to provide the labor of
16   its employees to its customers at their work sites, staffing agreements for this purpose between
17   Spherion and its customers doubtlessly address the subject of work to be performed by Spherion
18   employees, and the circumstances under which such work is performed.  Plaintiff contends she
19   performed work at Spherion customer sites without meal periods, and worked overtime hours at
20   the Cisco customer site without overtime pay.  The extent to which staffing agreements address
21   meal periods for Spherion employees, or not, is relevant to Plaintiff's contention that Spherion
22   failed to provide her, and putative class members, meal periods as required by California law.
23   Similarly, the extent to which staffing agreements address the subject of work assignments,
24   supervision, and work schedules, or not, is relevant to Plaintiff's contention that Spherion failed to
25   pay overtime wages for OTC overtime hours she and other class members worked.  Accordingly,
26   Spherion should be ordered to produce staffing agreement exemplars as requested by Plaintiff.
27
28

1

## CONCLUSION

2        Accordingly, for the reasons stated, Plaintiff respectfully request her motion to compel be

3   granted.

4

5   Dated:  August 19, 2008                          QUALLS & WORKMAN, LLP

6

7                                                          /s/
                                                    _____
8                                                   Daniel H. Qualls
                                                    Attorney For Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28