Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>SPHERION PACIFIC WORKFORCE, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C07-05774<br><br>**PLAINTIFF VALERIE WATSON-SMITH'S NOTICE OF MOTION AND MOTION FOR AWARD OF SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>FRCP 37(a)(5)<br><br>Date: September 24, 2008<br>Time: 3:00 p.m.<br>Courtroom: 4, 3rd floor<br>Judge: Honorable Wayne D. Brazil |

## NOTICE OF MOTION AND MOTION IN SUPPORT OF REQUEST FOR ATTORNEY'S FEES

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 24, 2008, at 3:00 p.m. or as soon thereafter as the matter can be heard in Courtroom 4 of the above-entitled court, located at 1301 Clay Street, Oakland, California, Plaintiff Valerie Watson-Smith (Plaintiff) will move the above-entitled court for an order awarding attorney's fees in the amount of $9,737 to be paid by Defendant Spherion Pacific Workforce, LLC to Plaintiff pursuant to FRCP 37(a)(5) on the grounds that Plaintiff prevailed on her motion to compel discovery filed and heard concurrently with this motion.

This motion will be based on the Memorandum of Points and Authorities filed herewith, the Declaration of Daniel H. Qualls filed herewith, the complete files and records in this action, and such other argument and documents as may be presented at the hearing on this Motion.

Dated: August 19, 2008                           QUALLS & WORKMAN, L.L.P.


By: _____/S/_____
    Daniel H. Qualls
    Attorneys for Plaintiff and all others similarly
    situated

## I. STATEMENT OF FACTS

On February 14, 2008, Plaintiff served her First Set of Interrogatories on Defendant Spherion Pacific Workforce, LLC (Spherion).[1] Plaintiff's interrogatory number 4 requested identification of persons who complained to Spherion regarding the absence of meal periods, and interrogatory number 6 requested contact information for putative class members for Subclass C.

Spherion served its responses on March 18, 2008.[2] Spherion failed to provide information requested. Plaintiff met and conferred with Defendant regarding its response. Defendant refused to provide a further response to interrogatory number 4, and would not provide a further response to interrogatory number 6 without prior mailed notice to putative class members informing members of a right to object to disclosure. Net result: Defendant failed to provide any information requested.

On February 14, 2008, Plaintiff served her First Inspection Demand on Spherion.[3] Request number 7 requested documents concerning complaints by Spherion employees during the proposed class period regarding the absence of meal periods. Request numbers 10 and 11 requested weekly recruiter reports/TAM reports for Plaintiff (Request 10) and putative class members (Request 11). Plaintiff's Spherion served its responses on March 18, 2008.[4] Spherion failed to produce the requested documents. Meet and confer efforts to procure the requested records failed. Net result: Defendant failed to produce requested records.

On April 14, 2008, Plaintiff served her Second Set of Interrogatories on Spherion. Interrogatory number 9 required contact information for putative class members for Subclass A narrowed to include only those putative class members employed by Spherion as flexible/temporary staff in California during the class period working on a customer site without the presence of Spherion supervisory personnel.[5] Spherion served its responses on May 15, 2008.[6] Spherion failed to provide the information requested. Plaintiff met and conferred with

---

[1] Qualls Decl. ¶2, EX A.
[2] Qualls Decl. ¶ 2, EX B.
[3] Qualls Decl. ¶5, EX. G
[4] Qualls Decl. ¶ 5, EX. H.
[5] Qualls Decl. ¶ 3, EX. C.
[6] Qualls Decl. ¶ 3, EX D.

Defendant regarding its response. Defendant refused to provide a response to interrogatory number 9. Net result: Defendant failed to provide any information requested.

On April 14, 2008, Plaintiff served her Second Inspection Demand on Spherion.[7] Request number 13 requested production of staffing agreements during the proposed class period between Spherion and its California customers. Spherion served its responses on May 15, 2008.[8] Defendant failed to produce documents requested. In subsequent meet and confer conferences, Plaintiff proposed production of staffing agreement exemplars only. Defendant rejected this proposal. Net result: Defendant failed to produce records requested.

On June 25, 2008, Plaintiff served her Third Set of Interrogatories consisting of a single interrogatory, number 9, which requested identification of Spherion branch personnel responsible for processing class member time cards during the proposed class period.[9] Spherion served its responses on July 17, 2008.[10] Spherion failed to provide information requested. Meet and confer efforts to obtain requested information failed. Net result: Defendant failed to provide requested information.

On June 25, 2008, Plaintiff served her Third Set of Inspection Demands on Spherion.[11] Request numbers 14 and 15 requested production of paper and electronic timecards used by putative class members during the proposed class period. Spherion served its responses on July 17, 2008.[12] Spherion failed to produce the requested exemplar records. Meet and confer efforts to obtain requested information failed. Net result: Defendant failed to provide requested information.

---

[7] Qualls Decl.¶ 6, EX. I.
[8] Qualls Decl.¶ 6, EX J.
[9] Qualls Decl.¶ 4, EX. E.
[10] Qualls Decl.¶ 4 EX F.
[11] Qualls Decl.¶ 7, EX. K.
[12] Qualls Decl.¶ 7, EX. L.

## II. ARGUMENT

A party who prevails on a motion to compel discovery is entitled to his or her expenses, including attorneys fees, unless the losing party affirmatively demonstrates that its failure to provide requested discovery was substantially justified. Fed.R.Civ.Pro.37(a)(5); Adv.Comm.Notes to 1970 Amendment.

Spherion failed to provide discovery requested by Plaintiff's First Set Of Interrogatories (Nos. 4, 6), First Inspection Demand (Requests 7, 10-11), Second Set of Interrogatories (No. 9), Second Inspection Demand (Request 13), Third Set of Interrogatories (No. 9), and Third Inspection Demand (Requests 14 and 15). On August 19, 2008, Plaintiff filed a motion to compel further responses by Spherion to these discovery requests to be heard concurrently with this motion. Should Plaintiff's motion be granted, Plaintiff requests recovery of her expenses for such motion from Defendant Spherion in the amount of $ 9,737 pursuant to FRCP 37(a)(5).[13]

Dated: August 19, 2008　　　　　　　　QUALLS & WORKMAN, LLP


　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　Daniel H. Qualls
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff Valerie Watson-Smith

---

[13] Qualls Decl. ¶12.