1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  Aviva N. Roller, Bar No. 245415
   **QUALLS & WORKMAN, LLP**
3  244 California Street, Suite 410
   San Francisco, CA 94111
4  Telephone: (415) 782-3660
   Facsimile: (415) 788-1028
5
   David Sanford, D.C. Bar No. 457933
6  Meenoo Chahbazi, CA Bar No. 233985
   **SANFORD, WITTELS & HEISLER, LLP**
7  1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
8  Telephone: (202) 742-7780
   Facsimile:  (202) 742-7776
9
   Grant Morris, D.C. Bar No. 926253
10 **LAW OFFICES OF GRANT E. MORRIS**
   1666 Connecticut Avenue, N.W., Suite 310
11 Washington, D.C. 20009
   Telephone: (202) 742-7783
12 Facsimile:  (202) 742-7776

13 *Attorneys for Plaintiff*

14             UNITED STATES DISTRICT COURT

15          NORTHERN DISTRICT OF CALIFORNIA

16

17 VALERIE D. WATSON-SMITH, AND ALL          ) No.   C07-05774
   OTHERS SIMILARLY SITUATED,                )
18                                           )
                  Plaintiff,                 )  **DECLARATION OF DANIEL H.**
19                                           )  **QUALLS IN SUPPORT OF**
          vs.                                )  **PLAINTIFF VALERIE WATSON-**
20                                           )  **SMITH'S;**
   SPHERION PACIFIC WORKFORCE, LLC, and      )
21 DOES 1 through 100, inclusive,            )  **1) MOTION TO COMPEL**
                                             )  **RESPONSES TO PLAINTIFF'S**
22               Defendants.                 )  **INTERROGATORIES AND**
                                             )  **INSPECTION DEMANDS;  AND**
23 ────────────────────────────────────────
                                                **2) PLAINTIFF'S MOTION FOR**
24                                              **SANCTIONS**

25                                              **Date:  September 24, 2008**
                                                **Time: 3:00 p.m.**
26                                              **Courtroom: 4, 3rd floor**
                                                **Judge:  Honorable Wayne D. Brazil**
27 ────────────────────────────────────────

       I, Daniel H. Qualls, declare as follows:
28

DECLARATION OF DANIEL H. QUALLS          -1-                    3154\COMPEL\DHQDECL.DOC

1     1.    I am an attorney at law, duly licensed to practice before all the courts of the State of

2     California, and am a Partner with the law firm of Qualls & Workman, L.L.P., attorneys of record

3     herein for Plaintiff Shavotnae Goldsby. The following is based on my personal knowledge, and if

4     called upon to do so, I could and would competently testify thereto.

5     2.    On February 14, 2008, Plaintiff served her First Set of Interrogatories on Spherion.

6     Spherion served its responses on March 18, 2008. Attached hereto as Exhibits A and B are true

7     and correct copies of Plaintiff's First Set of Interrogatories and Defendant's Responses.

8     3.    On April 14, 2008, Plaintiff served her Second Set of Interrogatories on Spherion.

9     Spherion served its responses on May 15, 2008. Attached hereto as Exhibits C & D are true and

10    correct copies of Plaintiff's Second Set of Interrogatories and Defendant's Responses.

11    4.    On June 25, 2008, Plaintiff served her Third Set of Interrogatories on Spherion.

12    Spherion served its responses on July 17, 2008. Attached hereto as Exhibits E & F are true and

13    correct copies of Plaintiff's Third Set of Interrogatories and Defendant's Responses.

14    5.    On February 14, 2008, Plaintiff served her First Set of Inspection Demands on

15    Spherion. Spherion served its responses on March 18, 2008. Defendant has not produced records

16    in response to requests 7, 11, and 12. Attached hereto as Exhibits G & H are true and correct

17    copies of Plaintiff's First Set of Inspection Demands and Defendant's Responses.

18    6.    On April 14, 2008, Plaintiff served her Second Set of Inspection Demands on

19    Spherion. Spherion served its responses on May 15, 2008. Attached hereto as Exhibits I & J are

20    true and correct copies of Plaintiff's Second Set of Inspection Demands and Defendant's

21    Responses.

22    7.    On June 25, 2008, Plaintiff served her Third Set of Inspection Demands on

23    Spherion. Spherion served its responses on July 17, 2008. Attached hereto as Exhibits K&L are

24    true and correct copies of Plaintiff's Third Set of Inspection Demands and Defendant's Responses.

25    8.    I met and conferred with Defendant's lead counsel Alfred L. Sanderson, on August

26    7, and again on August 18, 2008, to discuss the disputed discovery presented by this motion.

27    Counsel were unable to resolve the discovery disputes presented here.

28

1    9.    Defendant failed to provide the requested contact information in response to

2  interrogatory number 6. When I met and conferred with Mr. Sanderson to obtain the requested

3  contact information, he informed me that Defendant would not provide the requested information

4  without prior written notice to putative class members affording the right to object to release of

5  contact information. I informed Mr. Sanderson that Plaintiff did not agree to this limitation, as it

6  is not prescribed by federal procedure and would entail an undue discovery delay, particularly in

7  light of the November 11, 2008, class certification motion filing deadline set in this case by Judge

8  White.

9    10.    As I further explained a _Belaire_ type notice entails a three step process typically

10  requiring 6 weeks or more to complete before contact information is provided to the requesting

11  plaintiff. Such a delay is prejudiced to Plaintiff. Attached hereto as Exhibit M is a true and

12  correct copy of Order Re: Privacy Notice/Letter To Putative Class Members, _Wallace Ralston v._

13  _US-Reports, Inc._, Alameda County  Superior Court Case No. RG07328773.

14    11.    On April 2, 2008, the Court ordered Spherion to produce a witness competent to

15  testify, pursuant to Federal Rule of Civil Procedure (FRCP) 30 (b)(6), regarding Spherion's

16  policies and practices for granting meal periods for hourly employees during the proposed class

17  period. On May 30, 2008, Spherion produced such witness, Spherion manager Joan Orzo (Orzo).

18  Orzo testified that branch employees who process timesheets for Spherion temporary employees

19  working at customer sites review such timesheets to ensure meal periods are provided employees.

20  Attached hereto as Exhibit N. is a true and correct copy of Joan Orzo's deposition testimony.

21    12.    I have spent 10.5 hours meeting and conferring with Defendant's counsel regarding

22  the discovery issues presented by Plaintiff's motion to compel, and preparing the motion itself. I

23  anticipate an additional 10 hours of professional time will be required to prepare a reply brief in

24  support of Plaintiff's motion, and to attend the hearing on said motion. My firm has been awarded

25  lodestar fees is class action cases in California state and federal proceedings at the rate of $ 475.00

26  per hour, which is my professional hourly rate. Time spent and to be spent on Plaintiff's motion

27  to compel, when multiplied by my professional rate of $ 475 per hour, results in a cost to Plaintiff

28  for the motion to compel filed August 19, 2008, of $ 9,737.

DECLARATION OF DANIEL H. QUALLS    -3-    3154\COMPEL\DHQDECL.DOC

1        I declare under penalty of perjury that the foregoing is true and correct and that this

2    Declaration was executed August 19, 2008, in San Francisco, California.

3

4                                                       /S/

5                                           DANIEL H. QUALLS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  **QUALLS & WORKMAN, LLP**
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4  Facsimile: (415) 788-1028

5  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
6  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7780
8  Facsimile: (202) 742-7776

9  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
10 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
11 Telephone: (202) 742-7783
   Facsimile: (202) 742-7776

12
   *Attorneys for Plaintiff*
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

17 VALERIE D. WATSON-SMITH, AND ALL          ) **No. C07-05774**
   OTHERS SIMILARLY SITUATED,                )
18                                           ) **PLAINTIFF VALERIE D. WATSON-**
                  Plaintiff,                 ) **SMITH'S FIRST SET OF**
19                                           ) **INTERROGATORIES TO**
            vs.                              ) **DEFENDANT SPHERION PACIFIC**
20                                           ) **WORKFORCE, LLC.**
   SPHERION PACIFIC WORKFORCE, LLC, and      )
21 DOES 1 through 100, inclusive,            ) **F.R.C.P. 33**
                                             )
22              Defendants.                  )
                                             )
23

24 PROPOUNDING PARTY:    Plaintiff Valerie D. Watson-Smith

25 RESPONDING PARTY:     Defendant Spherion Pacific Workforce, LLC

26 SET:                  One

27

28

1        Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiff Valerie D. Watson-Smith

2    ("WATSON-SMITH") hereby requests that Defendant Spherion Pacific Workforce, LLC

3    ("SPHERION") answer in writing and under oath the following interrogatories:

4

5    **INTERROGATORY NO. 1:**

6        **IDENTIFY** the **CONTACT INFORMATION** of **ALL PERSONS** employed by **YOU** in

7    California from September 27, 2003, **AND** the present, paid on an hourly basis for whom

8    Spherion records depict a meal period not taken. (The term "**CONTACT INFORMATION**"

9    refers to the name, address, email address and telephone number)   (The term "**PERSON**" refers

10   both to natural persons and to corporate or other business entities such as a firm, partnership,

11   proprietorship, association or any other organization or entity). (To "**IDENTIFY**" a **PERSON**

12   means to state the person's name and business address, and additionally, in the case of a natural

13   person, his home address, e-mail, occupation or job title and employer both presently and at the time

14   to which the interrogatory relates and such other information as should be sufficient to notice the

15   deposition of such person and to serve such person with a subpoena). (To "**IDENTIFY ALL**

16   **DOCUMENTS**" means to provide a brief description of each document sufficient to support a

17   request for production, including at least the type of document, date of the document, identification of

18   the author and recipient (if any), all persons who received or saw copies). (The terms

19   "**DOCUMENT**" or "**DOCUMENTS**" shall mean any tangible thing upon which any expression,

20   communication or representation has been recorded by any means including, but not limited to,

21   "**COMPUTER RECORDS,**" "**E-MAIL RECORDS,**" handwriting, typewriting, printing,

22   Photostatting, photographing, audio taping, videotaping, magnetic impulse, or mechanical or

23   electronic recording and any nonidentical copies (whether different from the original because of notes

24   made on such copies, because of indications that said copies were sent to different individuals than

25   were the originals, or because of any other reason), including but not limited to working papers,

26   preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

27   of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

28   telephone or other oral conversations, desk calendars, appointment books, audio or video tape

INTERROGATORIES            -2-           3154\DISCOVERY\ROGS1.DOC

1  recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

2  and all other writings and recordings of every kind that are in **YOUR** actual or constructive

3  possession, custody or control. The term **"COMPUTER RECORDS"** shall mean any tangible

4  thing upon which any expression, communication or representation has been recorded by any means

5  including, but not limited to, network server storage, backup storage, online server storage,

6  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

7  computer card, computer hard drive, computer floppy drive, removable computer drive storage,

8  scanner, computer facsimile, printing, Photostatting, photographing, video recording, audio

9  recording, magnetic impulse, or other means of electronic recording and any nonidentical copies

10 (whether different from the original because of notes made on such copies, because of indications that

11 said copies were sent to different individuals than were the originals, or because of any other reason),

12 including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

13 memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

14 financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

15 schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

16 **YOUR** actual or constructive possession, custody or control. The term **"E-MAIL RECORDS"** shall

17 mean any and all tangible thing upon which any expression, communication or representation has

18 been recorded by any means including, but not limited to, any form of electronic mail, Internet online

19 e-mail, any form of interoffice and/or intraoffice network e-mail, printouts of documents from

20 Internet online e-mail or interoffice and intraoffice network e-mail, including any copies which may

21 be stored electronically in any manner including, but not limited to, network server storage, backup

22 storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy

23 diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable

24 computer drive storage, scanner, computer facsimile, printing, Photostatting, photographing, video

25 recording, audio recording, magnetic impulse, or other means of electronic recording and any

26 nonidentical copies (whether different from the original because of notes made on such copies,

27 because of indications that said copies were sent to different individuals than were the originals, or

28 because of any other reason), including but not limited to working papers, preliminary, intermediate

1  or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings,

2  invoices, financial statements, financial calculations, diaries, reports of telephone or other oral

3  conversations, calendars, task schedulers, audio or video recordings, and all other writings and

4  recordings of every kind that are in **YOUR** actual or constructive possession, custody or control).

5  (The terms **"YOU," "YOUR"** or **"YOURS"** refer to Spherion and, if applicable, the agents,

6  employees, officers, and directors of same or of any subsidiary or divisions thereof, and their

7  attorneys and those persons employed by their attorneys.) (As used herein, the term **"ALL"** is

8  synonymous with **"ANY"** and the term **"OR"** means **"AND/OR"**).(As used herein, the term

9  **"REGARDING"** means relating to, referring to, pertaining to, reflecting, substantiating,

10  evidencing, constituting, or in any manner whatsoever logically or factually connected with the

11  matter referenced, whether in whole or in part.)

12  **INTERROGATORY NO. 2:**

13      **IDENTIFY** the period of employment for each **PERSON** employed by **YOU** in California

14  from September 27, 2003, **AND** the present, paid on an hourly basis for whom Spherion records

15  depict a meal period not taken.

16  **INTERROGATORY NO. 3**:

17      **IDENTIFY** the number of **PERSONS** employed by **YOU** in California between

18  September 27, 2003, **AND** the present paid on an hourly basis for whom Spherion records depict a

19  meal period not taken.

20  **INTERROGATORY NO. 4:**

21      **IDENTIFY ALL PERSONS** employed by **YOU** in California paid on an hourly basis

22  between September 27, 2003, **AND** the present who complained to **YOU REGARDING** the

23  absence of meal period breaks.

24  **INTERROGATORY NO. 5:**

25      **IDENTIFY** the number of **PERSONS** employed by **YOU** in California between

26  September 27, 2003 and the present, paid on an hourly basis.

27

28

INTERROGATORIES            -4-            3154\DISCOVERY\ROGS1.DOC

1    **INTERROGATORY NO. 6:**

2        **IDENTIFY ALL PERSONS** employed by **YOU** in California between September 27,

3    2003 **AND** the present who performed recruiting services for Cisco Systems, Inc.

4    **INTERROGATORY NO. 7:**

5        IDENTIFY ALL persons employed by YOU in California between September 27, 2003,

6    AND the present with a home based work site.

7    **INTERROGATORY NO. 8:**

8        IDENTIFY ALL persons employed by YOU in California between September 27, 2003,

9    AND the present who performed recruiting services for Kaiser Permanete/Kaiser Foundation

10   Health Plan.

11

12   Date:  February 14, 2008                    QUALLS & WORKMAN, LLP

13

14

15                                              Daniel H. Qualls
                                               Attorney For Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Tammy M. Mazzullo, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco, California. On February 14, 2008, I served **PLAINTIFF VALERIE D. WATSON-SMITH'S FIRST SET OF INTERROGATORIES TO DEFENDANT SPHERION PACIFIC WORKFORCE, LLC.** on the interested parties in this action via mail by placing a true copy thereof, on the above date, enclosed in a sealed envelope following the ordinary business practice of Qualls & Workman, for collection and mailing in the United States mail addressed as set forth below:

Alfred L. Sanderson, Jr., Esq.
SEYFARTH SHAW, LLP
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428

I am personally and readily familiar with the business practice of Qualls & Workman for collection and processing of documents for mailing with the U.S. Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the U.S. Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 14, 2008 in San Francisco, California.

Tammy M. Mazzullo

.

# EXHIBIT B

.

