SEYFARTH SHAW LLP
Gerald L. Maatman, Jr. (SBN 06181016)
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: (312) (312) 460-5000
Facsimile: (312) 460-7000

SEYFARTH SHAW LLP
Samuel T. McAdam (SBN 186084)
Alfred L. Sanderson, Jr. (SBN 186071)
Anthony J. Musante (SBN 252097)
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
Spherion Atlantic Enterprises, LLC sued herein as
Spherion Pacific Workforce, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH, AND ALL OTHER SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>SPHERION PACIFIC WORKFORCE, LLC, and DOES 1 through 100, inclusive<br><br>Defendant. | Case No. C 07 05774 JSW<br><br>**DEFENDANT SPHERION ATLANTIC ENTERPRISES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF SANCTIONS**<br><br>Date: September 24, 2008<br>Time: 3:00 p.m.<br>Courtroom: 4<br>Judge: Hon. Wayne D. Brazil |

## I. INTRODUCTION

Plaintiff may only be awarded her fees and costs if defendant's position in opposing the discovery at question was not "substantially justified." Defendant objected to the discovery requests at issue for two reasons. First, the discovery is hopelessly broad and would cost

IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
SC1 17096635.1
Case No. C 07 05774 JSW

Spherion over one-half million dollars to gather. Second, the discovery seeks information that Spherion has a duty to protect under California's privacy laws. Clearly, both positions are substantially justified. Therefore, plaintiff's motion should be denied.

Plaintiff seeks information related to a state-wide putative class of diverse and varied employees, a class that presumptively is not appropriate for certification. Defendant estimates it would cost over $580,000 to gather the information requested by plaintiff. Given the incredible burden to defendant and the unlikely prospect of certification of such a broad and diverse class, defendant objected to the oppressive requests.

Plaintiff's other category of discovery requests seeks private contact information related to Spherion Cisco recruiters. Although the putative class as defined for these requests is much narrower, plaintiff unconditionally demanded that names, addresses and other personal information be turned over, without the putative class members even having the opportunity to object to their information being disclosed. True to its duty to protect the privacy of its current and former employees, defendant objected to the unconditional disclosure, and instead suggested a method of disclosure which would give putative class members the opportunity to object. Plaintiff rejected defendant's compromise.

There is no question defendant's objections to discovery and opposition to the motion to compel are substantially justified.

## II.  ARGUMENT

Federal Rule of Civil Procedure 37 provides that if a party prevails on a motion to compel, the Court must require the losing party to pay the moving party's expenses, including attorney's fees. FED. R. CIV. PROC. 37(a)(5)(A). However, the Court *must not* order the payment if "the opposing party's nondisclosure, response, or objection was substantially justified." *Id.* at 37(a)(5)(A)(ii).

The conduct of a party is "substantially justified" if the objections and opposition raise issues about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) ("We

2
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
SC1 17096635.1
Case No. C 07 05774 JSW

1  are of the view, therefore, that as between the two commonly used connotations of the word
2  'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a
3  high degree,' but rather 'justified in substance or in the main' -- that is, justified to a degree that
4  could satisfy a reasonable person.") Specifically, a "party's actions are substantially justified if
5  the issue presented is one that 'could engender a responsible difference of opinion among
6  conscientious, diligent[,] but reasonable advocates.'" *Peterson v. Hantman*, 227 F.R.D. 13, 15
7  (D. D.C. 2005).

