Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
Aviva N. Roller, Bar No. 245415
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>SPHERION PACIFIC WORKFORCE, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.  C07-05774<br><br>**PLAINTIFF VALERIE WATSON-SMITH'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S INTERROGATORIES AND INSPECTION DEMANDS**<br><br>Date: September 24, 2008<br>Time: 3:00 p.m.<br>Courtroom: 4, 3rd floor<br>Judge:  Honorable Wayne D. Brazil |

**TABLE OF CONTENTS**

**Page(s)**

I.  ARGUMENT ................................................................................................................. 1

    A.  Spherion Should Be Ordered To Comply With Discovery Requests Regarding Cisco-Based Recruiter (Class C) .................................................................... 1

        1.  Cisco Recruiter Class Member Contact Information Should Be Provided By Spherion ............................................................................... 1

        2.  Weekly TAM/'Rec-Count' Reports Prepared By Recruiter Putative Class Members Should Be Ordered Produced ............................................ 3

    B.  Spherion Should Be Ordered To Comply With Discovery Requests Regarding Spherion Temporary Hourly Employee Meal Period Claim (Class A) .................. 5

        1.  Plaintiff's Pre-Certification Discovery Is Proper ......................................... 5

            a.  The Court Has Considered And Rejected Spherion's Objection To Class C Pre-Certification Discovery Based On An Alleged Failure To Establish A Prima Facia Showing Of Rule 23 Class Requirements ............................................................................ 5

            b.  Discovery Sought Constitutes Discovery Likely To Produce Substantiation Of Class Allegations ................................................. 7

    C.  Plaintiff's Meal Period Discovery Requests Do Not Place Undue Burden On Spherion ......................................................................................................... 10

        1.  Plaintiff's Request For Timesheet Exemplars Is Not Burdensome ............ 10

        2.  Identification of Spherion Branch Personnel Who Process Putative Class Member Timesheets Does Not Impose An Undue Burden Upon Spherion ....................................................................... 11

        3.  Identification of Contact Information For Putative Class Members Does Not Impose An Undue Burden Or Expense On Spherion ................ 11

            a.  Spherion Exaggerates The Effort Required To Provide Putative Class Member Contact Information ............................................... 12

                i.  Extent Of Spherion Licensee/Franchise Locations And Records Is Irrelevant To Question Of Burden And Expense ........................................................................... 12

        ii.    Contact Information Requested Is Located In Spherion Branch Offices And Readily Available To Spherion ...................... 13

    b.    At A Minimum, Spherion Should Provide A Sample Of Putative Class Member Contact Information. ........................................................................... 14

5.    Identification of Information Regarding Meal Period Complaints By Putative Class Members Does Not Impose An Undue Burden Or Expense On Spherion ............................................................................................................. 14

6.    Production of Spherion-Client Service Contract Exemplars Does Not Cause Spherion Undue Burden Or Expense ................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186 (C.D. Cal. 2006) .......................................... 4

Barnhart v. Safeway Stores, Inc., 1992 U.S. Dist. LEXIS 22572 (D. Cal. 1992) .......................... 7

Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224 (W.D. N.Y. 2006) .......................... 14

Brinker v Superior Court, 2008 Cal. App. LEXIS 1138 (2008) .................................................. 10

Brown v. Federal Express Corporation, 2008 U.S. Dist. LEXIS 17125 (C.D. Cal. 2008) ........... 10

Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949 (2005) ................................................ 8

Creative Gifts, Inc. v. UFO, 183 F.R.D. 568 (D. N.M. 1998) ....................................................... 3

DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677 (D. Kan. 2004) ...................................................... 3

DirectTV, Inc. V. Trone, 209 F.R.D. 455 (C.D. Cal. 2002) ......................................................... 12

Doninger v. Pacific Northwest Ball, Inc., 564 F.2d 1304 (9th Cir. 1977) ..................................... 7

Gray v. Faulkner, 148 F.R.D. 220 (N.D. Ind. 1992) ...................................................................... 4

Hill v. Eddie Bauer, 242 F.R.D. 556 (C.D. Cal. 2007) ............................................................. 2, 3

Mantolete v. Bolger, 767 F.2d 1416 (9th Cir. 1985) ...................................................................... 7

Medlock v. Taco Bell, WL 3553147 (E.D..Cal.2008) ................................................................... 1

Miller v. Air Line Pilots Association, 108 F.3d 1415 (D.C. Cir. 1999) ...................................... 14

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) .. 7, 11

Perez v. Safety-Kleen Systems, Inc., 2007 WL 1848037 (N.D. Cal. Jun. 27, 2007) ..................... 8

