IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>SPHERION PACIFIC WORKFORCE, LLC.,<br><br>    Defendant.<br>_____/ | No. C 07-05774 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND RE CLASS DEFINITION** |

Now before the Court is the motion for leave to amend filed by plaintiff Valerie D. Watson-Smith ("Plaintiff"). The Court previously granted Plaintiff's motion with respect to the proposed claim under the California Labor Code Private Attorney General Act of 2004 but reserved ruling on Plaintiff's motion with respect to her request for leave to alter the class definition. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies Plaintiff's motion.

**BACKGROUND**

Plaintiff brings this purported class action against defendant Spherion Atlantic Enterprises, LLC, sued as Spherion Pacific Workforce, LLC, ("Defendant") for alleged wage and hour violations. Plaintiff alleges that Defendant failed to provide meal period breaks and accurate wage statements as required by California Labor Code §§ 226 and 512. Plaintiff further alleges that Defendant failed to reimburse employees for work related expenses as required by California Labor Code § 2802 and failed to pay overtime wages in compliance with California Labor Code § 1194. Plaintiff brings this purported class action on behalf of

1  Defendant's current and former California employees who worked for Defendant between
2  September 27, 2003 and the present. She currently delineates the purported class with the
3  following three subclasses:
4      (1)    Class A: persons paid on an hourly basis for whom Defendant's records depict a
5              meal period not taken who did not receive compensation payment by Defendant
6              for the lack of the meal period;
7      (2)    Class B: persons for whom work duties included employee supplied vehicular
8              travel; and
9      (3)    Class C: persons paid on an hourly basis placed by Defendant with Cisco
10             Systems as recruiters.
11 (Compl., ¶ 10.)
12     Plaintiff now seeks to amend Class A into the following two subclass:
13     (1)    Subclass 1: Persons paid on an hourly basis working on a customer site for
14             whom Defendant's electronic time records depict a meal period was not taken,
15             and who did not receive a compensation payment by Defendant for the lack of a
16             meal period during that pay period; and
17     (2)    Subclass 2: Persons paid on an hourly basis working on a customer site without
18             the presence of a supervisor from Defendant for whom Defendant's time records
19             depict a meal period was not taken, and who did not receive a compensation
20             payment by Defendant for the lack of a meal period in that pay period.
21 (Mot. at 5.)
22     Defendant opposes Plaintiff's motion to amend, arguing that leave to amend should be
23 denied as futile and that her proposed subclasses are not ascertainable.

## ANALYSIS

25     Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ.
26 P. 15(a), "[w]here the legal basis for a cause of action is tenuous, futility supports the refusal to
27 grant leave to amend." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986
28 (9th Cir. 1999.) "[A] proposed amendment is futile only if no set of facts can be proved under

the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

The parties dispute whether under California law an employer is required to provide meal periods or is required to ensure that employees take meal periods. Courts that have examined this issue have held that employers are merely required to *provide* meal periods and are not strictly liable for any employee who, for whatever reason, does not take a meal break. *See e.g., Brinkley v. Public Storage, Inc.*, 167 Cal. App. 4th 1278 (2008); *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 646 (N.D. Cal. 2008); *Salazar v. Avis Budget Group, Inc.*, 251 F.R.D. 529, 533-34 (S.D. Cal. 2008); *Brown v. Federal Express Corp.*, 249 F.R.D. 580 (C.D. Cal. 2008); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007).

In *Brinkley*, the court examined the language of California Labor Code §§ 512 and 226.7 and a Industrial Welfare Commission wage order with the same applicable language as the wage order at issue here. Based on its analysis of the statutory language, the court found that "the interest protected by meal period provisions of sections 226.7 and 512 is the *right* of employees to be free of the employer's control during the meal period ... The meal period laws do not *obligate* employees to take meal period or employers to ensure that meal periods are taken." *Id*. at 1289 (emphasis in original). The court further found that the language of the wage order, which provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than thirty minutes, was consistent with the obligation to provide a meal break, rather than ensure that one is taken. *Id*.

