IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE D. WATSON-SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SPHERION PACIFIC WORKFORCE, LLC.,<br><br>    Defendant.<br>_____ / | No. C 07-05774 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND RE CLASS DEFINITION** |

Now before the Court is the motion for leave to amend filed by plaintiff Valerie D. Watson-Smith ("Plaintiff"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 27, 2009 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants Plaintiff's motion.

**BACKGROUND**

Plaintiff brings this purported class action against defendant Spherion Atlantic Enterprises, LLC, sued as Spherion Pacific Workforce, LLC, ("Defendant") for alleged wage and hour violations. Plaintiff alleges that Defendant failed to provide meal period breaks and accurate wage statements as required by California Labor Code §§ 226 and 512. Plaintiff further alleges that Defendant failed to reimburse employees for work related expenses as required by California Labor Code § 2802 and failed to pay overtime wages in compliance with California Labor Code § 1194. Plaintiff brings this purported class action on behalf of

1  Defendant's current and former California employees who worked for Defendant between
2  September 27, 2003 and the present.  She currently delineates the purported class with the
3  following three subclasses:

4      (1)    Class A: persons paid on an hourly basis for whom Defendant's records depict a
5              meal period not taken who did not receive compensation payment by Defendant
6              for the lack of the meal period;

7      (2)    Class B: persons for whom work duties included employee supplied vehicular
8              travel; and

9      (3)    Class C: persons paid on an hourly basis placed by Defendant with Cisco
10             Systems as recruiters.

11 (Compl., ¶ 10.)

12     Plaintiff now seeks to amend Class A as follows: "persons paid on an hourly basis
13 working at a customer site without the presence of a supervisor from Defendant for whom
14 Defendant's records depict a meal period not taken who were not relieved of all duty by
15 Defendant for a meal period."  (Mot. at 6.)

16     Defendant opposes Plaintiff's motion to amend, arguing that leave to amend should be
17 denied as futile and that her proposed subclasses are not ascertainable.

18 <center>**ANALYSIS**</center>

19     Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ.
20 P. 15(a), "[w]here the legal basis for a cause of action is tenuous, futility supports the refusal to
21 grant leave to amend."  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986
22 (9th Cir. 1999.)  "[A] proposed amendment is futile only if no set of facts can be proved under
23 the amendment to the pleadings that would constitute a valid and sufficient claim or defense."
24 *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

25     In an order addressing an earlier motion by Plaintiff for leave to amend, the Court
26 clarified that, under California law, employers are merely required to *provide* meal periods and
27 are not strictly liable for any employee who, for whatever reason, does not take a meal break.
28 Based on this conclusion, the Court determined that both Plaintiff's current definition of Class

A and her proposed amendment were overbroad because they covered all employees who did not take a meal break, regardless of the reason. The Court thus denied that motion for leave to amend as futile. Plaintiff now seeks to amend her class definition to comply with the Court's order.

Defendant does not dispute that if Plaintiff were able to demonstrate that Defendant had a systematic policy or practice of not relieving its employees of all work for a meal period, the proposed class definition might be viable. To the extent Plaintiff can demonstrate that Defendants had class-wide policies or practices that precluded employees from being provided meal periods, Plaintiff's class action could potentially succeed. Therefore Court cannot find, at this procedural stage, that Plaintiff's proposed class is futile. Nor can the Court find, at this procedural stage, that the proposed class is not ascertainable. Accordingly, the Court grants Plaintiff's motion.[1]

---

[1] However, the Court cautions Plaintiff that her interpretation of *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949 (2005), appears to be too broad. Plaintif relies heavily on one sentence in *Cicairos* to support her proposed class. The court in *Cicairos* quoted this sentence, that employers "have an affirmative obligation to ensure that workers are actually relieved of all duty," from a Department of Labor Standards Enforcement ("DLSE") opinion letter. *Id*. at 962-63. Significantly, DLSE opinion letters are not binding and do not have the force of law. *Conley v. Pacific Gas & Elec.*, 131 Cal. App. 4th 260, 270-71 (2005). Moreover, the opinion letter quoted by *Cicairos* was interpreting an employer's obligation to "authorize and permit" rest periods, not an employer's obligation to provide meal periods, and itself does not discuss or analyze the applicable statute. Thus, courts have discounted the holding of *Cicairos*. *See Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586 (C.D. Cal. 2008); *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 645-46 (N.D. Cal. 2008); *Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508, 513 (N.D. Cal. 2008); *Wren v. RGIS Inventory Specialists*, 2009 WL 301819, *29 (N.D. Cal. Feb. 6, 2009).
Moreover, the holding of *Cicairos*, that employers have an affirmative obligation to ensure that workers are actually relieved of all duty during meal periods, must be examined in light of the factual context before the court. In *Cicairos*, the employer managed and scheduled the drivers in such a way that prevented the drivers from taking their meal periods. *Id*. at 962. Each truck had a computerized system on board which recorded various factors, such as speed, starts, stops, and time. *Id*. at 955. The truck drivers had to input factors manually in order to enable the computer system to accurately track their activities. *Id*. Absent a designated reason for a delay, such as road construction or heavy traffic, if a trip took longer than expected, the driver was not paid for the extra time. *Id*. at 955-56, 962. The employer did not schedule meal periods and there was no activity code to input meal periods into the computer system. *Id*. at 956. Moreover, the truck drivers were pressured to make more than one trip daily, and thus felt that they should not stop for lunch. *Id*. at 962. Therefore, the employer's policies and practices affirmatively discouraged employees from taking their meal periods. It is not clear whether the argument Plaintiff asserts, that, in essence, Defendant is too passive in ensuring that meal periods are provided, even if supported by evidence, would satisfy the standard set forth in *Cicairos*.

3

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to amend.

**IT IS SO ORDERED.**

Dated: February 20, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4