1   SEYFARTH SHAW LLP
    Samuel T. McAdam (SBN 186084)
2   Alfred L. Sanderson, Jr. (SBN 186071)
    Anthony J. Musante (SBN 252097)
3   400 Capitol Mall, Suite 2350
    Sacramento, California 95814-4428
4   Telephone: (916) 448-0159
    Facsimile: (916) 558-4839
5
    Attorneys for Defendant
6   Spherion Atlantic Enterprises, LLC

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  VALERIE D. WATSON-SMITH, AND ALL      )  Case No. C 07 05774 JSW
    OTHER SIMILARLY SITUATED,             )
11                                        )  **DEFENDANT'S RESPONSE TO**
                                          )  **PLAINTIFF'S FIRST SET OF**
12            Plaintiff,                  )  **INTERROGATORIES**
                                          )
13        v.                              )  **F.R.C.P. 33**
                                          )
14  SPHERION PACIFIC WORKFORCE, LLC,      )  Superior Court of California, County of
    and DOES 1 through 100, inclusive     )  Alameda Case Number: 07348378
15                                        )
              Defendant.                  )  Complaint Filed:  September 27, 2007
16                                        )
                                          )
17

18  PROPOUNDING PARTY:      PLAINTIFF VALERIE D. WATSON-SMITH

19  RESPONDING PARTY:       DEFENDANT SPHERION ATLANTIC ENTERPRISES, LLC

20  SET NUMBER:             ONE

21        Defendant SPHERION ATLANTIC ENTERPRISES, LLC, sued herein as SPHERION

22  PACIFIC WORKFORCE, LLC, by and through its attorneys, Seyfarth Shaw LLP, and for its

23  Response to Plaintiff's First Set of Interrogatories, hereby submits its Response to Plaintiff

24  VALERIE D. WATSON-SMITH, and states as follows:

25                        **PRELIMINARY STATEMENT**

26        Spherion has not completed its investigation, discovery, or analysis, of all the facts of this

27  case and has not completed preparation for trial.  Accordingly, each of the following responses is

28  provided without prejudice to Spherion's right to introduce in response to any motion or at trial

_____
DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
SCI 17091163.1

1   any evidence that is subsequently discovered relating to the proof of subsequently discovered

2   material facts. Moreover, facts, documents, and things now known may be imperfectly

3   understood and, accordingly, such facts, documents, and things, may not be included in the

4   following responses. Spherion reserves the right to reference, discover, or offer into evidence at

5   any motion hearing or at the time of trial any and all facts, documents, and things which they do

6   not presently recall but may recall at some time in the future.

7   **GENERAL OBJECTIONS**

8        The following general objections apply to the entirety of Plaintiff's First Set of

9   Interrogatories. The assertion of same, similar, or additional objections to the subject matter

10  requests does not waive any of Spherion's general objections as set forth below.

11       1.    Spherion objects to the First Set of Interrogatories and each specific subject

12  matter request to the extent that it imposes instructions, requirements, or limitations other or

13  greater than those set forth in the FRCP.

14       2.    Spherion objects to each interrogatory to the extent that it seeks to impose on

15  Spherion responsibility for disclosing information not within Spherion's possession, custody or

16  control.

17       3.    Spherion objects to each interrogatory to the extent that it is overly broad in terms

18  of time and/or scope, unduly burdensome, oppressive, vague, ambiguous, and/or unreasonable.

19       4.    Spherion objects to each interrogatory to the extent that it overlaps or is

20  duplicative of other interrogatories.

21       5.    Spherion objects to each interrogatory to the extent that it seeks information that

22  is not relevant to this action or reasonably calculated to lead to the discovery of admissible

23  evidence.

24       6.    Spherion objects to each interrogatory insofar as it requests the disclosure of any

25  information protected by the attorney-client privilege or the attorney work product doctrine. No

26  such information will be disclosed.

27       7.    Spherion objects to each interrogatory to the extent that it seeks discovery of

28  confidential, trade secret, proprietary, financial, or commercially sensitive information, the

2
DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
SCI 17091163.1

1  disclosure of which would constitute an invasion of the constitutionally protected right of

2  privacy or could result in substantial competitive injury to Spherion or breach by Spherion of an

3  obligation to another to maintain such information confidential.

4  **SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

5  **INTERROGATORY NO. 1:**

6      **IDENTIFY** the **CONTACT INFORMATION** of **ALL PERSONS** employed by **YOU**

7  in California from September 27, 2003, **AND** the present, paid on an hourly basis for whom

8  Spherion records depict a meal period not taken. (The term **"CONTACT INFORMATION"**

9  refers to the name, address, email address and telephone number) (The term **"PERSON"** refers

10  both to natural persons and to corporate or other business entities such as a firm, partnership,

11  proprietorship, association or any other organization or entity). (To **"IDENTIFY"** a **PERSON**

12  means to state the person's name and business address, and additionally, in the case of a natural

13  person, his home address, e-mail, occupation or job title and employer both presently and at the

14  time to which the interrogatory relates and such other information as should be sufficient to

15  notice the deposition of such person and to serve such person with a subpoena). (To

16  **"IDENTIFY ALL DOCUMENTS"** means to provide a brief description of each document

17  sufficient to support a request for production, including at least the type of document, date of the

18  document, identification of the author and recipient (if any), all persons who received or saw

19  copies). (The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

20  which any expression, communication or representation has been recorded by any means

21  including, but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"**

22  handwriting, typewriting, printing, Photostatting, photographing, audio taping, videotaping,

23  magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether

24  different from the original because of notes made on such copies, because of indications that said

25  copies were sent to different individuals than were the originals, or because of any other reason),

26  including but not limited to working papers, preliminary, intermediate or final drafts,

27  correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices,

28  financial statements, financial calculations, diaries, reports of telephone or other oral

3

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

SC1 17091163.1

1  conversations, desk calendars, appointment books, audio or video tape recordings, microfilm,

2  microfiche, computer tape, computer disk, computer printout, computer card, and all other

3  writings and recordings of every kind that are in **YOUR** actual or constructive possession,

4  custody or control.  The term **"COMPUTER RECORDS"** shall mean any tangible thing upon

5  which any expression, communication or representation has been recorded by any means

6  including, but not limited to, network server storage, backup storage, online server storage,

7  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer

8  printout, computer card, computer hard drive, computer floppy drive, removable computer drive

9  storage, scanner, computer facsimile, printing, Photostatting, photographing, video recording,

10  audio recording, magnetic impulse, or other means of electronic recording and any nonidentical

11  copies (whether different from the original because of notes made on such copies, because of

12  indications that said copies were sent to different individuals than were the originals, or because

13  of any other reason), including but not limited to working papers, preliminary, intermediate or

14  final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings,

15  invoices, financial statements, financial calculations, diaries, reports of telephone or other oral

16  conversations, calendars, task schedulers, audio or video recordings, and all other writings and

17  recordings of every kind that are in **YOUR** actual or constructive possession, custody or control.

18  The term **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

19  expression, communication or representation has been recorded by any means including, but not

20  limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

21  intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

22  intraoffice network e-mail, including any copies which may be stored electronically in any

23  manner including, but not limited to, network server storage, backup storage, online server

24  storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette,

25  computer printout, computer card, computer hard drive, computer floppy drive, removable

26  computer drive storage, scanner, computer facsimile, printing, Photostatting, photographing,

27  video recording, audio recording, magnetic impulse, or other means of electronic recording and

28  any nonidentical copies (whether different from the original because of notes made on such

4

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

SCI 17091163.1

1  copies, because of indications that said copies were sent to different individuals than were the

2  originals, or because of any other reason), including but not limited to working papers,

3  preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts,

4  records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

5  reports of telephone or other oral conversations, calendars, task schedulers, audio or video

6  recordings, and all other writings and recordings of every kind that are in **YOUR** actual or

7  constructive possession, custody or control).  (The terms **"YOU," "YOUR"** or **"YOURS"** refer

8  to Spherion and, if applicable, the agents, employees, officers, and directors of same or of any

9  subsidiary or divisions thereof, and their attorneys and those persons employed by their

10  attorneys.) (As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term **"OR"**

11  means **"AND/OR"**).(As used herein, the term **"REGARDING"** means relating to, referring to,

12  pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever

13  logically or factually connected with the matter referenced, whether in whole or in part.)

14  **RESPONSE TO INTERROGATORY NO. 1:**

15       Defendant objects to this interrogatory on the grounds that the phrase "meal period not

16  taken" is vague and ambiguous.  Defendant further objects to this interrogatory to the extent that

17  it calls for a legal conclusion and for disclosure of information protected by the attorney-client

18  privilege and/or the attorney work product doctrine.  Defendant further objects to this

19  interrogatory on the grounds that it is unduly burdensome, oppressive, overbroad and harassing,

20  as it seeks contact information for thousands of individuals before this case even has been

21  certified as a class action.  This interrogatory is an impermissible fishing expedition as it relates

22  thousands of employees at hundreds of locations throughout the state, working for thousands of

23  different clients.  Defendant further objects to this interrogatory on the grounds that it is

24  premature in that it seeks information pertaining to the merits of the litigation and is not limited

25  to the issues  pertaining to class certification.  Defendant further objects to this interrogatory on

26  the grounds that it seeks information protected by the constitutional right to privacy of current

27  and former employees of defendant.

28

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

SC1 17091163.1

**INTERROGATORY NO. 2:**

**IDENTIFY** the period of employment for each **PERSON** employed by **YOU** in California from September 27, 2003, **AND** the present, paid on an hourly basis for whom Spherion records depict a meal period not taken.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this interrogatory on the grounds that the phrase "meal period not taken" is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it calls for a legal conclusion and for disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects to this interrogatory on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as it seeks contact information for thousands of individuals before this case even has been certified as a class action. This interrogatory is an impermissible fishing expedition as it relates thousands of employees at hundreds of locations throughout the state, working for thousands of different clients. Defendant further objects to this interrogatory on the grounds that it is premature in that it seeks information pertaining to the merits of the litigation and is not limited to the issues pertaining to class certification. Defendant further objects to this interrogatory on the grounds that it seeks information protected by the constitutional right to privacy of current and former employees of defendant.

**INTERROGATORY NO. 3:**

**IDENTIFY** the number of **PERSONS** employed by **YOU** in California between September 27, 2003, **AND** the present paid on an hourly basis for whom Spherion records depict a meal period not taken.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this interrogatory on the grounds that the phrase "meal period not taken" is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it calls for a legal conclusion and for disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects to this on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as it seeks contact

6

1   information for thousands of individuals before this case even has been certified as a class action.

2   This interrogatory is an impermissible fishing expedition as it relates thousands of employees at

3   hundreds of locations throughout the state, working for thousands of different clients.  Defendant

4   further objects to this interrogatory on the grounds that it is premature in that it seeks information

5   pertaining to the merits of the litigation and is not limited to the issues  pertaining to class

6   certification.  Defendant further objects to this interrogatory on the grounds that it seeks

7   information protected by the constitutional right to privacy of current and former employees of

8   defendant.

9   **INTERROGATORY NO. 4:**

10      **IDENTIFY ALL PERSONS** employed by **YOU** in California paid on an hourly basis

11   between September 27, 2003, **AND** the present who complained to **YOU REGARDING** the

12   absence of meal period breaks.

13   **RESPONSE TO INTERROGATORY NO. 4:**

14      Defendant objects to this interrogatory on the grounds that the term "complained" and

15   phrase "absence of meal period" are vague and ambiguous.  Defendant further objects to this

16   interrogatory to the extent that it calls for a legal conclusion and for disclosure of information

17   protected by the attorney-client privilege and/or the attorney work product doctrine.  Defendant

18   further objects to this interrogatory on the grounds that it is unduly burdensome, oppressive,

19   overbroad and harassing, as it seeks contact information for thousands of individuals before this

20   case even has been certified as a class action.  This interrogatory is an impermissible fishing

21   expedition as it potentially relates thousands of employees at hundreds of locations throughout

22   the state, working for thousands of different clients.  Defendant further objects to this

23   interrogatory on the grounds that it is premature in that it seeks information pertaining to the

24   merits of the litigation and is not limited to the issues  pertaining to class certification.

25   Defendant further objects to this interrogatory on the grounds that it seeks information protected

26   by the constitutional right to privacy of current and former employees of defendant.

27

28

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

SCI 17091163.1

1    **INTERROGATORY NO. 5:**

2         **IDENTIFY** the number of **PERSONS** employed by **YOU** in California between

3    September 27, 2003 and the present, paid on an hourly basis.

4    **RESPONSE TO INTERROGATORY NO. 5:**

5         Defendant objects to this interrogatory on the grounds it is vague and ambiguous.

6    Defendant further objects to this interrogatory to the extent that it calls for a legal conclusion and

7    for disclosure of information protected by the attorney-client privilege and/or the attorney work

8    product doctrine.  Defendant further objects to this interrogatory on the grounds that it is unduly

9    burdensome, oppressive, overbroad and harassing, as it seeks contact information for thousands

10   of individuals before this case even has been certified as a class action.  This interrogatory is an

11   impermissible fishing expedition as it relates thousands of employees at hundreds of locations

12   throughout the state, working for thousands of different clients.  Defendant further objects to this

13   interrogatory on the grounds that it is premature in that it seeks information pertaining to the

14   merits of the litigation and is not limited to the issues  pertaining to class certification.

15   Defendant further objects to this interrogatory on the grounds that it seeks information protected

16   by the constitutional right to privacy of current and former employees of defendant.

17   **INTERROGATORY NO. 6:**

18        **IDENTIFY ALL PERSONS** employed by **YOU** in California between September 27,

19   2003 **AND** the present who performed recruiting services for Cisco Systems, Inc.

20   **RESPONSE TO INTERROGATORY NO. 6:**

21        Defendant objects to this interrogatory as vague and ambiguous.  Defendant further

22   objects to this interrogatory to the extent that it calls for a legal conclusion and for disclosure of

23   information protected by the attorney-client privilege and/or the attorney work product doctrine.

24   Defendant further objects to this interrogatory on the grounds that it seeks information protected

25   by the constitutional right to privacy of current and former employees of defendant.

26   **INTERROGATORY NO. 7:**

27        IDENTIFY ALL persons employed by YOU in California between September 27, 2003,

28   AND the present with a home based work site.

8

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

SC1 17091163.1

1  **RESPONSE TO INTERROGATORY NO. 7:**

2     Defendant objects to this interrogatory on the grounds that the phrase "home based work

3  site" is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it

4  calls for a legal conclusion and for disclosure of information protected by the attorney-client

5  privilege and/or the attorney work product doctrine.  Defendant further objects to this

6  interrogatory on the grounds that it is unduly burdensome, oppressive, overbroad and harassing.

7  Defendant further objects to this interrogatory on the grounds that it seeks information protected

8  by the constitutional right to privacy of current and former employees of defendant.

9  **INTERROGATORY NO. 8:**

10    IDENTIFY ALL persons employed by YOU in California between September 27, 2003,

11 AND the present who performed recruiting services for Kaiser Permanete/Kaiser Foundation

12 Health Plan.

13 **RESPONSE TO INTERROGATORY NO. 8:**

14    Defendant objects to this interrogatory on the grounds that the term "recruiting services"

15 is vague and ambiguous.  Defendant further objects to this interrogatory on the grounds it is

16 outside the scope of this litigation, as it relates to Kaiser recruiters, not Cisco recruiters.

17 Defendant further objects to this interrogatory to the extent that it calls for a legal conclusion and

18 for disclosure of information protected by the attorney-client privilege and/or the attorney work

19 product doctrine.  Defendant further objects to this interrogatory on the grounds that it is unduly

20 burdensome, oppressive, overbroad and harassing.  Defendant further objects to this

21 interrogatory on the grounds that it seeks information protected by the constitutional right to

22 privacy of current and former employees of defendant.

23 DATED: March 18, 2008                    SEYFARTH SHAW LLP

24

25                                          By

26                                             Samuel T. McAdam
                                               Alfred L. Sanderson, Jr.
27                                             Anthony J. Musante
                                            Attorneys for Defendants
28                                          SPHERION ATLANTIC ENTERPRISES LLC

                                    9
─────────────────────────────────────────────────────────
DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

SC1 17091163.1

1                                **PROOF OF SERVICE**

2     STATE OF CALIFORNIA              )
                                       )  ss
3     COUNTY OF SACRAMENTO             )

4          I am a resident of the State of California, over the age of eighteen years, and not a party
      to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350,
5     Sacramento, California 95814-4428. On March 18, 2008, I served the within documents:

6          **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF**
           **INTERROGATORIES**
7

8          ☐   I sent such document from facsimile machine (916) 558-4839 on March 18, 2008. I
                certify that said transmission was completed and that all pages were received and that
9               a report was generated by facsimile machine (916) 558-4839 which confirms said
                transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
10              action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
                parties listed below.
11

12         ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
                fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento,
                California 95814, addressed as set forth below.
13

14         ☐   by personally delivering the document(s) listed above to the person(s) at the
                address(es) set forth below.
15

16         ☐   by placing the document(s) listed above, together with an unsigned copy of this
                declaration, in a sealed Federal Express envelope with postage paid on account and
                deposited with Federal Express at Sacramento, California, addressed as set forth
17              below.