8      Case law supports defendant's position here that its objections and opposition were and
9  are "substantially justified." *See, e.g., Maddow v. Proctor & Gamble Co. Inc.*, 107 F.3d 846,
10 853 (11th Cir. 1997) (counsel substantially justified in relying on Supreme Court dictum and out
11 of circuit case law when there was no controlling authority in the circuit); *Frazier v.*
12 *Southeastern Pennsylvania Transportation Authority*, 161 F.R.D. 309, 313 (E.D. Pa. 1995)
13 (position justified when, although unconvincing, "not completely without basis in the law");
14 *Warzon v. Drew*, 155 F.R.D. 183, 187-88 (E.D. Wisc. 1994) (substantial justification found when
15 no clear and controlling precedent to the contrary); *T.N. Taube Corp. v. Marine Midland*
16 *Mortgage*, 136 F.R.D. 449, 456 (W.D. N.C. 1991) (unclear question; position justified); *Sneirson*
17 *v. Chemical Bank*, 108 F.R.D. 159, 163 (D. Del. 1985) (given recognition of right to privacy in
18 other contexts, assertion as to financial records substantially justified); *Cullins v. Heckler*, 108
19 F.R.D. 172, 177 (S.D.N.Y. 1985); *In re Dayco Corp. Derivative Securities Litigation*, 99 F.R.D.
20 616, 626 (S.D. Ohio 1983) (difficulties of legal and factual issues and excellent memoranda
21 submitted rendered parties' positions substantially justified); *Smith v. Montgomery County*, 573
22 F. Supp. 604, 614 (D. Md. 1983) (substantial privacy grounds for resistance to discovery).

23     This is not a case, on the other hand, where defendant's position was not substantially
24 justified: *Pearce v. Club Med Sales, Inc.* 172 F.R.D. 407, 411 (N.D. Cal. 1997) (position not
25 substantially justified when vast bulk of legal authority was against it); *General Motors Corp. v.*
26 *Johnson Matthey, Inc.*, 887 F. Supp. 1240, 1245 (E.D. Wisc. 1995) (position not substantially
27 justified when based on misrepresentation of case); *Harp v. Citty*, 161 F.R.D. 398, 403 (E.D.
28

3
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
SC1 17096635.1
Case No. C 07 05774 JSW

1  Ark. 1995) (expenses awarded when counsel had time to research law and change position and
2  did not do so); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971) (general objections
3  unjustified).

4      Federal law is clear that unabated class-wide discovery should not be permitted unless the proponent of the class can make at least a threshold showing that class certification requirements can be satisfied. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Doninger v. Pacific Northwest Bell*, 564 F.2d 1304, 1312-13 (9th Cir. 1977). This is particularly true when the potential expense of the information gathering exercise becomes totally out of proportion with the likelihood that admissible evidence will be discovered. Here, plaintiff presented no evidence whatsoever that she will be able to certify a state-wide class of Spherion employees, yet pursues discovery requests that will cost Spherion over $580,000. Spherion's opposition to this fishing expedition certainly was justified.

    Moreover, plaintiff demanded that Spherion unconditionally disclose private contact information for a group of current and former employees, without protecting the employees' Constitutional right to privacy. Case law is clear in California that individuals have a right to privacy under the California Constitution that protects their personal information from disclosure. Defendant suggested to plaintiff that the putative class members be notified that their information would be disclosed unless they objected to the disclosure, but plaintiff would not agree to this process. Clearly, under *Sneirson* and *Smith*, *supra*, defendant is substantially justified in opposing the disclosure of this information based on these individuals' right to privacy.

    Alternatively, if the court should grant in part and deny in part Plaintiff's motion to compel here, each party should bear its own costs and attorneys' fees. *See Pulsecard, Inc. v. Discover Card Services Inc.*, 168 F.R.D. 295, 311 (D. Kan. 1996) (finding that where the court sustained in part and overruled in part plaintiff's motions to compel discovery, justice required that each party be responsible for its own costs incurred on such motions).

---

4

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
SC1 17096635.1
Case No. C 07 05774 JSW

### III. CONCLUSION

For the reasons set forth above, defendant respectfully requests that the Court deny plaintiff's motion for award of sanctions.

DATED: September 3, 2008         SEYFARTH SHAW LLP


By_____/s/ Alfred L. Sanderson, Jr.
Samuel T. McAdam
Alfred L. Sanderson, Jr.
Anthony J. Musante
Attorneys for Defendants
SPHERION ATLANTIC ENTERPRISES LLC

5

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
SC1 17096635.1
Case No. C 07 05774 JSW