Pioneer Electronics (USA) Inc. v. Superior Court, 40 Cal.4th 360 (2007) ..................................... 2

Puerto v. Superior Court, 158 Cal. App. 4th 1242 (2008) ............................................................ 2

Ramirez v. Nicholson, 2007 U.S. Dist. LEXIS 75700, 2007 WL 2990283 (S.D. Cal. 2007) ...... 11

Salazar v. Avis Budget Group, Inc., WL 2990281 (S.D. Cal.2007) ............................................. 1

Smith v. Lowe's Home Centers, Inc., 236 F.R.D. 354 (S.D. Ohio 2006) .................................... 14

Stevens v. GCS Service, Inc., No. 04-1337CJC (C.D. Cal., filed Apr. 6, 2006) ............................ 8

Tierno v. Rite Aid Corp., 2008 U.S. Dist. LEXIS 58748 (N.D. Cal. July 31, 2008) ................. 2, 3

United States v. International Union of Petroleum and Industrial Workers, AFL-CIO, 870 F.2d 1450 (9th Cir. 1989) ......................................................................................................... 4

White v. Starbucks Corp., 497 F. Supp. 2d 108 (N.D. 2007) ........................................................10

**STATUTES**

Federal Rules of Civil Procedure, Rule 30(b)(6) ..................................................................5, 6

Federal Rules of Civil Procedure, Rule 26(c)(7) ..............................................................3, 7, 14

## I. ARGUMENT

### A. Spherion Should Be Ordered To Comply With Discovery Requests Regarding Cisco-Based Recruiter (Class C)

The bulk of Spherion's Opposition to Plaintiff's motion to compel consists of Defendant's objections to 'state-wide' discovery regarding Plaintiff's proposed meal period class (Class A) on two principal grounds; 1) Plaintiff fails to prove a prima-facie entitlement to class certification, and 2) such discovery is unduly burdensome and expensive. Defendant asserts no such objections to Plaintiff's discovery regarding overtime pay and meal period claims of Spherion recruiters working on-site at third party Cisco Systems (Class C).

#### 1. Cisco Recruiter Class Member Contact Information Should Be Provided By Spherion

Plaintiff's Interrogatory No. 6 requests Spherion to identify all persons who worked at Cisco Systems as recruiters in California during the putative class period. Spherion does not contend such information is not discoverable. Rather, Spherion contends that a prior opt-out notice must be sent to putative class members before such contact information can be provided. Spherion's position is erroneous for several reasons.

First, while California privacy rights may be minimally impacted by Plaintiff's request for putative class member contact information, federal not California procedure governs the manner in which such privacy rights are addressed in the context of discovery conducted under the Federal Rules of Civil Procedure.

Second, Spherion's reliance on Medlock v. Taco Bell, WL 3553147, 2 (E.D..Cal.2008) and Salazar v. Avis Budget Group, Inc., WL 2990281, 1 (S.D. Cal.2007) to support its assertion that prior opt-out notice to putative class members is required under California law is misplaced. Contrary to Spherion's assertion, neither Medlock nor Salazar hold that California law requires opt-out notice be given to putative class members before disclosure of putative class member contact information.

Third, opt-out notice to putative class members as a pre-condition to discovery of contact information is not required under California law. As Judge Henderson held in Tierno v. Rite Aid Corp., 2008 U.S. Dist. LEXIS 58748, 9-10 (N.D. Cal. July 31, 2008), the California Supreme

Court's in <u>Pioneer Electronics (USA) Inc. v. Superior Court</u>, 40 Cal.4th 360 (2007), did not hold that prior opt-out notice is required before release of putative class member contact information:

> Rite Aid's second Objection, that California law requires an employer to obtain the consent of employees before releasing their private identifying information in discovery, has no merit. Rite Aid argues that "[d]isclosure of an individual's personal identifying information is only appropriate where the court 'impose[s] important limitations, requiring written notice of the proposed disclosure to all [individuals], giving them the opportunity to object to the release of their own personal identifying information.'" (citation omitted). This is an overreading of Pioneer Electric. That case held only that an order requiring disclosure of potential class members' contact information was not a serious invasion of privacy, because the contact information alone "involves no revelation of personal or business secrets, intimate activities and threatens no undue intrusion to one's personal life" and because the court had ordered notice. Id. Pioneer Electric did not impose a notice requirement. Moreover, notice would make no sense here, as witnesses cannot choose to "opt out" of civil discovery. As one court pointed out, "[g]enerally, witnesses are not permitted to decline to participate in civil discovery, even when the information sought from them is personal or private." Puerto, 158 Cal.App.4th at 1256-57. <u>Tierno v. Rite Aid Corp.</u>, 2008 U.S. Dist. LEXIS 58748, 9-10 (N.D. Cal. July 31, 2008).