In *Brown*, the court held that California Labor Code §§ 512 and 226.7 and the applicable wage order did not support the plaintiffs' position that the defendant was required to ensure that the plaintiffs took their meal breaks. *Brown*, 249 F.R.D. at 584-85. The court reasoned that section 226.7 states that no employer shall *require* any employee to work during any meal or rest period, which is "clearly inconsistent with Plaintiffs' position." *Id*. at 585. The court noted that both section 226.7 and section 512 require an employer to "provide" a meal period, which means to supply or make available. *Id*. The court held that the language of the wage order that "[n]o employer shall employ any person without a meal period of less than five (5) hours

3

without a meal period of not less than 30 minutes," citing 8 C.C.R. § 11090(11), is consistent with an obligation to provide a meal break, rather than ensure that employees cease working during that time. *Id.* Finally, the court relied on the language in *Murphy v. Kenneth Cole Products*, 40 Cal. 4th 1094 (2007), in which the California Supreme Court described the interest protected by the meal break provisions as "the right to be free of the employer's control during the meal period." *Brown*, 249 F.R.D. at 585 (quoting *Murphy*, 40 Cal. 4th at 1104). The Court in *Murphy* "repeatedly described [the employer's duty] as an obligation not to force employees to work through breaks." *Id.* (citing *Murphy*, 40 Cal. 4th at 1102, 1104). In determining that the California Supreme Court would not impose a rule requiring employers to ensure meal breaks are taken, the court reasoned that:

> Requiring enforcement of meal breaks would place an undue burden on employers whose employees are numerous or who ... do not appear to remain in contact with the employer during the day. ... It would also create perverse incentives, encouraging employees to violate company meal break policy in order to receive extra compensation under California wage and hour laws.

*Id.*

*Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949 (2005) does not assist Plaintiff. In *Cicairos*, the employer managed and scheduled the drivers in such a way that prevented the drivers from taking their meal periods. *Id.* at 962. Based on an opinion letter from the Department of Industrial Relations, the court held that employers haven an affirmative obligation to ensure that workers are relieved of all duty during their meal periods. *Id.* The court also noted that employers have an obligation pursuant to the wage order to record their employees' meal periods. Because the employer complied with neither obligation, based on the facts before it, the court found that the employer "failed to establish it provided the plaintiffs with their required meal periods." *Id.* at 963. As the court noted in *Brinkley* and *Starbucks*, the obligation to affirmatively ensure that the workers are relieved of all duty is consistent with the rule requiring employers to provide a meal break. *Brinkley*, 167 Cal. App. 4th at 1288; *Brown*, 249 F.R.D. at 586; *Starbucks*, 497 F. Supp. 2d at 1089.

The Court finds the reasoning of *Brinkley* and *Brown* persuasive and finds that employers have an obligation to *provide* meal breaks, but are not strictly liable for any

1  employee who fails to take a meal break, regardless of the reason.  Based on this conclusion, the
2  Court determines that both Plaintiff's current definition of Class A and her proposed subclasses
3  are overbroad.  They cover all employees who did not take a meal break, regardless of the
4  reason.   Because the Court finds that Plaintiffs' proposed subclasses are not legally viable, the
5  Court denies her motion to amend as futile.  *Lockheed Martin Corp.*, 194 F.3d at 986.[1]

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to amend.

**IT IS SO ORDERED.**

Dated: December 12, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff summarily argues, without providing any support or describing any details, that her proposed class is viable even if Defendant's obligation was only to provide a meal period.  (Suppl. Mem. at 2.)  To the extent Plaintiff may pursue a class action based on her original definition of Class A, it is not clear how it would be beneficial to Plaintiff to amend the class into the proposed subclasses based on her alternative theory that Defendant fails to provide meal periods.