18    Daniel H. Qualls
      Robin G. Workman
19    Qualls & Workman LLP
      244 California Street, Suite 410
20    San Francisco, CA  94111
      (415) 782-3660
21    (415) 788-1028

22         I am readily familiar with the firm's practice of collection and processing correspondence
23    for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
      day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
24    motion of the party served, service is presumed invalid if postal cancellation date or postage
      meter date is more than on day after the date of deposit for mailing in affidavit.
25
           I declare that I am employed in the office of a member of the bar of this court whose
26    direction the service was made.

27         Executed on March 18, 2008, at Sacramento, California.

28                                              *Diana Gomez*
                                                ─────────────────
                                                Diana Gomez

                                **PROOF OF SERVICE**

**EXHIBIT C**

1    Daniel H. Qualls, Bar No. 109036
     Robin G. Workman, Bar No. 145810
2    **QUALLS & WORKMAN, LLP**
     244 California Street, Suite 410
3    San Francisco, CA 94111
     Telephone: (415) 782-3660
4    Facsimile: (415) 788-1028

5    David Sanford, D.C. Bar No. 457933
     Meenoo Chahbazi, CA Bar No. 233985
6    **SANFORD, WITTELS & HEISLER, LLP**
     1666 Connecticut Avenue, N.W., Suite 310
7    Washington, D.C. 20009
     Telephone: (202) 742-7780
8    Facsimile:  (202) 742-7776

9    Grant Morris, D.C. Bar No. 926253
     **LAW OFFICES OF GRANT E. MORRIS**
10   1666 Connecticut Avenue, N.W., Suite 310
     Washington, D.C. 20009
11   Telephone: (202) 742-7783
     Facsimile: (202) 742-7776

12
     *Attorneys for Plaintiff*
13

14                   UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16

17   VALERIE D. WATSON-SMITH, AND ALL          ) No.   C07-05774
     OTHERS SIMILARLY SITUATED,                )
18                                             ) **PLAINTIFF VALERIE D. WATSON-
                     Plaintiff,                ) SMITH'S SECOND SET OF
19                                             ) INTERROGATORIES TO
                vs.                            ) DEFENDANT SPHERION PACIFIC
20                                             ) WORKFORCE, LLC.**
     SPHERION PACIFIC WORKFORCE, LLC, and      )
21   DOES 1 through 100, inclusive,            ) **F.R.C.P. 33**
                                               )
22                   Defendants.               )

23

24   PROPOUNDING PARTY:    Plaintiff Valerie D. Watson-Smith

25   RESPONDING PARTY:     Defendant Spherion Pacific Workforce, LLC

26   SET:                  Two

27

28

1    Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiff Valerie D. Watson-Smith

2   ("WATSON-SMITH") hereby requests that Defendant Spherion Pacific Workforce, LLC

3   ("SPHERION") answer in writing and under oath the following interrogatories:

4

5   **INTERROGATORY NO. 9:**

6    **IDENTIFY** the name **AND CONTACT INFORMATION** of **ALL PERSONS** employed

7   by **YOU** as flexible/temporary staff in California from September 27, 2003, **AND** the present paid

8   on an hourly basis working on a customer site without the presence of Spherion supervisory

9   personnel. (The term **"CONTACT INFORMATION"** refers to the name, address, email address

10  and telephone number). (To **"IDENTIFY"** a **PERSON** means to state the person's name and

11  business address, and additionally, in the case of a natural person, his home address, e-mail,

12  occupation or job title and employer both presently and at the time to which the interrogatory relates

13  and such other information as should be sufficient to notice the deposition of such person and to serve

14  such person with a subpoena). (The terms **"YOU," "YOUR"** or **"YOURS"** refer to Spherion and, if

15  applicable, the agents, employees, officers, and directors of same or of any subsidiary or divisions

16  thereof, and their attorneys and those persons employed by their attorneys.) (As used herein, the

17  term **"ALL"** is synonymous with **"ANY"** and the term **"OR"** means **"AND/OR"**).

18

19  Date:  June 16, 2008                                QUALLS & WORKMAN, LLP

20

21

22                                                 Daniel H. Qualls
                                                   Attorney For Plaintiff
23

24

25

26

27

28

## PROOF OF SERVICE

I, Tammy M. Mazzullo, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco, California. On June 16, 2008, I served **PLAINTIFF VALERIE D. WATSON-SMITH'S SECOND SET OF INTERROGATORIES** on the interested parties in this action via mail by placing a true copy thereof, on the above date, enclosed in a sealed envelope following the ordinary business practice of Qualls & Workman, for collection and mailing in the United States mail addressed as set forth below:

Alfred L. Sanderson, Jr., Esq.
SEYFARTH SHAW, LLP
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428

I am personally and readily familiar with the business practice of Qualls & Workman for collection and processing of documents for mailing with the U.S. Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the U.S. Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 16, 2008 in San Francisco, California.


Tammy M. Mazzullo

**EXHIBIT D**

1  SEYFARTH SHAW LLP
   Gerald L. Maatman, Jr. (SBN 06181016)
2  131 South Dearborn Street, Suite 2400
   Chicago, IL 60603
3  Telephone: (312) (312) 460-5000
   Facsimile: (312) 460-7000
4
   SEYFARTH SHAW LLP
5  Samuel T. McAdam (SBN 186084)
   Alfred L. Sanderson, Jr. (SBN 186071)
6  Anthony J. Musante (SBN 252097)
   400 Capitol Mall, Suite 2350
7  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
8  Facsimile: (916) 558-4839

9  Attorneys for Defendant
   Spherion Atlantic Enterprises, LLC
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
   VALERIE D. WATSON-SMITH, AND ALL       )  Case No. C 07 05774 JSW
13 OTHER SIMILARLY SITUATED,              )
                                          )  **DEFENDANT'S RESPONSE TO**
14             Plaintiff,                  )  **PLAINTIFF'S SECOND SET OF**
                                          )  **INTERROGATORIES**
15        v.                              )
                                          )  **F.R.C.P. 33**
16 SPHERION PACIFIC WORKFORCE, LLC,       )
   and DOES 1 through 100, inclusive      )  Superior Court of California, County of
17                                        )  Alameda Case Number: 07348378
               Defendant.                 )
18                                        )  Complaint Filed:  September 27, 2007
                                          )
19                                        )
   _____   )

20

21 PROPOUNDING PARTY:      PLAINTIFF VALERIE D. WATSON-SMITH

22 RESPONDING PARTY:       DEFENDANT SPHERION ATLANTIC ENTERPRISES, LLC

23 SET NUMBER:             TWO

24        Defendant SPHERION ATLANTIC ENTERPRISES, LLC, sued herein as SPHERION

25 PACIFIC WORKFORCE, LLC, hereby submits its Response to Plaintiff VALERIE D.

26 WATSON-SMITH's Second Set of Interrogatories:

27                        **PRELIMINARY STATEMENT**

28        Spherion has not completed its investigation, discovery, or analysis, of all the facts of this

   _____
        DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
   SC1 17094879.1

1  case and has not completed preparation for trial. Accordingly, each of the following responses is

2  provided without prejudice to Spherion's right to introduce in response to any motion or at trial

3  any evidence that is subsequently discovered relating to the proof of subsequently discovered

4  material facts. Moreover, facts, documents, and things now known may be imperfectly

5  understood and, accordingly, such facts, documents, and things, may not be included in the

6  following responses. Spherion reserves the right to reference, discover, or offer into evidence at

7  any motion hearing or at the time of trial any and all facts, documents, and things which they do

8  not presently recall but may recall at some time in the future.

9  <u>**GENERAL OBJECTIONS**</u>

10      The following general objections apply to the entirety of Plaintiff's Second Set of

11  Interrogatories. The assertion of same, similar, or additional objections to the subject matter

12  requests does not waive any of Spherion's general objections as set forth below.

13      1.    Spherion objects to the Second Set of Interrogatories and each specific subject

14  matter request to the extent that it imposes instructions, requirements, or limitations other or

15  greater than those set forth in the Federal Rules of Civil Procedure.

16      2.    Spherion objects to each interrogatory to the extent that it seeks to impose on

17  Spherion responsibility for disclosing information not within Spherion's possession, custody or

18  control.

19      3.    Spherion objects to each interrogatory to the extent that it is overly broad in terms

20  of time and/or scope, unduly burdensome, oppressive, vague, ambiguous, and/or unreasonable.

21      4.    Spherion objects to each interrogatory to the extent that it overlaps or is

22  duplicative of other interrogatories.

23      5.    Spherion objects to each interrogatory to the extent that it seeks information that

24  is not relevant to this action or reasonably calculated to lead to the discovery of admissible

25  evidence.

26      6.    Spherion objects to each interrogatory insofar as it requests the disclosure of any

27  information protected by the attorney-client privilege or the attorney work product doctrine. No

28  such information will be disclosed.

2

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

SCI 17094879.1

1       7.     Spherion objects to each interrogatory to the extent that it seeks discovery of

2    confidential, trade secret, proprietary, financial, or commercially sensitive information, the

3    disclosure of which would constitute an invasion of the constitutionally protected right of

4    privacy or could result in substantial competitive injury to Spherion or breach by Spherion of an

5    obligation to another to maintain such information confidential.

6    **SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

7    **INTERROGATORY NO. 9:**

8        **IDENTIFY** the name **AND CONTACT INFORMATION** of **ALL PERSONS**

9    employed by **YOU** as flexible/temporary staff in California from September 27, 2003, **AND** the

10    present paid on an hourly basis working on a customer site without the presence of Spherion

11    supervisory personnel. (The term **"CONTACT INFORMATION"** refers to the name, address,

12    email address and telephone numbers). (To **"IDENTIFY"** a **PERSON** means to state the

13    person's name and business, and additionally, in the case of a natural person, his home address,

14    e-mail, occupation or job title and employer both presently and at the time to which the

15    interrogatory relates and such other information as should be sufficient to notice the deposition

16    of such person and to serve such person with a subpoena). (The terms **"YOU," "YOUR"** or

17    **"YOURS"** refers to Spherion and, if applicable, the agents, employees, officers, and directors of

18    same or of any subsidiary or divisions thereof, and their attorneys and those persons employed

19    by their attorneys.) (As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term

20    **"OR"** means **"AND/OR"**).

21    **RESPONSES TO INTERROGATORY NO. 9:**

22        Defendant objects to this interrogatory on the grounds that the phrase "flexible/temporary

23    staff" is vague and ambiguous. Defendant further objects to this interrogatory to the extent that

24    it calls for a legal conclusion and for disclosure of information protected by the attorney-client

25    privilege and/or the attorney work product doctrine. Defendant further objects to this

26    interrogatory on the grounds that it is unduly burdensome, oppressive, overbroad and harassing,

27    as it seeks contact information for thousands of individuals before this case has been certified as

28    a class action. This interrogatory is an impermissible fishing expedition as it relates thousands of

3

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

SCI 17094879.1

1  employees at hundreds of locations throughout the state, working for hundreds of different

2  clients.  Defendant further objects to this interrogatory on the grounds that it seeks information

3  protected by the constitutional right to privacy of current and former employees of defendant.

4  Defendant further objects to this interrogatory on the grounds plaintiff is not a suitable class

5  representative for "flexible/temporary staff" and therefore is not entitled to the information

6  requested.

7  DATED:  July /7, 2008                    SEYFARTH SHAW LLP

8

9                                           By_____

10                                             Samuel T. McAdam
                                               Alfred L. Sanderson, Jr.
11                                             Anthony J. Musante
                                             Attorneys for Defendants
12                                           SPHERION ATLANTIC ENTERPRISES LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA        )
                                )  ss
3    COUNTY OF SACRAMENTO       )

4        I am a resident of the State of California, over the age of eighteen years, and not a party
     to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350,
5    Sacramento, California 95814-4428. On July 17, 2008, I served the within documents:

6    **DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF**
     **INTERROGATORIES**
7

8    ☐    I sent such document from facsimile machine (916) 558-4839 on July 17, 2008. I
          certify that said transmission was completed and that all pages were received and that
9         a report was generated by facsimile machine (916) 558-4839 which confirms said
          transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
10        action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
          parties listed below.

11   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
          fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento,
12        California 95814, addressed as set forth below.

13   ☐    by personally delivering the document(s) listed above to the person(s) at the
          address(es) set forth below.
14

15   ☐    by placing the document(s) listed above, together with an unsigned copy of this
          declaration, in a sealed Federal Express envelope with postage paid on account and
16        deposited with Federal Express at Sacramento, California, addressed as set forth
          below.

17
     Daniel H. Qualls                     David Sanford
18   Robin G. Workman                     Meenoo Chahbazi
     Qualls & Workman LLP                 Sanford, Wittels & Heisler LLP
19   244 California Street, Suite 410     1666 Connecticut Avenue, N.W., Suite 310
     San Francisco, CA 94111              Washington, D.C. 20009
20   (415) 782-3660                       (202) 742-7780
     (415) 788-1028                       (202) 742-7776
21

22   Grant Morris                         Sandra R. McCandless
     Law Office of Grant E. Morris        Sonnenschein, Nath & Rosenthal
23   1666 Connecticut Avenue, N.W., Suite 310   525 Market St., 26th Fl.
     Washington, D.C. 20009               San Francisco, CA 94105-2708
24   (202) 742-7783                       (415) 882-5000
     (202) 742-7776                       (415) 882-0300
25

26        I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
27   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
28   meter date is more than on day after the date of deposit for mailing in affidavit.

PROOF OF SERVICE

SC1 17088288.1

1      I declare that I am employed in the office of a member of the bar of this court whose
direction the service was made.

2

3      Executed on July 17, 2008, at Sacramento, California.

4                                                        Diana Gomez
                                                    Diana Gomez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SC1 17088288.1

**EXHIBIT E**

1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  **QUALLS & WORKMAN, LLP**
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4  Facsimile: (415) 788-1028

5  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
6  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7780
8  Facsimile:  (202) 742-7776

9  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
10 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
11 Telephone: (202) 742-7783
   Facsimile:  (202) 742-7776

12
   *Attorneys for Plaintiff*
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

17 VALERIE D. WATSON-SMITH, AND ALL        )  No.  C07-05774
   OTHERS SIMILARLY SITUATED,              )
18                                         )  **PLAINTIFF VALERIE D. WATSON-**
                                           )  **SMITH'S THIRD SET OF**
19          Plaintiff,                     )  **INTERROGATORIES TO**
                                           )  **DEFENDANT SPHERION PACIFIC**
20      vs.                                )  **WORKFORCE, LLC.**
                                           )
21 SPHERION PACIFIC WORKFORCE, LLC, and    )
   DOES 1 through 100, inclusive,          )  **F.R.C.P. 33**
22                                         )
            Defendants.                    )
23

24  PROPOUNDING PARTY:   Plaintiff Valerie D. Watson-Smith

25  RESPONDING PARTY:    Defendant Spherion Pacific Workforce, LLC

26  SET:                 Three

27

28

1      Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiff Valerie D. Watson-Smith

2    ("WATSON-SMITH") hereby requests that Defendant Spherion Pacific Workforce, LLC

3    ("SPHERION") answer in writing and under oath the following interrogatories:

4

5    **<u>INTERROGATORY NO. 9:</u>**

6      **IDENTIFY** branch personnel working in California from September 1, 2003 to the present

7    who process(ed) timesheets for California hourly temporary employees who worked on **YOUR**

8    client sites.  (To **"IDENTIFY"** a **PERSON** means to state the person's name and business address,

9    and additionally, in the case of a natural person, his home address, e-mail, occupation or job title and

10    employer both presently and at the time to which the interrogatory relates and such other information

11    as should be sufficient to notice the deposition of such person and to serve such person with a

12    subpoena). (The terms **"YOU," "YOUR"** or **"YOURS"** refer to Spherion and, if applicable, the

13    agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and

14    their attorneys and those persons employed by their attorneys

15

16    Date:  June 20, 2008                  QUALLS & WORKMAN, LLP

17

18

19                                      Daniel H. Qualls
                                              Attorney For Plaintiff

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Tammy M. Mazzullo, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco, California. On June 25, 2008, I served **PLAINTIFF VALERIE D. WATSON-SMITH'S THIRD SET OF INTERROGATORIES** on the interested parties in this action via mail by placing a true copy thereof, on the above date, enclosed in a sealed envelope following the ordinary business practice of Qualls & Workman, for collection and mailing in the United States mail addressed as set forth below:

Alfred L. Sanderson, Jr., Esq.
SEYFARTH SHAW, LLP
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428

I am personally and readily familiar with the business practice of Qualls & Workman for collection and processing of documents for mailing with the U.S. Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the U.S. Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 25, 2008 in San Francisco, California.