An order requiring disclosure of potential class member contact information is not a serious invasion of privacy. <u>Pioneer Electronics</u>, 40 Cal.4th at 371. Privacy intrusion is minimized where safeguards that shield information from disclosure are in place. <u>Id</u>. A protective order limiting disclosure of putative class member contact information to plaintiff, her counsel, and experts provides a sufficient privacy safeguard. Such a safeguard properly balances privacy rights as recognized in <u>Pioneer Electronics</u> with the right to discovery. <u>Tierno v. Rite Aid Corp.</u>, 2008 U.S. Dist. LEXIS 58748, 9-10 (N.D. Cal. July 31, 2008); [protective order sufficiently safeguards putative class member privacy interest as recognized by <u>Pioneer Electronics</u>]; <u>Hill v. Eddie Bauer</u>, 242 F.R.D. 556, 562-563 (C.D. Cal. 2007); [putative class member contact information ordered produced subject to limited protective order safeguarding privacy rights as recognized by <u>Pioneer Electronics</u>].

Lastly, as putative class members are also material witnesses regarding Spherion's overtime policies as applied to Cisco-based Spherion recruiters, prior opt-out notice procedures are not required. In <u>Puerto v. Superior Court</u>, 158, Cal. App. 4th 1242 (2008), decided after <u>Pioneer Electronics</u>, the court held that prior opt-out notice was not a prerequisite to discovery of contact information of material witnesses in a putative class case. <u>Puerto v. Superior Court</u>, 158,

1  Cal. App. 4th 1242 (2008), cited with approval by <u>Tierno v. Rite Aid Corp.</u>, 2008 U.S. Dist.
2  LEXIS 58748, 9-10 (N.D. Cal. July 31, 2008).
3       Accordingly, Plaintiff's motion to compel responses to Special Interrogatory No. 6 should
4  be granted.

      **2.**    <u>**Weekly TAM/'Rec-Count' Reports Prepared By Recruiter Putative Class Members Should Be Ordered Produced**</u>

7       Plaintiff's First Inspection Demand, Request No. 10, seeks production of Plaintiff's weekly
8  TAM, or 'rec' reports prepared by Plaintiff while employed by Spherion as a recruiter working at
9  Cisco Systems. Plaintiff's First Inspection Demand, Request No. 12, seeks production of TAM or
10 'rec' reports for putative class members (Class C). Spherion refuses to produce the requested
11 TAM reports.
12      In its Opposition, Spherion states:

> Spherion generated TAM or weekly recruiter reports by downloading information from Cisco's Management Metrics Center (MMC). The MMC contains information not only on Spherion Cisco Recruiters, but also on Cisco's own recruiters. Because the data belongs to Cisco, Spherion cannot share the proprietary information, and therefore produced no documents responsive to this request.

16 Spherion's proprietary information objection fails to pass muster.
17      Spherion fails to establish with competent evidence what TAM reports constitute
18 proprietary information. There is no absolute privilege for confidential information, although such
19 information may be protected under Fed. R. Civ. P. 26(c)(7). <u>Hill v. Eddie Bauer</u>, 242 F.R.D. 556
20 (C.D. Cal. 2007). The party opposing discovery must show that the information is a trade secret
21 or other confidential research, development, or commercial information under Rule 26(c)(7) and
22 that its disclosure would be harmful to the party's interest in the property. <u>Id</u>. See, <u>Creative Gifts,</u>
23 <u>Inc. v. UFO</u>, 183 F.R.D. 568, 571 (D. N.M. 1998) (conclusory arguments insufficient to establish
24 requested documents are trade secrets and meritorious of confidential status and protection);
25 <u>DIRECTV, Inc. v. Puccinelli</u>, 224 F.R.D. 677, 690 (D. Kan. 2004) (rejecting party's objection to
26 request on confidential information ground when party had neither moved for protective order nor
27 established documents contain confidential information or that disclosure would injure party or
28 any other entity). Spherion fails to provide evidence to support its claim that the documents

responsive to Request Nos. 10 and 12 are confidential proprietary information or that their disclosure would be harmful to Spherion or Cisco's interest in the property. Evidence submitted by Spherion consists of a single conclusory assertion contained in a Declaration filed by attorney Sanderson:

> Because the data belongs to Cisco, Spherion does not have the authority to share the proprietary information.[1]

This conclusory assertion by attorney Sanderson, devoid of foundational facts of any kind, fails to establish TAM reports constitute confidential, proprietary information. Sanderson fails to assert facts demonstrating that TAM recruiter reports are a trade secret of Spherion or Cisco. Nor can TAM reports be a confidential trade secret of third party Cisco Systems, as Cisco Systems freely provided such reports to Spherion, and attorney Sanderson identifies such reports as those of Spherion, not Cisco.[' Spherion generated TAM or weekly recruiter reports by downloading information from Cisco's Management Metrics Center (MMC).']. Spherion also fails to present evidence that disclosure of TAM reports would be harmful to Spherion or Cisco in any way.