Tammy M. Mazzullo

**EXHIBIT F**

1  SEYFARTH SHAW LLP
   Gerald L. Maatman, Jr. (SBN 06181016)
2  131 South Dearborn Street, Suite 2400
   Chicago, IL 60603
3  Telephone: (312) (312) 460-5000
   Facsimile: (312) 460-7000
4
   SEYFARTH SHAW LLP
5  Samuel T. McAdam (SBN 186084)
   Alfred L. Sanderson, Jr. (SBN 186071)
6  Anthony J. Musante (SBN 252097)
   400 Capitol Mall, Suite 2350
7  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
8  Facsimile: (916) 558-4839

9  Attorneys for Defendant
   Spherion Atlantic Enterprises, LLC

10

                    UNITED STATES DISTRICT COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12

13 VALERIE D. WATSON-SMITH, AND ALL   )   Case No. C 07 05774 JSW
   OTHER SIMILARLY SITUATED,          )
14                                     )   **DEFENDANT'S RESPONSE TO**
              Plaintiff,              )   **PLAINTIFF'S THIRD SET OF**
15                                     )   **INTERROGATORIES**
        v.                            )
16                                     )   **F.R.C.P. 33**
   SPHERION PACIFIC WORKFORCE, LLC,   )
17 and DOES 1 through 100, inclusive  )   Superior Court of California, County of
                                      )   Alameda Case Number: 07348378
18           Defendant.               )
                                      )   Complaint Filed:  September 27, 2007
19                                     )
   _____)

20

21 PROPOUNDING PARTY:      PLAINTIFF VALERIE D. WATSON-SMITH

22 RESPONDING PARTY:       DEFENDANT SPHERION ATLANTIC ENTERPRISES, LLC

23 SET NUMBER:             THREE

24     Defendant SPHERION ATLANTIC ENTERPRISES, LLC, sued herein as SPHERION

25 PACIFIC WORKFORCE, LLC, hereby submits its Response to Plaintiff VALERIE D.

26 WATSON-SMITH's Third Set of Interrogatories.

27                        **PRELIMINARY STATEMENT**

28     Spherion has not completed its investigation, discovery, or analysis, of all the facts of this

1   case and has not completed preparation for trial. Accordingly, each of the following responses is

2   provided without prejudice to Spherion's right to introduce in response to any motion or at trial

3   any evidence that is subsequently discovered relating to the proof of subsequently discovered

4   material facts. Moreover, facts, documents, and things now known may be imperfectly

5   understood and, accordingly, such facts, documents, and things, may not be included in the

6   following responses. Spherion reserves the right to reference, discover, or offer into evidence at

7   any motion hearing or at the time of trial any and all facts, documents, and things which they do

8   not presently recall but may recall at some time in the future.

9                           **GENERAL OBJECTIONS**

10          The following general objections apply to the entirety of Plaintiff's Third Set of

11  Interrogatories. The assertion of same, similar, or additional objections to the subject matter

12  requests does not waive any of Spherion's general objections as set forth below.

13          1.      Spherion objects to the Third Set of Interrogatories and each specific subject

14  matter request to the extent that it imposes instructions, requirements, or limitations other or

15  greater than those set forth in the FRCP.

16          2.      Spherion objects to each interrogatory to the extent that it seeks to impose on

17  Spherion responsibility for disclosing information not within Spherion's possession, custody or

18  control.

19          3.      Spherion objects to each interrogatory to the extent that it is overly broad in terms

20  of time and/or scope, unduly burdensome, oppressive, vague, ambiguous, and/or unreasonable.

21          4.      Spherion objects to each interrogatory to the extent that it overlaps or is

22  duplicative of other interrogatories.

23          5.      Spherion objects to each interrogatory to the extent that it seeks information that

24  is not relevant to this action or reasonably calculated to lead to the discovery of admissible

25  evidence.

26          6.      Spherion objects to each interrogatory insofar as it requests the disclosure of any

27  information protected by the attorney-client privilege or the attorney work product doctrine. No

28  such information will be disclosed.

2

DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

SCI 17094881.1

1        7.    Spherion objects to each interrogatory to the extent that it seeks discovery of

2    confidential, trade secret, proprietary, financial, or commercially sensitive information, the

3    disclosure of which would constitute an invasion of the constitutionally protected right of

4    privacy or could result in substantial competitive injury to Spherion or breach by Spherion of an

5    obligation to another to maintain such information confidential.

6    **SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

7    **INTERROGATORY NO. 9 (sic):**

8        **IDENTIFY** branch personnel working in California from September 1, 2003 to the

9    present who process(ed) timesheets for California hourly temporary employees who worked on

10   **YOUR** client sites. (To **"IDENTIFY"** a **PERSON** means to state the person's name and

11   business address, and additionally, in the case of a natural person, his home address, e-mail,

12   occupation or job title and employer both presently and at the time to which the interrogatory

13   relates and such other information as should be sufficient to notice the deposition of such

14   persona and to serve such person with a subpoena). (The terms **"YOU," "YOUR"** or

15   **"YOURS"** refer to Spherion and, if applicable, the agent, employees, officers, and directors of

16   same or of any subsidiary or divisions thereof, and their attorneys and those persons employed

17   by their attorneys.

18   **RESPONSES TO INTERROGATORY NO. 9:**

19       Defendant objects to this interrogatory on the grounds that the phrases "branch

20   personnel" and "process(ed) timesheets" are vague and ambiguous. Defendant further objects to

21   this interrogatory to the extent that it calls for a legal conclusion and for disclosure of

22   information protected by the attorney-client privilege and/or the attorney work product doctrine.

23   Defendant further objects to this interrogatory on the grounds that it is unduly burdensome,

24   oppressive, overbroad and harassing, as it seeks private contact information for a multitude of

25   individuals before this case has been certified as a class action. Defendant further objects to this

26   interrogatory on the grounds that it seeks information protected by the constitutional right to

27   privacy of current and former employees of defendant.

28

DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES
SCI 17094881.1

1

2

DATED: July 17, 2008

SEYFARTH SHAW LLP

3

4

By _____
        Samuel T. McAdam
        Alfred L. Sanderson, Jr.
        Anthony J. Musante
Attorneys for Defendants
SPHERION ATLANTIC ENTERPRISES LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

SC1 17094881.1

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA      )
                            )  ss
3   COUNTY OF SACRAMENTO    )

4       I am a resident of the State of California, over the age of eighteen years, and not a party
    to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350,
5   Sacramento, California 95814-4428. On July 17, 2008, I served the within documents:

6   **DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF**
    **INTERROGATORIES**
7

8   ☐   I sent such document from facsimile machine (916) 558-4839 on July 17, 2008. I
        certify that said transmission was completed and that all pages were received and that
9       a report was generated by facsimile machine (916) 558-4839 which confirms said
        transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
10      action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
        parties listed below.

11  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
        fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento,
12      California 95814, addressed as set forth below.

13  ☐   by personally delivering the document(s) listed above to the person(s) at the
        address(es) set forth below.
14

15  ☐   by placing the document(s) listed above, together with an unsigned copy of this
        declaration, in a sealed Federal Express envelope with postage paid on account and
16      deposited with Federal Express at Sacramento, California, addressed as set forth
        below.

17
    Daniel H. Qualls                    David Sanford
18  Robin G. Workman                    Meenoo Chahbazi
    Qualls & Workman LLP                Sanford, Wittels & Heisler LLP
19  244 California Street, Suite 410     1666 Connecticut Avenue, N.W., Suite 310
    San Francisco, CA  94111            Washington, D.C. 20009
20  (415) 782-3660                      (202) 742-7780
21  (415) 788-1028                      (202) 742-7776

22  Grant Morris                        Sandra R. McCandless
    Law Office of Grant E. Morris       Sonnenschein, Nath & Rosenthal
23  1666 Connecticut Avenue, N.W., Suite 310    525 Market St., 26th Fl.
    Washington, D.C. 20009              San Francisco, CA 94105-2708
24  (202) 742-7783                      (415) 882-5000
25  (202) 742-7776                      (415) 882-0300

26      I am readily familiar with the firm's practice of collection and processing correspondence
    for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
27  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
    motion of the party served, service is presumed invalid if postal cancellation date or postage
28  meter date is more than on day after the date of deposit for mailing in affidavit.

PROOF OF SERVICE

SC1 17088288.1

1    I declare that I am employed in the office of a member of the bar of this court whose
     direction the service was made.

2    Executed on July 17, 2008, at Sacramento, California.

3

4                                                    Diana Gomez
                                                    _____
5                                                    Diana Gomez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT G**

1 Daniel H. Qualls, Bar No. 109036
 Robin G. Workman, Bar No. 145810
2 **QUALLS & WORKMAN, LLP**
 244 California Street, Suite 410
3 San Francisco, CA 94111
 Telephone: (415) 782-3660
4 Facsimile: (415) 788-1028

5 David Sanford, D.C. Bar No. 457933
 Meenoo Chahbazi, CA Bar No. 233985
6 **SANFORD, WITTELS & HEISLER, LLP**
 1666 Connecticut Avenue, N.W., Suite 310
7 Washington, D.C. 20009
 Telephone: (202) 742-7780
8 Facsimile:  (202) 742-7776

9 Grant Morris, D.C. Bar No. 926253
 **LAW OFFICES OF GRANT E. MORRIS**
10 1666 Connecticut Avenue, N.W., Suite 310
 Washington, D.C. 20009
11 Telephone: (202) 742-7783
 Facsimile:  (202) 742-7776

12

 *Attorneys for Plaintiff*

13

14     UNITED STATES DISTRICT COURT

15     NORTHERN DISTRICT OF CALIFORNIA

16

17 VALERIE D. WATSON-SMITH, AND ALL ) No.  C07-05774
 OTHERS SIMILARLY SITUATED,   )
18              ) **PLAINTIFF VALERIE D. WATSON-**
              ) **SMITH'S FIRST SET OF INSPECTION**
19    Plaintiff,     ) **DEMANDS TO DEFENDANT**
              ) **SPHERION PACIFIC WORKFORCE,**
20   vs.       ) **LLC.**
              )
21 SPHERION PACIFIC WORKFORCE, LLC, and )
 DOES 1 through 100, inclusive,   ) **F.R.C.P. 34**
22              )
    Defendants.     )
23

24 PROPOUNDING PARTY:  Plaintiff Valerie D. Watson-Smith

25 RESPONDING PARTY:  Defendant Spherion Pacific Workforce, LLC

26 SET:      One

27

28

1            Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiff Valerie D. Watson-

2    Smith hereby requests that Defendant Spherion Pacific Workforce, LLC ("SPHERION") identify,

3    produce and permit for inspection and copying the below listed documents that are in the possession,

4    custody, or control of SPHERION pursuant to the instructions and definitions contained herein.

5            The written responses and documents must be produced within thirty (30) days from the date

6    of service, plus an additional five (5) days if service of this demand is made by mail, pursuant to

7    Federal Rules of Civil Procedure, Rule 34.

8    **DEFINITIONS**

9         1.     The terms **"YOU," "YOUR"** or **"YOURS"** refer to Spherion and, if applicable, the

10   agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and their

11   attorneys and those persons employed by their attorneys.

12        2.     The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

13   which any expression, communication or representation has been recorded by any means including,

14   but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,

15   printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

16   electronic recording and any nonidentical copies (whether different from the original because of notes

17   made on such copies, because of indications that said copies were sent to different individuals than

18   were the originals, or because of any other reason), including but not limited to working papers,

19   preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

20   of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

21   telephone or other oral conversations, desk calendars, appointment books, audio or video tape

22   recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

23   and all other writings and recordings of every kind that are in your actual or constructive possession,

24   custody or control.

25        3.     **"COMPUTER RECORDS"** shall mean any tangible thing upon which any

26   expression, communication or representation has been recorded by any means including, but not

27   limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

28   computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

1   hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

2   printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

3   means of electronic recording and any nonidentical copies (whether different from the original

4   because of notes made on such copies, because of indications that said copies were sent to different

5   individuals than were the originals, or because of any other reason), including but not limited to

6   working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

7   scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

8   reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

9   and all other writings and recordings of every kind that are in your actual or constructive possession,

10  custody or control.

11      4.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

12  expression, communication or representation has been recorded by any means including, but not

13  limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

14  intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

15  intraoffice network e-mail, including any copies which may be stored electronically in any manner

16  including, but not limited to, network server storage, backup storage, online server storage,

17  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

18  computer card, computer hard drive, computer floppy drive, removable computer drive storage,

19  scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording,

20  magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

21  different from the original because of notes made on such copies, because of indications that said

22  copies were sent to different individuals than were the originals, or because of any other reason),

23  including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

24  memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

25  financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

26  schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

27  your actual or constructive possession, custody or control.

28

1    5.    To **"IDENTIFY"** documents means to provide a brief description of each document

2    sufficient to support a request for production, including at least the type of document, date of the

3    document, identification of the author and recipient (if any), all persons who received or saw copies.

4    6.    To **"IDENTIFY"** a person means to state the person's name and business address,

5    and additionally, in the case of a natural person, his home address, occupation or job title and

6    employer both presently and at the time to which the interrogatory relates and such other information

7    as should be sufficient to notice the deposition of such person and to serve such person with a

8    subpoena.

9    7.    As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term **"OR"**

10    means **"AND/OR."**

11    8.    As used herein, the terms **"REGARDING," "REFER,** or **"RELATE"** means

12    relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any

13    manner whatsoever logically or factually connected with the matter referenced, whether in whole or

14    in part.

15    9.    As used herein, the term **"TIME RECORDS" REFERS TO ANY AND ALL**

16    **DOCUMENTS** reflecting time entries regarding **ANY AND ALL** work performed, including but

17    not limited to time sheets, computer printouts, data stored on a computer hard drive, or computer disk.

18    ## INSTRUCTIONS

19    1.    This request requires you to produce all documents that are in your actual or

20    constructive possession, custody or control or that are in the possession, custody or control of your

21    attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your

22    behalf.

23    2.    If any requested document was, but is no longer in your possession, you must specify

24    in writing and serve upon the undersigned a list indicating the identity of such documents. Such

25    identification should, for each such document, set forth whether the document (i) has been destroyed,

26    (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your possession,

27    custody, or control, in which case the name and address of any person or entity known or believed by

28    you to have possession, custody, or control of that document or category of documents should be

1   identified.  In each such instance, explain the circumstances surrounding the disposition and state the

2   date or approximate date of such disposition and the identity of all persons who you believe to have

3   knowledge of such disposition.

4        3.     If you withhold any of the requested documents from production under a claim of

5   privilege or other protection, you must serve the undersigned a list of such withheld documents

6   indicating, for each document withheld, the following information: (i) the date composed or date

7   appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies made;

8   (v) the identity of all persons or entities who saw the original document or saw or received a copy of

9   such document, and the job titles of each such person; (vi) the subject matter; and (vii) the basis for

10   the claim of privilege.

11        4.     This request requires the production of documents either in the same form or in the

12   same order as they are kept in the usual course of business or organized and labeled to correspond

13   with the particular demands set forth below.  If you choose the former method, the documents are to

14   be produced in the boxes, file folders, bindings or other containers in which the documents are found.

15   The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be

16   left intact.

17                                **INSPECTION DEMANDS**

18   **INSPECTION DEMAND NO. 1:**

19        **ALL DOCUMENTS REGARDING YOUR** rest period policies for California hourly

20   employees in effect between September 27, 2003, **AND** the present.

21   **INSPECTION DEMAND NO. 2:**

22        **ALL DOCUMENTS REGARDING YOUR** meal period policies for California hourly

23   employees in effect between September 27, 2003, **AND** the present.

24   **INSPECTION DEMAND NO. 3:**

25        **ALL DOCUMENTS REGARDING YOUR** expense reimbursement policies for California

26   hourly employees in effect between September 27, 2003, **AND** the present.