As Spherion admits it is in possession of TAM reports, it is under an affirmative obligation to produce such records in response to a discovery request. "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum and Indus. Workers. AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989). Thus, "[a] party responding to a Rule 34 production request . . . 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992)(citation omitted); A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 189 (C.D. Cal. 2006).

Spherion's failure to produce requested TAM reports generated by Plaintiff and the putative class of Cisco-based recruiters she seeks to represent is without substantial justification and merits an award of attorneys' fees.

///

---

[1] Declaration of Alfred L. Sanderson, Jr., et.al (Sanderson Decl.), Pg. 2, ¶ 5.

**B.    Spherion Should Be Ordered To Comply With Discovery Requests Regarding Spherion Temporary Hourly Employee Meal Period Claim (Class A)**

**1.    Plaintiff's Pre-Certification Discovery Is Proper**

**a.    The Court Has Considered And Rejected Spherion's Objection To Class C Pre-Certification Discovery Based On An Alleged Failure To Establish A Prima Facia Showing Of Rule 23 Class Requirements**

The Court previously considered and rejected Spherion's contention that Plaintiff's failure to make a prima facie showing of Rule 23 class action requirements bars discovery regarding the putative temporary hourly employee meal period class.

On February 24, 2008, Plaintiff served deposition notices on Spherion pursuant to FRCP 30(b)(6) requesting examination of Spherion personnel on the following topics: 1) Spherion meal period record keeping practices and policies as applied to California hourly employees during the proposed class period; and 2) Spherion meal period policies and practices as applied to California hourly employees during the proposed class period (alternatively, 30(b)(6) Examinations). Plaintiff sought to depose persons who could testify regarding Spherion's state-wide meal period policies and practices.

On March 12, 2008, Spherion served Objections to the 30(b)(6) Examinations. On March 13, 2008, counsel for Plaintiff and Spherion met and conferred to discuss Spherion's Objections. Spherion's counsel informed Plaintiff that Spherion would not produce witnesses for the 30(b)(6) Examinations, and would limit examinations to Spherion employees placed with Cisco Systems only because policies and practices as described in the 30(b)(6) examinations varied from one Spherion customer to another, the very same contention Spherion asserts in opposition to this motion.

On March 19, 2008, the parties submitted a joint letter brief to the Court regarding Plaintiff's motion to compel compliance with the notice for the 30(b)(6) Examinations. In opposition to Plaintiff's request, Spherion stated:

> Because Spherion is primarily a temporary staffing company that places employees with thousands of outside companies in thousands of different job capacities in

REPLY MEMO OF POINTS & AUTHORITIES    -5-    3154\MOTIONS\REPLYBRIEF.DOC

California, these catagories are excessively overbroad and not subject to common FRCP30(b)(6) testimony.[2]

Spherion also asserted that because it operated over 60 offices in California placing employees with over 9,000 various business performing various jobs, Plaintiff could not establish a prima facie showing of Rule 23 class requirements required to engage in 'state-wide' class discovery on meal period policies and practices.[3]

On April 2, 2008, the Court issued an order directing Spherion to comply with Plaintiff's 'state-wide' discovery requests and produce requested 30(b)(6) Examination witnesses.[4] By this Order, the Court rejected Spherion's contentions.

The Court has therefore considered and rejected Spherion's assertion that Plaintiff is not permitted to conduct 'state-wide' discovery regarding Spherions' meal period policies and practices on the grounds that Plaintiff cannot establish a prima facie case for Rule 23 class certification.

The discovery requests now before the Court are a follow-up to the 30(b)(6) Examination testimony provided by Spherion as ordered by this Court. Spherion's 30(b)(6) witness, Joan Orzo, testified regarding common Spherion meal period policies and practices as applied to all Spherion temporary hourly employees. Orzo testified regarding the processing of putative class member timesheets by Spherion branch personnel. This motion requests production of exemplars of such timesheets (Inspection Demand Request Nos. 14-15), the names of Spherion California branch personnel responsible for the processing of putative class member timesheets (Special Interrogatory No. 9), and the contact information of putative class members submitting such timesheets (Interrogatory Nos. 4, 9).