27   **INSPECTION DEMAND NO. 4:**

28

1      **ALL DOCUMENTS** depicting rest period breaks taken by California hourly employees

2  employed by **YOU** between September 27, 2003, **AND** the present.

3

4

5  **INSPECTION DEMAND NO. 5:**

6      **ALL DOCUMENTS** depicting meal period breaks taken by California hourly employees

7  employed by **YOU** between September 27, 2003, **AND** the present.

8  **INSPECTION DEMAND NO. 6:**

9      **ALL DOCUMENTS** depicting meal period breaks not taken by persons employed by **YOU**

10  in California between September 27, 2003, **AND** the present.

11  **INSPECTION DEMAND NO. 7:**

12      **ALL DOCUMENTS REFERRING, RELATING TO, OR REGARDING** complaints

13  by persons employed by **YOU** in California between September 27, 2003, **AND** the present

14  regarding meal period breaks.

15  **INSPECTION DEMAND NO. 8:**

16      **ALL DOCUMENTS YOU** contend constitute the statements required by California Labor

17  Code Section 226 for each person employed by **YOU** in California from September 27, 2003

18  **AND** the present, paid on an hourly basis for whom Spherion records depict a meal period not

19  taken.

20  **INSPECTION DEMAND NO. 9:**

21      **ALL DOCUMENTS** depicting the organizational structure of **YOUR** human resources

22  department between September 27, 2003, and the present.

23  **INSPECTION DEMAND NO. 10:**

24      **ALL DOCUMENTS REFERRING OR RELATING** to Valerie D. Watson-Smith,

25  including weekly recruiter reports and TAM reports.

26  **INSPECTION DEMAND NO. 11:**

27      **ALL** employee manuals in effect for California hourly employees employed by **YOU**

28  between September 27, 2003, **AND** the present.

1    **INSPECTION DEMAND NO. 12:**

2       **ALL** weekly recruiter reports and TAM reports for recruiters employed by **YOU** between

3    September 23, 2007, AND the present performing recruiting services for Cisco Systems, Inc.

4

5

6    Date:   February 14, 2008                    QUALLS & WORKMAN, L.L.P.

7

8                                        By:  _____

9                                             Daniel H. Qualls
                                             Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3    I, Tammy M. Mazzullo, hereby declare:

4    I am employed in the City and County of San Francisco, California in the office of

5    a member of the bar of this court at whose direction the following service was made. I

6    am over the age of eighteen years and not a party to the within action. My business

7    address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco,

8    California. On February 14, 2008, I served the **PLAINTIFF VALERIE D. WATSON-**

9    **SMITH'S FIRST SET OF INSPECTION DEMANDS TO DEFENDANT SPHERION**

10   **PACIFIC WORKFORCE, LLC.** on the interested parties in this action via mail by placing

11   a true copy thereof, on the above date, enclosed in a sealed envelope following the

12   ordinary business practice of Qualls & Workman, for collection and mailing in the United

13   States mail addressed as set forth below:

14

15   Alfred L. Sanderson, Jr., Esq.
     SEYFARTH SHAW, LLP

16   400 Capitol Mall, Suite 2350
     Sacramento, CA 95814-4428

17

18   I am personally and readily familiar with the business practice of Qualls &

19   Workman for collection and processing of documents for mailing with the U.S. Postal

20   Service, pursuant to which mail placed for collection at designated stations in the

21   ordinary course of business is deposited the same day, proper postage prepaid, with the

22   U.S. Postal Service.

23   I declare under penalty of perjury under the laws of the State of California that

24   the foregoing is true and correct, and that this declaration was executed on

25   February 14, 2008 in San Francisco, California.

26   Tammy M. Mazzullo

27

28

**EXHIBIT H**

1  SEYFARTH SHAW LLP
   Samuel T. McAdam (SBN 186084)
2  Alfred L. Sanderson, Jr. (SBN 186071)
   Anthony J. Musante (SBN 252097)
3  400 Capitol Mall, Suite 2350
   Sacramento, California 95814-4428
4  Telephone: (916) 448-0159
   Facsimile: (916) 558-4839
5
   Attorneys for Defendant
6  Spherion Atlantic Enterprises, LLC sued herein as
   Spherion Pacific Workforce, LLC
7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  VALERIE D. WATSON-SMITH, AND ALL      )  Case No. C 07 05774 JSW
    OTHER SIMILARLY SITUATED,             )
11                                        )  **RESPONSE TO PLAINTIFF'S FIRST**
                                          )  **SET OF INSPECTION DEMANDS**
12           Plaintiff,                   )
                                          )
13      v.                                )  **F.R.C.P. 34**
                                          )
14  SPHERION PACIFIC WORKFORCE, LLC,      )  Superior Court of California, County of
    and DOES 1 through 100, inclusive     )  Alameda Case Number: 07348378
15                                        )
             Defendant.                   )  Complaint Filed: September 27, 2007
16                                        )
                                          )
17  _____)

18

19  PROPOUNDING PARTY:      PLAINTIFF VALERIE D. WATSON-SMITH

20  RESPONDING PARTY:       DEFENDANT SPHERION PACIFIC WORKFORCE, LLC

21  SET NUMBER:             ONE

22       Defendant SPHERION ATLANTIC ENTERPRISES, LLC, by and through its attorneys,

23  Seyfarth Shaw LLP, and for its Response to Plaintiff's First Set of Inspection Demands, hereby

24  submits its Response to Plaintiff VALERIE D. WATSON-SMITH, states as follows:

25                        **PRELIMINARY STATEMENT**

26       Spherion has not completed its investigation, discovery, or analysis, of all the facts of this

27  case and has not completed preparation for trial. Accordingly, each of the following responses is

28  provided without prejudice to Spherion's right to introduce in response to any motion or at trial

─────────────────────────────────────────────
RESPONSE TO PLAINTIFF'S FIRST SET OF INSPECTION DEMANDS

SC1 17091154.1

1    any evidence that is subsequently discovered relating to the proof of subsequently discovered

2    material facts. Moreover, facts, documents, and things now known may be imperfectly

3    understood and, accordingly, such facts, documents, and things, may not be included in the

4    following responses. Spherion reserves the right to reference, discover, or offer into evidence at

5    any motion hearing or at the time of trial any and all facts, documents, and things which they do

6    not presently recall but may recall at some time in the future.

7                                    **GENERAL OBJECTIONS**

8            The following general objections apply to the entirety of Plaintiff's First Set of Inspection

9    Demands. The assertion of same, similar, or additional objections to the inspection demands

10   does not waive any of Spherion's general objections as set forth below.

11       1.    Spherion objects to the First Set of Inspection Demands and each specific request

12   to the extent that it imposes instructions, requirements, or limitations other or greater than those

13   set forth in the FRCP.

14       2.    Spherion objects to each inspection demand to the extent that it seeks to impose

15   on Spherion responsibility for disclosing information not within Spherion's possession, custody

16   or control.

17       3.    Spherion objects to each inspection demand to the extent that it is overly broad in

18   terms of time and/or scope, unduly burdensome, oppressive, vague, ambiguous, and/or

19   unreasonable.

20       4.    Spherion objects to each inspection demand to the extent that it overlaps or is

21   duplicative of other inspection demands.

22       5.    Spherion objects to each inspection demand to the extent that it seeks information

23   that is not relevant to this action or reasonably calculated to lead to the discovery of admissible

24   evidence.

25       6.    Spherion objects to each inspection demand insofar as it requests the disclosure of

26   any information protected by the attorney-client privilege or the attorney work product doctrine.

27   No such information will be disclosed.

28

                                              2
                RESPONSE TO PLAINTIFF'S FIRST SET OF INSPECTION DEMANDS
SC1 17091154.1

1        7.        Spherion objects to each inspection demand to the extent that it seeks discovery of

2    confidential, trade secret, proprietary, financial, or commercially sensitive information, the

3    disclosure of which would constitute an invasion of the constitutionally protected right of

4    privacy or could result in substantial competitive injury to Spherion or breach by Spherion of an

5    obligation to another to maintain such information confidential.

6        **SPECIFIC RESPONSES AND OBJECTIONS TO INSPECTION DEMAND**

7

8    **INSPECTION DEMAND NO. 1:**

9        **ALL DOCUMENTS REGARDING YOUR** rest period policies for California hourly

10    employees in effect between September 27, 2003, **AND** the present.

11    **RESPONSE TO INSPECTION DEMAND NO. 1:**

12        Defendant objects to this demand on the grounds that the phrase "rest period policies" is

13    vague and ambiguous. Defendant further objects to this request on the grounds it is beyond the

14    scope of this litigation, as it pertains to rest periods, not meal periods. Defendant further objects

15    to this request on the grounds it fails to identify the documents sought with a level of specificity

16    to enable defendant to know the precise documents being sought. Defendant further objects to

17    this request on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as

18    it relates to policies for thousands of employees, employed at hundreds of locations throughout

19    the state, working for thousands of different clients. Defendant further objects to this request to

20    the extent that it seeks information protected by the attorney-client privilege and/or the attorney

21    work product doctrine.

22    **INSPECTION DEMAND NO. 2:**

23        **ALL DOCUMENTS REGARDING YOUR** meal period policies for California hourly

24    employees in effect between September 27, 2003, **AND** the present.

25    **RESPONSE TO INSPECTION DEMAND NO. 2:**

26        Defendant objects to this demand on the grounds that the phrase "meal period policies" is

27    vague and ambiguous. Defendant further objects to this request on the grounds it fails to identify

28    the documents sought with a level of specificity to enable defendant to know the precise

3

RESPONSE TO PLAINTIFF'S FIRST SET OF INSPECTION DEMANDS

SCI 17091154.1

1   documents being sought.  Defendant further objects to this request on the grounds that it is

2   unduly burdensome, oppressive, overbroad and harassing, as it relates to policies for thousands

3   of employees, employed at hundreds of locations throughout the state, working for thousands of

4   different clients.  Defendant further objects to this request to the extent that it seeks information

5   protected by the attorney-client privilege and/or the attorney work product doctrine.

6       Notwithstanding the foregoing objections, defendant responds as follows:  Defendant will

7   produced non-privileged, responsive documents within its possession, custody or control.

8   **INSPECTION DEMAND NO. 3:**

9       **ALL DOCUMENTS REGARDING YOUR** expense reimbursement policies for

10  California hourly employees in effect between September 27, 2003, **AND** the present.

11  **RESPONSE TO INSPECTION DEMAND NO. 3:**

12      Defendant objects to this demand on the grounds that the phrase "expense reimbursement

13  policies" is vague and ambiguous.  Defendant further objects to this request on the grounds it

14  fails to identify the documents sought with a level of specificity to enable defendant to know the

15  precise documents being sought.  Defendant further objects to this request on the grounds that it

16  is unduly burdensome, oppressive, overbroad and harassing, as it relates to policies for thousands

17  of employees, employed at hundreds of locations throughout the state, working for thousands of

18  different clients.  Defendant further objects to this request to the extent that it seeks information

19  protected by the attorney-client privilege and/or the attorney work product doctrine.

20      Notwithstanding the foregoing objections, defendant responds as follows:  Defendant will

21  produced non-privileged, responsive documents within its possession, custody or control.

22  **INSPECTION DEMAND NO. 4:**

23      **ALL DOCUMENTS** depicting rest period breaks taken by California hourly employees

24  employed by **YOU** between September 27, 2003, **AND** the present.

25  **RESPONSE TO INSPECTION DEMAND NO. 4:**

26      Defendant objects to this demand on the grounds that the phrase "rest period breaks

27  taken" is vague and ambiguous.  Defendant further objects to this request on the grounds it is

28  beyond the scope of this litigation, as it pertains to rest breaks, not meal periods.  Defendant

4

RESPONSE TO PLAINTIFF'S FIRST SET OF INSPECTION DEMANDS

1  further objects to this request on the grounds it fails to identify the documents sought with a level

2  of specificity to enable defendant to know the precise documents being sought. Defendant

3  further objects to this request on the grounds that it is unduly burdensome, oppressive, overbroad

4  and harassing, as it requests documents for thousands of employees, employed at hundreds of

5  locations throughout the state, working for thousands of different clients. Defendant further

6  objects to this request to the extent that it seeks information protected by the attorney-client

7  privilege and/or the attorney work product doctrine. Defendant further objects to this request on

8  the grounds that it is premature in that it seeks information pertaining to the merits of the

9  litigation and is not limited to the issues  pertaining to class certification. Defendant further

10  objects to this request on the grounds that it seeks information protected by the constitutional

11  right to privacy of current and former employees of defendant.

12  **INSPECTION DEMAND NO. 5:**

13      **ALL DOCUMENTS** depicting meal period breaks taken by California hourly employees

14  employed by **YOU** between September 27, 2003, **AND** the present.

15  **RESPONSE TO INSPECTION DEMAND NO. 5:**

16      Defendant objects to this demand on the grounds that the phrase "meal period breaks

17  taken" is vague and ambiguous. Defendant further objects to this request on the grounds it fails

18  to identify the documents sought with a level of specificity to enable defendant to know the

19  precise documents being sought. Defendant further objects to this request on the grounds that it

20  is unduly burdensome, oppressive, overbroad and harassing, as it requests documents for

21  thousands of employees, employed at hundreds of locations throughout the state, working for

22  thousands of different clients. Defendant further objects to this request to the extent that it seeks

23  information protected by the attorney-client privilege and/or the attorney work product doctrine.

24  Defendant further objects to this request on the grounds that it is premature in that it seeks

25  information pertaining to the merits of the litigation and is not limited to the issues  pertaining to

26  class certification. Defendant further objects to this request on the grounds that it seeks

27  information protected by the constitutional right to privacy of current and former employees of

28  defendant.

5

1   **INSPECTION DEMAND NO. 6:**

2       **ALL DOCUMENTS** depicting meal period breaks not taken by persons employed by

3   **YOU** in California between September 27, 2003, **AND** the present.

4   **RESPONSE TO INSPECTION DEMAND NO. 6:**

5       Defendant objects to this demand on the grounds that the phrase "meal period breaks not

6   taken" is vague and ambiguous. Defendant further objects to this request on the grounds it fails

7   to identify the documents sought with a level of specificity to enable defendant to know the

8   precise documents being sought. Defendant further objects to this request on the grounds that it

9   is unduly burdensome, oppressive, overbroad and harassing, as it requests documents for

10  thousands of employees, employed at hundreds of locations throughout the state, working for

11  thousands of different clients. Defendant further objects to this request to the extent that it seeks

12  information protected by the attorney-client privilege and/or the attorney work product doctrine.

13  Defendant further objects to this request on the grounds that it is premature in that it seeks

14  information pertaining to the merits of the litigation and is not limited to the issues pertaining to

15  class certification. Defendant further objects to this request on the grounds that it seeks

16  information protected by the constitutional right to privacy of current and former employees of

17  defendant.

18  **INSPECTION DEMAND NO. 7:**

19      **ALL DOCUMENTS REFERRING, RELATING TO, OR REGARDING** complaints

20  by persons employed by **YOU** in California between September 27, 2003, **AND** the present

21  regarding meal period breaks.

22  **RESPONSE TO INSPECTION DEMAND NO. 7:**

23      Defendant objects to this demand on the grounds that the phrase "complaints . . .

24  regarding meal period breaks" is vague and ambiguous. Defendant further objects to this request

25  on the grounds it fails to identify the documents sought with a level of specificity to enable

26  defendant to know the precise documents being sought. Defendant further objects to this request

27  to the extent that it seeks information protected by the attorney-client privilege and/or the

28  attorney work product doctrine. Defendant further objects to this request on the grounds that it is

6

RESPONSE TO PLAINTIFF'S FIRST SET OF INSPECTION DEMANDS

1    unduly burdensome, oppressive, overbroad and harassing, as it seeks information potentially

2    related to thousands of individuals employed at hundreds of locations throughout the state,

3    working for thousands of different clients, before this case even has been certified as a class

4    action. Defendant further objects to this request on the grounds that it is premature in that it

5    seeks information pertaining to the merits of the litigation and is not limited to the issues

6    pertaining to class certification. Defendant further objects to this request on the grounds that it

7    seeks information protected by the constitutional right to privacy of current and former

8    employees of defendant.