Plaintiff is not required to bat down Spherion's Rule 23 'prima facie' objection every time Plaintiff propounds discovery regarding the temporary employee meal period subclass. The Court considered and rejected Spherion's Rule 23 objection and has permitted Plaintiff to proceed with pre-certification discovery relevant to class certification of Class C.

---

[2] Supplemental Declaration of Daniel H. Qualls Filed In Support of Plaintiff's Motion To Compel, et. al. ("Qualls Supp.Decl.") ¶ 2.
[3] Id.
[4] See, April 2, 2008, Order, Qualls Supp. Decl. ¶ 3, EX A.

### b. Discovery Sought Constitutes Discovery Likely To Produce Substantiation Of Class Allegations

A party has the right to discover 'any matter, not privileged, that is relevant to the claim or defense of any party.' FRCP 26(b)(1). Courts broadly construe the scope of discovery. Oppenheimer Fund v. Sanders, 437 U.S. 340 (1978). The Ninth Circuit recognized that discovery is often necessary to determine if a class is maintainable and to define the scope of the class. Doninger v. Pacific Northwest Ball, Inc., 564 F. 2d 1304, 1312 (9th Cir. 1977). A plaintiff may be entitled to pre-certification discovery if discovery is likely to produce substantiation of the class allegations. Mantolete v. Bolger, 767 F. 2d 1416, 1424 (9th Cir. 1985). "Discovery relating to class issues is not always distinguishable from other discovery." Barnhart v. Safeway Stores, Inc., 1992 U.S. Dist. LEXIS 22572 (D. Cal. 1992). "The key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members – an inquiry that may require some discovery on the "merits" and development of the basic issues." Id.

Spherion, a California employer, is required to provide meal period breaks to non-exempt hourly employees (Cal.Lab.C.§ 512), provide compensation for missed meal breaks (Cal. Lab. C § 226.7), and record such meal period breaks (8 Cal. Code Regs. §§ 11070 Sub 7(A)(3); Cal.I.W.C. Order 2001-7(7)(3). Plaintiff seeks to represent a class of non-exempt hourly employees for whom Spherion records depict a meal period not taken who did not receive a compensation payment by Spherion for the lack of said meal period. As Spherion's statutory duty to affirmatively provide meal periods applies to all California hourly employees, Plaintiff is entitled to conduct discovery to ascertain Spherion's meal period policy as applied to Plaintiff's proposed class to demonstrate facts common to the proposed meal period class.

Spherion devotes the bulk of its Opposition to the contention that because putative class members performed different jobs for different Spherion clients at different times, Plaintiff cannot meet Rule 23 class requirements. Spherion's assertion based on job differences and varied client businesses is beside the point. California labor laws establish minimum wage and hour standards applied equally to all non-exempt employees. Spherion is obliged by California law to

affirmatively provide temporary employees who drive forklifts for a Spherion warehouse client with the same 30 minute off duty meal period after 5 hours of toil as must be provided to temporary employees paid hourly who program computers. Cal.Lab.C. § 512, 226.7, IWC Wage Order 2001-7(7)(3). Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949, 962-63 (2005) [employer's "obligation to provide ... an adequate meal period is not satisfied by assuming that the meal periods were taken, because employers have 'an affirmative obligation to ensure that workers are actually relieved of all duty.']. Federal decisions addressing an employer's obligation as prescribed by Section 512 and California Wages Orders are in accord. In Perez v. Safety-Kleen Systems, Inc., 2007 WL 1848037 (N.D. Cal. Jun. 27, 2007), the court followed Cicairos and held that employers "must do something affirmative" to ensure that employees receive their statutorily-mandated meal periods. In Stevens v. GCS Service, Inc., No. 04-1337CJC (C.D. Cal., filed Apr. 6, 2006), the court likewise held that the "employer had an affirmative obligation to ensure that its employees were relieved of all duty during meal breaks.