9    **INSPECTION DEMAND NO. 8:**

10    **ALL DOCUMENTS YOU** contend constitute the statements required by California

11    Labor Code Section 226 for each person employed by **YOU** in California from September 27,

12    2003 **AND** the present, paid on an hourly basis for whom Spherion records depict a meal period

13    not taken.

14    **RESPONSE TO INSPECTION DEMAND NO. 8:**

15    Defendant objects to this demand on the grounds it is vague, ambiguous and

16    unintelligible, particularly with regard to the phrase "meal period not taken." Defendant further

17    objects to this request on the grounds it fails to identify the documents sought with a level of

18    specificity to enable defendant to know the precise documents being sought. Defendant further

19    objects to this request on the grounds that it is premature in that it seeks information pertaining to

20    the merits of the litigation and is not limited to the issues pertaining to class certification.

21    Defendant further objects to this request on the grounds that it is unduly burdensome, oppressive,

22    overbroad and harassing, as it seeks information related to thousands of individuals employed at

23    hundreds of locations throughout the state, working for thousands of different clients, before this

24    case even has been certified as a class action. Defendant further objects to this request to the

25    extent it calls for a legal conclusion. Defendant further objects to this request to the extent that it

26    seeks information protected by the attorney-client privilege and/or the attorney work product

27    doctrine. Defendant further objects to this request on the grounds that it seeks information

28    protected by the constitutional right to privacy of current and former employees of defendant.

7

SC1 17091154.1

1    **INSPECTION DEMAND NO. 9:**

2        **ALL DOCUMENTS** depicting the organizational structure of **YOUR** human resources

3    department between September 27, 2003, and the present.

4    **RESPONSE TO INSPECTION DEMAND NO. 9:**

5        Defendant objects to this demand on the grounds that the phrase "organizational structure

6    of YOUR human resources department" is vague and ambiguous.  Defendant further objects to

7    this request on the grounds it seeks documents neither relevant to this litigation or reasonably

8    calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

9    request to the extent that it seeks information protected by the attorney-client privilege and/or the

10   attorney work product doctrine.  Defendant further objects to this request on the grounds that it

11   seeks information protected by the constitutional right to privacy of current and former

12   employees of defendant.

13       Notwithstanding the foregoing objections, defendant responds as follows:  Defendant will

14   produced non-privileged, responsive documents within its possession, custody or control.

15   **INSPECTION DEMAND NO. 10:**

16       **ALL DOCUMENTS REFERRING OR RELATING** to Valerie D. Watson-Smith,

17   including weekly recruiter reports and TAM reports.

18   **RESPONSE TO INSPECTION DEMAND NO. 10:**

19       Defendant objects to this demand on the grounds that the phrases "weekly recruiter

20   reports" and "TAM reports" are vague and ambiguous.  Defendant further objects to this demand

21   to the extent it is overbroad and burdensome and seeks information not reasonably calculated to

22   lead to the discovery of admissible evidence.  Defendant further objects to this request on the

23   grounds it fails to identify the documents sought with a level of specificity to enable defendant to

24   know the precise documents being sought.

25       Notwithstanding the foregoing objections, Defendant replies as follows: Defendant will

26   produce responsive, non-privileged documents within its possession, custody or control.

27

28

RESPONSE TO PLAINTIFF'S FIRST SET OF INSPECTION DEMANDS

SCI 17091154.1

1  **INSPECTION DEMAND NO. 11:**

2        **ALL** employee manuals in effect for California hourly employees employed by **YOU**

3  between September 27, 2003, **AND** the present.

4  **RESPONSE TO INSPECTION DEMAND NO. 11:**

5        Defendant objects to this request on the grounds it is vague and ambiguous, particularly

6  with regard to the term "employee manuals." Defendant further objects to this demand on the

7  grounds it is overbroad and to the extent it seeks information not reasonably calculated to lead to

8  the discovery of admissible evidence. Defendant further objects to this request on the grounds it

9  fails to identify the documents sought with a level of specificity to enable defendant to know the

10  precise documents being sought. Defendant further objects to this request on the grounds that it

11  is unduly burdensome, oppressive, overbroad and harassing, as it seeks documents potentially

12  related to thousands of individuals employed at hundreds of locations throughout the state,

13  working for thousands of different clients, before this case even has been certified as a class

14  action. Defendant further objects to this request to the extent that it seeks information protected

15  by the attorney-client privilege and/or the attorney work product doctrine.

16  **INSPECTION DEMAND NO. 12:**

17        **ALL** weekly recruiter reports and TAM reports for recruiters employed by **YOU** between

18  September 23, 2007, AND the present performing recruiting services for Cisco Systems, Inc.

19  **RESPONSE TO INSPECTION DEMAND NO. 12:**

20        Defendant objects to this demand on the grounds that the phrases "weekly recruiter

21  reports" and "TAM reports" are vague and ambiguous. Defendant further objects to this demand

22  to the extent that it calls for a legal conclusion and for disclosure of information protected by the

23  attorney-client privilege and/or the attorney work product doctrine. Defendant further objects to

24  this demand to the extent it is overbroad and burdensome and seeks information not reasonably

25  calculated to lead to the discovery of admissible evidence. Defendant further objects to this

26  request on the grounds it fails to identify the documents sought with a level of specificity to

27  enable defendant to know the precise documents being sought. Defendant further objects to this

28  request on the grounds that it is premature in that it seeks information pertaining to the merits of

1  the litigation and is not limited to the issues pertaining to class certification. Defendant further

2  objects to this request on the grounds that it seeks information protected by the constitutional

3  right to privacy of current and former employees of defendant.

5  DATED: March 28, 2008          SEYFARTH SHAW LLP

By_____
      Samuel T. McAdoo
      Alfred L. Sanderson, Jr.
      Anthony J. Musante
      Attorneys for Defendants
      SPHERION ATLANTIC ENTERPRISES LLC

10

RESPONSE TO PLAINTIFF'S FIRST SET OF INSPECTION DEMANDS

1

2

### VERIFICATION

3

I, Jennie Dede, declare:

4

I am a Director of Operations for defendant Spherion Atlantic Enterprises, LLC., and am

5

authorized to make this verification on its behalf.

6

I have read the foregoing **RESPONSE TO PLAINTIFF'S FIRST SET OF**

7

**INSPECTION DEMANDS,** and know the contents thereof. The same are true and correct of

8

my own knowledge, except as to those matters which are stated on information and belief, and as

9

to those matters, I believe them to be true.

10

I declare under penalty of perjury that the foregoing is true and correct.  Executed this

11

_20_ th day of March ___, 2008, at _Cisco RTP Campus_

12

_NC._                                    _J. Dede_

Jennie Dede

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

SC1 17091154.1

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA    )
                              )  ss

3    COUNTY OF SACRAMENTO   )

4          I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350,

5    Sacramento, California 95814-4428. On March 28, 2008, I served the within documents:

6    **RESPONSE TO PLAINTIFF'S FIRST SET OF INSPECTION DEMANDS**

7

8    ☐   I sent such document from facsimile machine (916) 558-4839 on March 28, 2008. I
certify that said transmission was completed and that all pages were received and that
a report was generated by facsimile machine (916) 558-4839 which confirms said

9           transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the

10          parties listed below.

11   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento,

12          California 95814, addressed as set forth below.

13   ☐   by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

14

15   ☐   by placing the document(s) listed above, together with an unsigned copy of this
declaration, in a sealed Federal Express envelope with postage paid on account and

16          deposited with Federal Express at Sacramento, California, addressed as set forth
below.

17

Daniel H. Qualls                        David Sanford

18   Robin G. Workman                     Meenoo Chahbazi
Qualls & Workman LLP                Sanford, Wittels & Heisler LLP

19   244 California Street, Suite 410        1666 Connecticut Avenue, N.W., Suite 310
San Francisco, CA 94111             Washington, D.C. 20009

20   (415) 782-3660                       (202) 742-7780

21   (415) 788-1028                       (202) 742-7776

22   Grant Morris
Law Office of Grant E. Morris

23   1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009

24   (202) 742-7783

25   (202) 742-7776

26

27         I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

28   motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than on day after the date of deposit for mailing in affidavit.

SC1 17088288.1

**EXHIBIT I**

1   Daniel H. Qualls, Bar No. 109036
    Robin G. Workman, Bar No. 145810
2   **QUALLS & WORKMAN, LLP**
    244 California Street, Suite 410
3   San Francisco, CA 94111
    Telephone: (415) 782-3660
4   Facsimile: (415) 788-1028

5   David Sanford, D.C. Bar No. 457933
    Meenoo Chahbazi, CA Bar No. 233985
6   **SANFORD, WITTELS & HEISLER, LLP**
    1666 Connecticut Avenue, N.W., Suite 310
7   Washington, D.C. 20009
    Telephone: (202) 742-7780
8   Facsimile: (202) 742-7776

9   Grant Morris, D.C. Bar No. 926253
    **LAW OFFICES OF GRANT E. MORRIS**
10  1666 Connecticut Avenue, N.W., Suite 310
    Washington, D.C. 20009
11  Telephone: (202) 742-7783
    Facsimile: (202) 742-7776

12
    *Attorneys for Plaintiff*
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

17  VALERIE D. WATSON-SMITH, AND ALL        )   No.  C07-05774
    OTHERS SIMILARLY SITUATED,              )
18                                          )   **PLAINTIFF VALERIE D. WATSON-**
                   Plaintiff,               )   **SMITH'S SECOND SET OF**
19                                          )   **INSPECTION DEMANDS TO**
              vs.                           )   **DEFENDANT SPHERION PACIFIC**
20                                          )   **WORKFORCE, LLC.**
    SPHERION PACIFIC WORKFORCE, LLC, and    )
21  DOES 1 through 100, inclusive,          )   **F.R.C.P. 34**
                                            )
22                 Defendants.              )
                                            )
23

24  PROPOUNDING PARTY:    Plaintiff Valerie D. Watson-Smith

25  RESPONDING PARTY:     Defendant Spherion Pacific Workforce, LLC

26  SET:                  TWO

27

28

1          Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiff Valerie D. Watson-

2   Smith hereby requests that Defendant Spherion Pacific Workforce, LLC ("SPHERION") identify,

3   produce and permit for inspection and copying the below listed documents that are in the possession,

4   custody, or control of SPHERION pursuant to the instructions and definitions contained herein.

5          The written responses and documents must be produced within thirty (30) days from the date

6   of service, plus an additional five (5) days if service of this demand is made by mail, pursuant to

7   Federal Rules of Civil Procedure, Rule 34.

8                                      **DEFINITIONS**

9          1.      The terms **"YOU," "YOUR"** or **"YOURS"** refer to Spherion and, if applicable, the

10  agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and their

11  attorneys and those persons employed by their attorneys.

12         2.      The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

13  which any expression, communication or representation has been recorded by any means including,

14  but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,

15  printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

16  electronic recording and any nonidentical copies (whether different from the original because of notes

17  made on such copies, because of indications that said copies were sent to different individuals than

18  were the originals, or because of any other reason), including but not limited to working papers,

19  preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

20  of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

21  telephone or other oral conversations, desk calendars, appointment books, audio or video tape

22  recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

23  and all other writings and recordings of every kind that are in your actual or constructive possession,

24  custody or control.

25         3.      **"COMPUTER RECORDS"** shall mean any tangible thing upon which any

26  expression, communication or representation has been recorded by any means including, but not

27  limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

28  computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

INSPECTION DEMANDS                  -2-                  3154\DISCOVERY\IDSET2.DOC

1    hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

2    printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

3    means of electronic recording and any nonidentical copies (whether different from the original

4    because of notes made on such copies, because of indications that said copies were sent to different

5    individuals than were the originals, or because of any other reason), including but not limited to

6    working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

7    scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

8    reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

9    and all other writings and recordings of every kind that are in your actual or constructive possession,

10    custody or control.

11        4.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

12    expression, communication or representation has been recorded by any means including, but not

13    limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

14    intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

15    intraoffice network e-mail, including any copies which may be stored electronically in any manner

16    including, but not limited to, network server storage, backup storage, online server storage,

17    microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

18    computer card, computer hard drive, computer floppy drive, removable computer drive storage,

19    scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording,

20    magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

21    different from the original because of notes made on such copies, because of indications that said

22    copies were sent to different individuals than were the originals, or because of any other reason),

23    including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

24    memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

25    financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

26    schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

27    your actual or constructive possession, custody or control.

28

INSPECTION DEMANDS                    -3-                    3154\DISCOVERY\IDSET2.DOC

1        5.      To **"IDENTIFY"** documents means to provide a brief description of each document

2  sufficient to support a request for production, including at least the type of document, date of the

3  document, identification of the author and recipient (if any), all persons who received or saw copies.

4        6.      To **"IDENTIFY"** a person means to state the person's name and business address,

5  and additionally, in the case of a natural person, his home address, occupation or job title and

6  employer both presently and at the time to which the interrogatory relates and such other information

7  as should be sufficient to notice the deposition of such person and to serve such person with a

8  subpoena.

9        7.      As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term **"OR"**

10  means **"AND/OR."**

11        8.      As used herein, the terms **"REGARDING," "REFER,** or **"RELATE"** means

12  relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any

13  manner whatsoever logically or factually connected with the matter referenced, whether in whole or

14  in part.

15        9.      As used herein, the term **"TIME RECORDS" REFERS TO ANY AND ALL**

16  **DOCUMENTS** reflecting time entries regarding **ANY AND ALL** work performed, including but

17  not limited to time sheets, computer printouts, data stored on a computer hard drive, or computer disk.

18                             **INSTRUCTIONS**

19        1.      This request requires you to produce all documents that are in your actual or

20  constructive possession, custody or control or that are in the possession, custody or control of your

21  attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your

22  behalf.

23        2.      If any requested document was, but is no longer in your possession, you must specify

24  in writing and serve upon the undersigned a list indicating the identity of such documents. Such

25  identification should, for each such document, set forth whether the document (i) has been destroyed,

26  (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your possession,

27  custody, or control, in which case the name and address of any person or entity known or believed by

28  you to have possession, custody, or control of that document or category of documents should be

1  identified. In each such instance, explain the circumstances surrounding the disposition and state the

2  date or approximate date of such disposition and the identity of all persons who you believe to have

3  knowledge of such disposition.

4      3.    If you withhold any of the requested documents from production under a claim of

5  privilege or other protection, you must serve the undersigned a list of such withheld documents

6  indicating, for each document withheld, the following information: (i) the date composed or date

7  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies made;

8  (v) the identity of all persons or entities who saw the original document or saw or received a copy of

9  such document, and the job titles of each such person; (vi) the subject matter; and (vii) the basis for

10 the claim of privilege.

11     4.    This request requires the production of documents either in the same form or in the

12 same order as they are kept in the usual course of business or organized and labeled to correspond

13 with the particular demands set forth below. If you choose the former method, the documents are to

14 be produced in the boxes, file folders, bindings or other containers in which the documents are found.

15 The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be

16 left intact.

## INSPECTION DEMANDS

### INSPECTION DEMAND NO. 13:

ALL staffing agreements between **YOU AND** California customers in effect between

September 27, 2007, **AND** the present.

Date:   April 14, 2008

QUALLS & WORKMAN, L.L.P.