Plaintiff contends Spherion failed to affirmatively provide meal periods to California temporary hourly employees, and that issues of fact and law demonstrating this failure to comply with California labor law are common to the class Plaintiff seeks to represent and predominate. Plaintiff worked for Spherion as a temporary hourly employee. Spherion temporary employees are employees of Spherion, not Spherion customers.[5] As such, the obligation to provide meal period to class members resides with Spherion, not its clients. Cal.Lab. C. § 512. Spherion temporary employees follow the work schedule assigned to them by the Spherion customer for whom they directly provide labor, not Spherion.[6] Clients are not obligated to provide meal periods for Spherion temporary hourly employees.[7] Client supplied work schedules for temporary employees do not include meal periods, and Spherion branch personnel are not instructed by Spherion to ensure client supplied work schedules do so.[8] Spherion branch personnel are not instructed to review timesheets submitted by temporary hourly employees to determine if meal

---

[5] Deposition of Joan Orzo Taken On May 30, 2008, ("Orzo Depo"), pg. 52. Qualls Supp. Decl. ¶ 4, EX B.
[6] Orzo Depo, pg. 43:1-6.
[7] Orzo Depo. Pg. 46:7-9.
[8] Orzo Depo, pg. 42:22-24; 44:5-18.

periods are depicted.[9] Spherion clients, not Spherion, decides what tasks a Spherion temporary hourly employee is to perform and when they are to be performed.[10] Electronic timesheets have been in use by Spherion since 2003. Plaintiff's electronic timesheet used in 2005 does not depict or record meal periods, as Spherion does not keep such records despite the legal requirement that meal period records be maintained, a practice common to class members.[11] While tens of thousands of Spherion hourly employees worked in California during the proposed class period, none received an extra hour of pay due to the lack of a meal period as required by California law. Cal.L.C.§ 226.7.

The discovery Plaintiff now seeks to compel (production of Spherion timesheet exemplars, exemplars of service agreements between Spherion and California clients, identity of Spherion branch personnel who process putative class member timesheets, and contact information for putative class members) is likely to produce substantiation of class meal period claims. Production of Spherion timesheet exemplars will further establish Spherion's policy and practice of recordation of putative class member work time without regard to meal periods, as Spherion fails to affirmatively record meal periods.[12] Production of exemplars of Spherion-client temporary service agreements is likely to establish that Spherion uniformly does not affirmatively require Spherion clients to ensure or provide meal periods to putative class members. Discovery of the identify of Spherion branch personnel responsible for processing putative class member timesheets is likely to establish that Spherion both fails to record meal periods, fails to monitor meal periods for temporary employees, and fails to pay compensation where timesheets depict the absence of meal periods. Contact information of putative class members is likely to further establish these practices, in addition to the central common fact that Spherion uniformly fails to take any affirmative action to provide meal periods to temporary hourly employees.

Spherion's reliance on the holdings in <u>Brinker v Superior Court</u>, 2008 Cal.App.LEXIS 1138 (2008), <u>White v. Starbucks Corp.</u>, 497 F.Supp.2d 108 (N.D. 2007) and <u>Brown v. Fed.</u>

---

[9] Orzo Depo. Pg 75:22-24.
[10] Orzo Depo., Pg. 75:6-16.
[11] Orzo Depo. Pg. 71:20-72:9.
[12] Qualls Supp. Decl., EX C.

Express Corporation, 2008 U.S. Dist. LEXIS 17125 (C.D. Cal. 2008) as a basis to deny discovery sought by Plaintiff is misplaced, for the holdings in Brinker, White, and Brown confirm an employer's statutory duty to affirmatively provide meal periods. Id. Here, Plaintiff contends Spherion uniformly failed to comply with this statutorily prescribed duty to take affirmative steps to provide meal periods to temporary, hourly employees, uniformly failed to maintain records of such meal periods as required by law, and as a matter of uniform practice did not pay an extra hour of compensation as required by California law when meal periods were not provided.

### C. Plaintiff's Meal Period Discovery Requests Do Not Place Undue Burden On Spherion

#### 1. Plaintiff's Request For Timesheet Exemplars Is Not Burdensome

Plaintiff's Third Inspection, Request Nos. 14-15, requests Spherion to produce exemplars of manual and electronic timecards used by putative class members during the proposed class period. Spherion presents no evidence that production of these requested exemplars places an undue burden on Spherion. Rather, Spherion falsely asserts that such records were produced to Plaintiff. Attorney Sanderson states:

> Included among the documents are exemplars of manual and computer based timesheets used by Spherion employees (Bates numbers D00025, D00086-00151, D01152-01530.[13]

A review of Bates records cited by attorney Sanderson belies his assertion, as the timesheets cited are comprised of Plaintiff's timesheets only (with the exception of D00025).[14] Indeed, Spherion's response to Request No.15 states: 'Defendant has produced "forms/exemplars" of timesheets used by plaintiff in her role as a Cisco recruiter.

Timesheet exemplars are relevant to Plaintiff's class wide allegation that Spherion failed to record meal periods are required by California law, and are also relevant to the issue of class membership ascertainability, as Plaintiff defines the proposed class as temporary employees for who time records fail to depict meal periods. Such records should be ordered produced.