By: _____

Daniel H. Qualls
Attorney for Plaintiff

1

<u>PROOF OF SERVICE</u>

2

3       I, Tammy M. Mazzullo, hereby declare:

4       I am employed in the City and County of San Francisco, California in the office of

5   a member of the bar of this court at whose direction the following service was made. I

6   am over the age of eighteen years and not a party to the within action. My business

7   address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco,

8   California. On April 14, 2008, I **PLAINTIFF VALERIE WATSON-SMITH'S SECOND**

9   **SET OF INSPECTION DEMANDS** on the interested parties in this action via mail by

10  placing a true copy thereof, on the above date, enclosed in a sealed envelope following

11  the ordinary business practice of Qualls & Workman, for collection and mailing in the

12  United States mail addressed as set forth below:

13

14                        Alfred L. Sanderson, Jr., Esq.
                          SEYFARTH SHAW, LLP
15                        400 Capitol Mall, Suite 2350
                          Sacramento, CA 95814-4428
16

17      I am personally and readily familiar with the business practice of Qualls &

18  Workman for collection and processing of documents for mailing with the U.S. Postal

19  Service, pursuant to which mail placed for collection at designated stations in the

20  ordinary course of business is deposited the same day, proper postage prepaid, with the

21  U.S. Postal Service.

22      I declare under penalty of perjury under the laws of the State of California that

23  the foregoing is true and correct, and that this declaration was executed on

24  April 14, 2008 in San Francisco, California.

25

26  
                                              Tammy M. Mazzullo

27

28

**EXHIBIT J**

1 | SEYFARTH SHAW LLP
Samuel T. McAdam (SBN 186084)
2 | Alfred L. Sanderson, Jr. (SBN 186071)
Anthony J. Musante (SBN 252097)
3 | 400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
4 | Telephone: (916) 448-0159
Facsimile: (916) 558-4839
5
Attorneys for Defendant
6 | Spherion Atlantic Enterprises, LLC sued herein as
Spherion Pacific Workforce, LLC
7

8 |                     UNITED STATES DISTRICT COURT

9 |                 NORTHERN DISTRICT OF CALIFORNIA

10 | VALERIE D. WATSON-SMITH, AND ALL        )   Case No. C 07 05774 JSW
     OTHER SIMILARLY SITUATED,              )
11 |                                         )   **RESPONSE TO PLAINTIFF'S SECOND**
                                            )   **SET OF INSPECTION DEMANDS**
12 |            Plaintiff,                    )
                                            )
13 |        v.                               )   **F.R.C.P. 34**
                                            )
14 | SPHERION PACIFIC WORKFORCE, LLC,        )   Superior Court of California, County of
     and DOES 1 through 100, inclusive      )   Alameda Case Number: 07348378
15 |                                         )
            Defendant.                       )   Complaint Filed: September 27, 2007
16 |                                         )
                                            )
17 |
18
19 | PROPOUNDING PARTY:        PLAINTIFF VALERIE D. WATSON-SMITH

20 | RESPONDING PARTY:         DEFENDANT SPHERION PACIFIC WORKFORCE, LLC

21 | SET NUMBER:               TWO

22 |        Defendant SPHERION ATLANTIC ENTERPRISES, LLC, by and through its attorneys,

23 | Seyfarth Shaw LLP, and for its Response to Plaintiff's Second Set of Inspection Demands,

24 | hereby submits its Response to Plaintiff VALERIE D. WATSON-SMITH, states as follows:

25 |                          **PRELIMINARY STATEMENT**

26 |        Spherion has not completed its investigation, discovery, or analysis, of all the facts of this

27 | case and has not completed preparation for trial. Accordingly, each of the following responses is

28 | provided without prejudice to Spherion's right to introduce in response to any motion or at trial

RESPONSE TO PLAINTIFF'S SECOND SET OF INSPECTION DEMANDS

SC1 17092868.1

1   any evidence that is subsequently discovered relating to the proof of subsequently discovered

2   material facts. Moreover, facts, documents, and things now known may be imperfectly

3   understood and, accordingly, such facts, documents, and things, may not be included in the

4   following responses. Spherion reserves the right to reference, discover, or offer into evidence at

5   any motion hearing or at the time of trial any and all facts, documents, and things which they do

6   not presently recall but may recall at some time in the future.

7                              **GENERAL OBJECTIONS**

8        The following general objections apply to the entirety of Plaintiff's Second Set of

9   Inspection Demands. The assertion of same, similar, or additional objections to the inspection

10  demands does not waive any of Spherion's general objections as set forth below.

11       1.    Spherion objects to the Second Set of Inspection Demands and each specific

12  request to the extent that it imposes instructions, requirements, or limitations other or greater

13  than those set forth in the FRCP.

14       2.    Spherion objects to each inspection demand to the extent that it seeks to impose

15  on Spherion responsibility for disclosing information not within Spherion's possession, custody

16  or control.

17       3.    Spherion objects to each inspection demand to the extent that it is overly broad in

18  terms of time and/or scope, unduly burdensome, oppressive, vague, ambiguous, and/or

19  unreasonable.

20       4.    Spherion objects to each inspection demand to the extent that it overlaps or is

21  duplicative of other inspection demands.

22       5.    Spherion objects to each inspection demand to the extent that it seeks information

23  that is not relevant to this action or reasonably calculated to lead to the discovery of admissible

24  evidence.

25       6.    Spherion objects to each inspection demand insofar as it requests the disclosure of

26  any information protected by the attorney-client privilege or the attorney work product doctrine.

27  No such information will be disclosed.

28

2

RESPONSE TO PLAINTIFF'S SECOND SET OF INSPECTION DEMANDS

SCI 17092868.1

7.    Spherion objects to each inspection demand to the extent that it seeks discovery of confidential, trade secret, proprietary, financial, or commercially sensitive information, the disclosure of which would constitute an invasion of the constitutionally protected right of privacy or could result in substantial competitive injury to Spherion or breach by Spherion of an obligation to another to maintain such information confidential.

## SPECIFIC RESPONSES AND OBJECTIONS TO INSPECTION DEMAND

**INSPECTION DEMAND NO. 13:**

**ALL** staffing agreements between **YOU AND** California customers in effect between September 27, 2007, **AND** the present.

**RESPONSE TO INSPECTION DEMAND NO. 13:**

Defendant objects to this demand on the grounds that the phrase "staffing agreements" is vague and ambiguous. Defendant further objects to this request on the grounds it fails to identify the documents sought with a level of specificity to enable defendant to know the precise documents being sought. Defendant further objects to this request on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as it relates to agreements for potentially thousands of different clients. Defendant further objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

DATED: May 15, 2008                    SEYFARTH SHAW LLP

By _____
Samuel T. McAdam
Alfred L. Sanderson, Jr.
Anthony J. Musante
Attorneys for Defendants
SPHERION ATLANTIC ENTERPRISES LLC

SC1 17092868.1

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA            )
                                    )    ss
3    COUNTY OF SACRAMENTO           )

4         I am a resident of the State of California, over the age of eighteen years, and not a party
     to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350,
5    Sacramento, California 95814-4428. On May 16, 2008, I served the within documents:

6    **RESPONSE TO PLAINTIFF'S SECOND SET OF INSPECTION DEMANDS**

7    ☐    I sent such document from facsimile machine (916) 558-4839 on May 16, 2008. I
          certify that said transmission was completed and that all pages were received and that
8         a report was generated by facsimile machine (916) 558-4839 which confirms said
          transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
9         action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
          parties listed below.

10
     ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
11        fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento,
          California 95814, addressed as set forth below.

12
     ☐    by personally delivering the document(s) listed above to the person(s) at the
13        address(es) set forth below.

14
     ☐    by placing the document(s) listed above, together with an unsigned copy of this
15        declaration, in a sealed Federal Express envelope with postage paid on account and
          deposited with Federal Express at Sacramento, California, addressed as set forth
16        below.

17   Daniel H. Qualls                          David Sanford
     Robin G. Workman                          Meenoo Chahbazi
18   Qualls & Workman LLP                      Sanford, Wittels & Heisler LLP
     244 California Street, Suite 410          1666 Connecticut Avenue, N.W., Suite 310
19   San Francisco, CA 94111                   Washington, D.C. 20009
     (415) 782-3660                            (202) 742-7780
20   (415) 788-1028                            (202) 742-7776

21
     Grant Morris
22   Law Office of Grant E. Morris
     1666 Connecticut Avenue, N.W., Suite 310
23   Washington, D.C. 20009
     (202) 742-7783
24   (202) 742-7776

25        I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
26   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
27   meter date is more than on day after the date of deposit for mailing in affidavit.

28

PROOF OF SERVICE

SCI 17088288.1

**EXHIBIT K**

1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  **QUALLS & WORKMAN, LLP**
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4  Facsimile: (415) 788-1028

5  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
6  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7780
8  Facsimile:  (202) 742-7776

9  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
10 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
11 Telephone: (202) 742-7783
   Facsimile:  (202) 742-7776

12
   *Attorneys for Plaintiff*
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

17 VALERIE D. WATSON-SMITH, AND ALL          ) No.  C07-05774
   OTHERS SIMILARLY SITUATED,                )
18                                           )
                                             ) **PLAINTIFF VALERIE D. WATSON-**
19            Plaintiff,                      ) **SMITH'S THIRD SET OF**
                                             ) **INSPECTION DEMANDS TO**
20       vs.                                  ) **DEFENDANT SPHERION PACIFIC**
                                             ) **WORKFORCE, LLC.**
21 SPHERION PACIFIC WORKFORCE, LLC, and       )
   DOES 1 through 100, inclusive,            ) **F.R.C.P. 34**
22                                           )
            Defendants.                       )
23 _____)

24 **PROPOUNDING PARTY:**    Plaintiff Valerie D. Watson-Smith

25 **RESPONDING PARTY:**    Defendant Spherion Pacific Workforce, LLC

26 **SET:**                Three

27

28

INSPECTION DEMANDS              -1-              3154\DISCOVERY\IDSET3.DOC

1     Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiff Valerie D. Watson-

2 Smith hereby requests that Defendant Spherion Pacific Workforce, LLC ("SPHERION") identify,

3 produce and permit for inspection and copying the below listed documents that are in the possession,

4 custody, or control of SPHERION pursuant to the instructions and definitions contained herein.

5     The written responses and documents must be produced within thirty (30) days from the date

6 of service, plus an additional five (5) days if service of this demand is made by mail, pursuant to

7 Federal Rules of Civil Procedure, Rule 34.

8            **DEFINITIONS**

9    1.  The terms **"YOU," "YOUR"** or **"YOURS"** refer to Spherion and, if applicable, the

10 agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and their

11 attorneys and those persons employed by their attorneys.

12    2.  The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

13 which any expression, communication or representation has been recorded by any means including,

14 but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,

15 printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

16 electronic recording and any nonidentical copies (whether different from the original because of notes

17 made on such copies, because of indications that said copies were sent to different individuals than

18 were the originals, or because of any other reason), including but not limited to working papers,

19 preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

20 of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

21 telephone or other oral conversations, desk calendars, appointment books, audio or video tape

22 recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

23 and all other writings and recordings of every kind that are in your actual or constructive possession,

24 custody or control.

25    3.  **"COMPUTER RECORDS"** shall mean any tangible thing upon which any

26 expression, communication or representation has been recorded by any means including, but not

27 limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

28 computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

1    hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

2    printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

3    means of electronic recording and any nonidentical copies (whether different from the original

4    because of notes made on such copies, because of indications that said copies were sent to different

5    individuals than were the originals, or because of any other reason), including but not limited to

6    working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

7    scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

8    reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

9    and all other writings and recordings of every kind that are in your actual or constructive possession,

10    custody or control.

11        4.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

12    expression, communication or representation has been recorded by any means including, but not

13    limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

14    intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

15    intraoffice network e-mail, including any copies which may be stored electronically in any manner

16    including, but not limited to, network server storage, backup storage, online server storage,

17    microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

18    computer card, computer hard drive, computer floppy drive, removable computer drive storage,

19    scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording,

20    magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

21    different from the original because of notes made on such copies, because of indications that said

22    copies were sent to different individuals than were the originals, or because of any other reason),

23    including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

24    memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

25    financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

26    schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

27    your actual or constructive possession, custody or control.

28

1       5.      To **"IDENTIFY"** documents means to provide a brief description of each document

2 sufficient to support a request for production, including at least the type of document, date of the

3 document, identification of the author and recipient (if any), all persons who received or saw copies.

4       6.      To **"IDENTIFY"** a person means to state the person's name and business address,

5 and additionally, in the case of a natural person, his home address, occupation or job title and

6 employer both presently and at the time to which the interrogatory relates and such other information

7 as should be sufficient to notice the deposition of such person and to serve such person with a

8 subpoena.

9       7.      As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term **"OR"**

10 means **"AND/OR."**

11       8.      As used herein, the terms **"REGARDING," "REFER,** or **"RELATE"** means

12 relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any

13 manner whatsoever logically or factually connected with the matter referenced, whether in whole or

14 in part.

15       9.      As used herein, the term **"TIME RECORDS" REFERS TO ANY AND ALL**

16 **DOCUMENTS** reflecting time entries regarding **ANY AND ALL** work performed, including but

17 not limited to time sheets, computer printouts, data stored on a computer hard drive, or computer disk.

18                              **INSTRUCTIONS**

19       1.      This request requires you to produce all documents that are in your actual or

20 constructive possession, custody or control or that are in the possession, custody or control of your

21 attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your

22 behalf.

23       2.      If any requested document was, but is no longer in your possession, you must specify

24 in writing and serve upon the undersigned a list indicating the identity of such documents. Such

25 identification should, for each such document, set forth whether the document (i) has been destroyed,

26 (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your possession,

27 custody, or control, in which case the name and address of any person or entity known or believed by

28 you to have possession, custody, or control of that document or category of documents should be

1  identified. In each such instance, explain the circumstances surrounding the disposition and state the

2  date or approximate date of such disposition and the identity of all persons who you believe to have

3  knowledge of such disposition.

4      3.    If you withhold any of the requested documents from production under a claim of

5  privilege or other protection, you must serve the undersigned a list of such withheld documents

6  indicating, for each document withheld, the following information: (i) the date composed or date

7  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies made;

8  (v) the identity of all persons or entities who saw the original document or saw or received a copy of

9  such document, and the job titles of each such person; (vi) the subject matter; and (vii) the basis for

10  the claim of privilege.

11      4.    This request requires the production of documents either in the same form or in the

12  same order as they are kept in the usual course of business or organized and labeled to correspond

13  with the particular demands set forth below. If you choose the former method, the documents are to

14  be produced in the boxes, file folders, bindings or other containers in which the documents are found.

15  The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be

16  left intact.

## INSPECTION DEMANDS

### INSPECTION DEMAND NO. 14:

20      ALL forms/exemplars of manual timesheets for use by California hourly temporary

21  employees who worked on client sites from September 1, 2003, to the present.

### INSPECTION DEMAND NO. 15:

23      All forms/exemplars of electronic timesheets for use by California hourly temporary

24  employees who worked on client sites from September 1, 2003, to the present.

1    <u>**INSPECTION DEMAND NO. 16:**</u>

2         All services and intelligence training documents regarding QA call topics.

3

4

Date:   June 20, 2008                              QUALLS & WORKMAN, L.L.P.

5

6

                                        By:
7                                              Daniel H. Qualls
                                               Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Tammy M. Mazzullo, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco, California. On June 25, 2008, I served **PLAINTIFF VALERIE D. WATSON-SMITH'S THIRD SET OF INSPECTION DEMANDS** on the interested parties in this action via mail by placing a true copy thereof, on the above date, enclosed in a sealed envelope following the ordinary business practice of Qualls & Workman, for collection and mailing in the United States mail addressed as set forth below:

Alfred L. Sanderson, Jr., Esq.
SEYFARTH SHAW, LLP
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428

I am personally and readily familiar with the business practice of Qualls & Workman for collection and processing of documents for mailing with the U.S. Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the U.S. Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 25, 2008 in San Francisco, California.

Tammy M. Mazzullo

**EXHIBIT L**

1  SEYFARTH SHAW LLP
   Gerald L. Maatman, Jr. (SBN 06181016)
2  131 South Dearborn Street, Suite 2400
   Chicago, IL 60603
3  Telephone: (312) (312) 460-5000
   Facsimile: (312) 460-7000
4
   SEYFARTH SHAW LLP
5  Samuel T. McAdam (SBN 186084)
   Alfred L. Sanderson, Jr. (SBN 186071)
6  Anthony J. Musante (SBN 252097)
   400 Capitol Mall, Suite 2350
7  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
8  Facsimile: (916) 558-4839
9  Attorneys for Defendant
   Spherion Atlantic Enterprises, LLC sued herein as
10 Spherion Pacific Workforce, LLC

11             UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  VALERIE D. WATSON-SMITH, AND ALL      )  Case No. C 07 05774 JSW
    OTHER SIMILARLY SITUATED,             )
14                                        )  **RESPONSE TO PLAINTIFF'S THIRD**
              Plaintiff,                  )  **SET OF INSPECTION DEMANDS**
15                                        )
          v.                              )  **F.R.C.P. 34**
16                                        )
    SPHERION PACIFIC WORKFORCE, LLC,      )  Superior Court of California, County of
17  and DOES 1 through 100, inclusive     )  Alameda Case Number: 07348378
                                          )
18            Defendant.                  )  Complaint Filed: September 27, 2007
                                          )
19                                        )
                                          )
20  _____)

21  PROPOUNDING PARTY:      PLAINTIFF VALERIE D. WATSON-SMITH

22  RESPONDING PARTY:       DEFENDANT SPHERION PACIFIC WORKFORCE, LLC

23  SET NUMBER:             THREE

24       Defendant SPHERION ATLANTIC ENTERPRISES, LLC, by and through its attorneys,

25  Seyfarth Shaw LLP, and for its Response to Plaintiff's Third Set of Inspection Demands, hereby

26  submits its Response to Plaintiff VALERIE D. WATSON-SMITH, states as follows:

27                      **PRELIMINARY STATEMENT**

28       Spherion has not completed its investigation, discovery, or analysis, of all the facts of this

---

RESPONSE TO PLAINTIFF'S THIRD SET OF INSPECTION DEMANDS

SCI 17094876.1

1  case and has not completed preparation for trial. Accordingly, each of the following responses is

2  provided without prejudice to Spherion's right to introduce in response to any motion or at trial

3  any evidence that is subsequently discovered relating to the proof of subsequently discovered

4  material facts. Moreover, facts, documents, and things now known may be imperfectly

5  understood and, accordingly, such facts, documents, and things, may not be included in the

6  following responses. Spherion reserves the right to reference, discover, or offer into evidence at

7  any motion hearing or at the time of trial any and all facts, documents, and things which they do

8  not presently recall but may recall at some time in the future.