---

[13] Sanderson Decl. ¶ 2.
[14] Qualls Suppl. Decl., ¶ 6.

REPLY MEMO OF POINTS & AUTHORITIES    -10-    3154\MOTIONS\REPLYBRIEF.DOC

### 2. Identification of Spherion Branch Personnel Who Process Putative Class Member Timesheets Does Not Impose An Undue Burden Upon Spherion

According to Spherion, it operated between 45 and 58 local offices in California during the proposed class period, including branch offices.[15] A branch manager and branch-level employees work in each branch office.[16] Plaintiff's Third Set of Interrogatories, No. 9, requests the names and contact information for Spherion branch personnel responsible for imputing temporary employee timesheets during the proposed class period. Spherion fails to present evidence that compliance with Interrogatory No. 9 would cause undue burden or expense to Spherion. To the contrary, Spherion doubtlessly knows the email address and telephone numbers for Spherion branch managers in California. Such managers can be readily surveyed to ascertain the names of Spherion personnel working in Spherion branch offices with the responsibility for imputing temporary employee timesheets. 50 odd branch offices can be easily contacted to obtain the requested information.

### 3. Identification of Contact Information For Putative Class Members Does Not Impose An Undue Burden Or Expense On Spherion

"[T]he presumption is that the responding party must bear the expense of complying with discovery requests, but [it] may invoke the district court's discretion under Rule 26(c) to grant orders protecting [it] from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Ramirez v. Nicholson, 2007 U.S. Dist. LEXIS 75700 at 75702, (S.D. Cal. 2007). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining, and supporting its objections. DirectTV, Inc. V. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002). Under Federal Rule of Civil Procedure 33, a party may propound

---

[15] Declaration of Alfredo Echeverria, et.al. (Echeverria Decl.) ¶ 4.
[16] Declaration of Joan L. Orzo (Orzo Decl.) ¶ 18-19.

1  interrogatories which require the answering party to "furnish such information as is available to
2  the party" after conducting a reasonable inquiry. FED. R. CIV. P. 33(a).

     a. **Spherion Exaggerates The Effect Required To Provide Putative Class Member Contact Information**

       i. **Extent Of Spherion Licensee/Franchise Locations And Records Is Irrelevant To Question Of Burden And Expense**

Spherion's contention that Plaintiff's request for contact information should be denied because the scope of contact information sought does not coincide with the scope of Class A is wide of the mark. Class A is defined as persons paid on an hourly basis for whom Spherion records depict a meal period not taken who did not receive a compensation payment for the lack of said meal period. Spherion hourly temporary employees submit electronic timecards which do not depict meal periods.[17] Spherion does not pay compensation for missed meal periods.[18] Interrogatory No. 9 requests contact information for Spherion hourly temporary employees who work at client sites without the presence of Spherion personnel. This group of Spherion temporary employees are members of the proposed class.

Spherion contends that compliance with Plaintiff's request for putative class member contact information is burdensome because Spherion would be required to search records maintained by Spherion and Spherion licensees and franchisees. Spherion greatly exaggerates the task required. Plaintiff seeks to represent a class of persons employed by *Spherion*, not Spherion licensees or franchisees. As such, compliance with Plaintiff's discovery requests does not require Spherion to search the records of persons employed by its licensees and franchisees.

       ii. **Contact Information Requested Is Located In Spherion Branch Offices And Readily Available To Spherion**

Plaintiff's Special Interrogatory No. 9 requests contact information for putative class members who worked at client sites without the presence of Spherion supervisory personnel. Spherion acknowledges that documentation regarding such temporary employees are kept by

---

[17] Qualls Supp. Decl., EX C, Timecard.
[18] Orzo Depo. pg. 87, Qualls Supp. Decl.. EX B.

Spherion at the local branch office.[19]  Interrogatory No. 9 requests the name and address of such employees.  To comply with Interrogatory No. 9, Spherion need only ascertain the names and addresses of temporary employees as kept by Spherion at its 50 odd branch offices in California.  Such information is readily available to Spherion.  Spherion fails to offer evidence that a search for this most basic employment information as admittedly maintained by Spherion in its branch offices would result in an undue burden or expense.  Indeed, Spherion fails to demonstrate that such information is not in electronic form, as one would expect employee lists to be for any business in 2008.  Spherion can readily comply with Interrogatory No. 9.  Spherion need only ascertain the names and addresses of temporary employees for whom employment files are kept by Spherion at 50 or so Spherion branch offices in California.