9  ## GENERAL OBJECTIONS

10  The following general objections apply to the entirety of Plaintiff's Third Set of

11  Inspection Demands. The assertion of same, similar, or additional objections to the inspection

12  demands does not waive any of Spherion's general objections as set forth below.

13  1.  Spherion objects to the Third Set of Inspection Demands and each specific request

14  to the extent that it imposes instructions, requirements, or limitations other or greater than those

15  set forth in the FRCP.

16  2.  Spherion objects to each inspection demand to the extent that it seeks to impose

17  on Spherion responsibility for disclosing information not within Spherion's possession, custody

18  or control.

19  3.  Spherion objects to each inspection demand to the extent that it is overly broad in

20  terms of time and/or scope, unduly burdensome, oppressive, vague, ambiguous, and/or

21  unreasonable.

22  4.  Spherion objects to each inspection demand to the extent that it overlaps or is

23  duplicative of other inspection demands.

24  5.  Spherion objects to each inspection demand to the extent that it seeks information

25  that is not relevant to this action or reasonably calculated to lead to the discovery of admissible

26  evidence.

27

28

RESPONSE TO PLAINTIFF'S THIRD SET OF INSPECTION DEMANDS

SCI 17094876.1

6.      Spherion objects to each inspection demand insofar as it requests the disclosure of any information protected by the attorney-client privilege or the attorney work product doctrine. No such information will be disclosed.

7.      Spherion objects to each inspection demand to the extent that it seeks discovery of confidential, trade secret, proprietary, financial, or commercially sensitive information, the disclosure of which would constitute an invasion of the constitutionally protected right of privacy or could result in substantial competitive injury to Spherion or breach by Spherion of an obligation to another to maintain such information confidential.

## SPECIFIC RESPONSES AND OBJECTIONS TO INSPECTION DEMAND

### INSPECTION DEMAND NO. 14:

ALL forms/exemplars of manual timesheets for use by California hourly temporary employees who worked on client sites from September 1, 2003, to the present.

### RESPONSE TO INSPECTION DEMAND NO. 14:

Defendant objects to this demand on the grounds that the phrases "forms/exemplars" and "manual timesheets" are vague and ambiguous. Defendant further objects to this request on the grounds it fails to identify the documents sought with a level of specificity to enable defendant to know the precise documents being sought. Defendant further objects to this request on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as it relates to timesheets for potentially thousands of different client sites.

Without waiving the foregoing, defendant responds as follows: Defendant has produced "forms/exemplars" of timesheets used by plaintiff in her role as a Cisco recruiter.

### INSPECTION DEMAND NO. 15:

All forms/exemplars of electronic timesheets for use by California hourly temporary employees who worked on client sites from September 1, 2003, to the present.

### RESPONSE TO INSPECTION DEMAND NO. 15

Defendant objects to this demand on the grounds that the phrases "forms/exemplars" and "electronic timesheets" are vague and ambiguous. Defendant further objects to this request on the grounds it fails to identify the documents sought with a level of specificity to enable

3

SCI 17094876.1

1  defendant to know the precise documents being sought. Defendant further objects to this request

2  on the grounds that it is unduly burdensome, oppressive, overbroad and harassing, as it relates to

3  timesheets for potentially thousands of different client sites.

4      Without waiving the foregoing, defendant responds as follows: Defendant has produced

5  "forms/exemplars" of timesheets used by Spherion's Cisco recruiter.

6  **INSPECTION DEMAND NO. 16:**

7      All services and intelligence training documents regarding QA call topics.

8  **REPONSES TO INSPECTION DEMAND NO. 16:**

9      Defendant objects to this demand on the grounds that the phrases "services and

10  intelligence training documents" and "QA call topics" are vague, ambiguous and unintelligible.

11  Defendant further objects to this request on the grounds it fails to identify the documents sought

12  with a level of specificity to enable defendant to know the precise documents being sought.

13  Defendant further objects to this request on the grounds that it is unduly burdensome, oppressive,

14  overbroad and harassing. Defendant further objects to this demand on the grounds the

15  information sought is protected by the attorney-client privilege and/or attorney work product

16  doctrine.

17  DATED: July 17, 2008

18

19

20

21

22

23

24

25

26

27

28

                        SEYFARTH SHAW LLP


                        By _____
                           Samuel F. McAdam
                           Alfred L. Sanderson, Jr.
                           Anthony J. Musante
                        Attorneys for Defendants
                        SPHERION ATLANTIC ENTERPRISES LLC

RESPONSE TO PLAINTIFF'S THIRD SET OF INSPECTION DEMANDS

SC1 17094876.1

1                                      **PROOF OF SERVICE**

2    STATE OF CALIFORNIA          )
                                   )    ss
3    COUNTY OF SACRAMENTO         )

4        I am a resident of the State of California, over the age of eighteen years, and not a party
     to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350,
5    Sacramento, California 95814-4428. On July 17, 2008, I served the within documents:

6    **DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET OF INSPECTION
     DEMANDS**
7

8    ☐   I sent such document from facsimile machine (916) 558-4839 on July 17, 2008. I
         certify that said transmission was completed and that all pages were received and that
9        a report was generated by facsimile machine (916) 558-4839 which confirms said
         transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
10       action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
         parties listed below.

11   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
         fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento,
12       California 95814, addressed as set forth below.

13   ☐   by personally delivering the document(s) listed above to the person(s) at the
         address(es) set forth below.
14

15   ☐   by placing the document(s) listed above, together with an unsigned copy of this
         declaration, in a sealed Federal Express envelope with postage paid on account and
16       deposited with Federal Express at Sacramento, California, addressed as set forth
         below.

17
     Daniel H. Qualls                        David Sanford
18   Robin G. Workman                        Meenoo Chahbazi
     Qualls & Workman LLP                    Sanford, Wittels & Heisler LLP
19   244 California Street, Suite 410        1666 Connecticut Avenue, N.W., Suite 310
     San Francisco, CA 94111                 Washington, D.C. 20009
20   (415) 782-3660                          (202) 742-7780
     (415) 788-1028                          (202) 742-7776
21

22   Grant Morris                            Sandra R. McCandless
     Law Office of Grant E. Morris           Sonnenschein, Nath & Rosenthal
23   1666 Connecticut Avenue, N.W., Suite 310   525 Market St., 26th Fl.
     Washington, D.C. 20009                  San Francisco, CA 94105-2708
24   (202) 742-7783                          (415) 882-5000
     (202) 742-7776                          (415) 882-0300
25

26       I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
27   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
28   meter date is more than on day after the date of deposit for mailing in affidavit.

                                       PROOF OF SERVICE

     SCI 17088288.1

1       I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

2       Executed on July 17, 2008, at Sacramento, California.

3

4                              Diana Gomez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCI 17088288.1

**EXHIBIT M**



FILED
ALAMEDA COUNTY

JUL 0 9 2008

CLERK OF THE SUPERIOR COURT
By _Phillip D. Adams_
                        Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WALLACE RALSTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>US-REPORTS, INC.,<br><br>Defendant. | Case No. RG07328773<br><br><br>ORDER RE:<br>PRIVACY NOTICE/LETTER TO<br>PUTATIVE CLASS MEMBERS |

On May 30, 2008, this Court ordered that defendant US-REPORTS, INC. ("Defendant") produce the names and contact information of its field auditor and survey employees ("Putative Class Members") to a third party administrator, and that the administrator send a privacy notice/letter and enclosed self-addressed postcard by means of which each Putative Class Member will have the opportunity to "opt out" of having their contact information provided to counsel for plaintiff Wallace Ralston ("Plaintiff"). The costs of this process will be born by Plaintiff, subject to potential future recovery under applicable law.

In the interim, the parties have agreed, and the Court hereby orders, that (a) the notice/letter shall bear the letterhead, signature and contact information of the

1

third party administrator; (b) the third party administrator for the limited purpose of carrying out the terms of this order shall be RG2 Claims Administrator, LLC. (hereafter, "Administrator"); (c) that no contact information of any attorney for either party in the case shall be provided in the notice/letter; and (d) that each letter/notice shall include a self-addressed, stamped postcard bearing a case identification heading and the following text: "I, _____, do not want my name, address, email address or telephone number to be provided to Plaintiff's attorneys," together with labeled blank lines for signature, printed name and date.

The parties were unable to agree on the exact text of the notice/letter. Accordingly, the Court hereby orders that the notice/letters read as follows:

"Plaintiff Wallace Ralston, who worked as an auditor of US-Reports from March 21, 2007 through May 16, 2007, has filed a class action suit in Alameda County Superior Court alleging that US-Reports failed to reimburse him for work related expenses he incurred in performing his job. As part of this class action, the Judge Freeman of the Alameda County Superior Court has ordered that US-Reports provide the address, e-mail address and telephone number of all field auditor and surveyor employees who work or have worked for US-Reports from January, 2007 on, unless those persons object to having this information disclosed. He has also ordered that this notice/letter be sent to you to provide you with the opportunity to so object.

IF YOU DO NOT WANT YOUR ADDRESS, EMAIL ADDRESS AND TELEPHONE NUMBER PROVIDED TO PLAINTIFF'S ATTORNEYS, YOU MUST COMPLETE THE ENCLOSED POSTCARD

2

AND RETURN IT WITHIN 30 DAYS FROM THE DATE ON WHICH THIS NOTICE/LETTER WAS POSTMARKED.

If you do not return the postcard, you may be contacted by Plaintiff's counsel for the purpose of gathering information about your work experience at US-Reports that may be related to this lawsuit. You are not required to talk to them unless you choose to do so. Nor are you obligated to discuss this lawsuit with attorneys representing US-Reports. Retaliation by your employer for providing or refusing to provide any information would be against the law."

Within one week of the date of entry of this order, Defendant shall provide the Administrator with the names, addresses, personal e-mail addresses (if available), and telephones numbers of all employees who work or have worked for U.S. Reports since January of 2007. This information shall be kept in strict confidence by the Administrator. Within one week after receiving the information from Defendant, the Administrator shall send the notices via First Class U.S. mail, or equivalent. Within one week after the deadline to return the opt-out cards has past, the Administrator shall provide counsel for both parties a list of the names and contact information of the Putative Class Members who have not opted out, together with a declaration that the process set forth in this order has been followed.

July 9, 2008
Date

Robert B. Freedman
Judge of the Superior Court

3

**EXHIBIT N**

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3

4

5    VALERIE D. WATSON-SMITH, AND ALL )
     OTHERS SIMILARLY SITUATED,       )
6                                     )
                       Plaintiff,     )
7                                     )
              v.                      )  No. C07-05774
8                                     )
     SPHERION PACIFIC WORKFORCE, LLC, )
9    and DOES 1 through 100,          )
     inclusive,                       )
10                                    )
                       Defendants.    )
11   _____)

12

13

14

15            Deposition of JOAN L. ORZO, taken

16            on behalf of the Plaintiff, at

17            244 California Street, Suite 410,

18            San Francisco, California, commencing

19            at 9:03 a.m., Friday, May 30, 2008,

20            before Karen Moon, Certified Shorthand

21            Reporter No. 12450.

22

23

24

25

Page 27

1    A  -- in that regard?
2    Q  Yes, ma'am.
3    A  No.
4    Q  To your knowledge, when branch personnel
5  process manual meal period records for Spherion
6  employees, do they read the records to determine if the
7  records depict meal periods not taken?
8    A  I -- I don't have any knowledge of that.
9    Q  To your knowledge, does that take place?
10    A  No.
11    Q  When branch managers -- excuse me. Withdraw
12  the question.
13      When branch personnel process manual time
14  sheets for Spherion employees, is any effort made to
15  determine if Spherion employees are entitled to an
16  additional hour of compensation for missed meal breaks?
17      MR. SANDERSON: Objection. Vague, ambiguous.
18  Calls for a legal conclusion.
19  BY MR. QUALLS
20    Q  You can answer.
21    A  If it's -- as people are processing time
22  sheets, if they notice an employee is not taking a
23  lunch, we would typically go back to the client and ask
24  them why, to find out what took place there.
25    Q  And how do you know that happens?

Page 28

1    A  I don't.
2    Q  You have no knowledge of whether or not that
3  ever takes place; correct?
4    A  I don't have firsthand knowledge, no.
5    Q  Has anyone ever told you that that process
6  takes place?
7    A  Yes.
8    Q  Who?
9    A  Managers will call, and they'll say that they
10  have seen an employee that hasn't taken a lunch, and
11  what should they do about that. I tell them they need
12  to go back and find out why.
13    Q  In a circumstance where an employee has not
14  taken a lunch, as depicted on a manual time sheet, is
15  the employee paid an extra hour of compensation?
16    A  They're paid for the time that they worked.
17    Q  Are they paid an additional hour's
18  compensation, where the meal period record depicts a
19  meal period not taken?
20    A  I don't know.
21    Q  Have you ever instructed anyone at any time
22  that employees for whom meal period records maintained
23  manually or electronically depict a meal period not
24  taken, they are to be paid an extra hour of
25  compensation?

Page 29

1    A  I've told managers that's a potential,
2  depending upon the circumstances.
3    Q  Have you ever instructed anyone to pay an
4  employee an extra hour of compensation for a meal period
5  not taken as depicted on a meal period record?
6    A  I've never been asked that question. So no.
7    Q  To your knowledge, has Spherion ever paid an
8  employee an additional hour of compensation where the
9  employee's meal period record depicts a meal period not
10  taken?
11      MR. SANDERSON: Objection. Calls for
12  speculation.
13  BY MR. QUALLS
14    Q  You can answer.
15    A  I have no knowledge of that.
16    Q  To your knowledge, do pay statements provided
17  to Spherion employees identify compensation paid for the
18  absence of meal period breaks?
19      MR. SANDERSON: Objection. Vague and
20  ambiguous.
21      Do you understand it?
22      THE WITNESS: I do. I think I do. If I
23  understand it correctly, you're asking if the pay
24  statement that a temporary employee would receive would
25  show where they were paid when they didn't take a meal

Page 30

1  break?
2  BY MR. QUALLS
3    Q  Yes.
4    A  Is that correct?
5    Q  Yes.
6    A  I don't have that information. I don't know.
7    Q  Have you ever seen such a pay statement?
8    A  No.
9    Q  Has anyone ever told you that such a pay
10  statement has ever existed?
11    A  No.
12      MR. SANDERSON: Can I get clarification.
13  Maybe I don't understand. Maybe I'm the only one.
14  You're talking about a pay statement that would show the
15  additional hour of compensation, not the time worked?
16      MR. QUALLS: Or hours. Additional
17  compensation for missed meal period breaks.
18      MR. SANDERSON: In terms of — the penalty
19  wage; right?
20      MR. QUALLS: Well, yes. We can quibble over
21  what it is. But right. The compensation for a missed
22  meal period break.
23      MR. SANDERSON: That's how you understood it;
24  right?
25      THE WITNESS: That it would reflect that

8 (Pages 27 to 30)

JOAN L. ORZO