The time and expense estimate provided by Spherion HR manager Alfredo Echeverria are exaggerated because Mr. Echeverria's estimates effort required to produce data Plaintiff does not seek by this motion.  Plaintiff's Interrogatory No. 9 requests Spherion to identify persons employed by Spherion as a temporary employee paid on an hourly basis working on a customer site without the presence of Spherion supervisory personnel.  Orzo confirms such employment records for such employees are maintained at Spherion branch offices.[20]  In his Declaration, Mr. Echeverria states:

> My understanding is that plaintiff in this case has asked for the full name, address, email address, telephone number, occupation or job title, and employer from September 27, 2003, to the present of all flexible/temporary staff working on a customer site without the presence of Spherion supervisory personnel.[21]

As confirmed to Spherion in the meet and confer process preceding this motion, Plaintiff seeks by this motion only the name, addresses (home and email) and telephone numbers of putative class members.[22]  Plaintiff does not seek job title or occupation data.  As Mr. Echeverria's search

---

[19] Orzo Decl. ¶ 13.
[20] Id.
[21] Echeverria Decl. ¶ 7.
[22] Qualls Supp. Decl. ¶ 7.

estimates include such data, they exaggerate the burden and expense required to provide the basic contact information requested.

### b. At A Minimum, Spherion Should Provide A Sample Of Putative Class Member Contact Information.

Plaintiff does not concede that Spherion has met is burden to demonstrate that discovery of putative class member contact information as requested by Interrogatory No. 9 causes Spherion undue burden and expense. In the event the Court concludes otherwise, Plaintiff alternatively requests that Spherion be directed to provide responsive sample contact information. Hill v. Eddie Bauer, 242 F.R.D. 556, 562-563 (C.D. Cal. 2007); citing with approval, Miller v. Air Line Pilots Ass'n, 108 F.3d 1415, 1425 (D.C. Cir. 1999) ("[S]ome sort of sampling technique might well provide the appropriate balance between [plaintiff's] interest in data that is accessible and informative and [defendant's] concerns that the request be manageable."); Smith v. Lowe's Home Centers, Inc., 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (limiting discovery in class action litigation against employer to a "statistically significant representative sampling" is appropriate under Fed. R. Civ. P. 26).

Should the Court deem a sample appropriate, Plaintiff proposes a sample consisting of 1,000 randomly selected California temporary hourly employees for each year of the proposed class period for whom personnel files are maintained by Spherion at Spherion branch offices.

### 5. Identification of Information Regarding Meal Period Complaints By Putative Class Members Does Not Impose An Undue Burden Or Expense On Spherion

Plaintiff's First Set of Inspection Demands, Request No. 7, requests production of documents regarding meal period complaints by putative class members. Plaintiff's First Set of Interrogatories, No. 4, requests Spherion to identify hourly employees who complained regarding meal periods during the proposed class period. Spherion failed to provide requested information.

In the meet and confer process that preceded this motion, Plaintiff offered to limit the scope of Request No. 7 and Interrogatory No. 4 to only those hourly employees who filed complaints with California governmental agencies or who submitted written complaints to

Spherion's HR department personnel responsible for such complaints. Spherion rejected Plaintiff's proposal.[23]

Plaintiff requests the Court adopt this compromise proposal and order Spherion to provide the limited information requested.

### 6. Production of Spherion-Client Service Contract Exemplars Does Not Cause Spherion Undue Burden Or Expense

A California employer must affirmative provide meal periods to non-exempt employees. Cal.Lab.C.§ 512; Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949 (2005); Perez v. Safety-Kleen Systems, Inc., 2007 WL 1848037 (N.D. Cal. Jun. 27, 2007). Plaintiff contends proof common to the proposed class establishes that Spherion fails to take affirmative action to provide meal periods to temporary employees working at Spherion client work sites. As further evidence of this failure to act, Plaintiff seeks production of service contracts between Spherion and its California clients governing the circumstances under which Spherion employees work at client sites (Plaintiff's Second Inspection Demand, Request No. 13). Spherion failed to produce the requested service contracts.

In the meet and confer conference the preceded this motion, Plaintiff proposed to limit to scope of Request No. 13 to exemplars of standardized service contracts used by Spherion in California during the proposed class period. Spherion rejected this proposal.[24]

Plaintiff requests the Court adopt this proposal and direct Spherion to produce responsive records.

Dated: September 10, 2008

QUALLS & WORKMAN, LLP

_____/s/_____
Daniel H. Qualls
Attorney For Plaintiff

---

[23] Qualls Supp. Decl. ¶ 8.
[24] Qualls Supp. Decl., ¶ 9.